1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| DARRON McGLOTHIN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>CTI BIOPHARMA CORP.,<br>JAMES A. BIANCO, and<br>LOUIS A. BIANCO,<br><br>                    Defendants. | No. C16-216<br><br>**COMPLAINT — CLASS ACTION — FOR VIOLATION OF FEDERAL SECURITIES LAWS**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Darron McGlothin ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by CTI BioPharma Corp. ("CTI BioPharma" or the "Company"), with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by CTI BioPharma; and (c) review of other publicly available information concerning CTI BioPharma.

COMPLAINT — CLASS ACTION
No. C16-216

- 1 -

## NATURE OF THE ACTION AND OVERVIEW

1.     This is a class action on behalf of persons or entities who purchased or otherwise acquired CTI BioPharma securities: (1) pursuant and/or traceable to the Company's Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's public offering on or about September 24, 2015 (the "Offering"); and/or (2) between March 4, 2014 and February 9, 2016, inclusive (the "Class Period"). Plaintiff seeks to pursue remedies under the Securities Act of 1933 (the "Securities Act") and under the Securities Exchange Act of 1934 (the "Exchange Act").

2.     CTI BioPharma is a biopharmaceutical company which provides medical research services, and develops clinical treatment and drugs for various cancers. One of the Company's most advanced pipeline products was pacritinib, a treatment for myleofibrosis.

3.     On September 24, 2015, CTI BioPharma priced an offering of 10,000,000 shares, at a price of $1.57 per share.

4.     On February 8, 2016, CTI BioPharma issued a press release announcing that a partial clinical hold has been placed on pacritinib by the U.S. Food and Drug administration ("FDA"). Under the FDA's clinical hold, the Company, "may not enroll new patients or start pacritinib as an initial or crossover treatment, and (ii) patients on pacritinib not deriving benefit after 30-weeks of pacritinib treatment should stop pacritinib." The Company further disclosed that, "[i]n its written notification, the FDA cited the reasons for the partial clinical hold were that it identified the following fatal and life-threatening safety issues in pacritinib-treated patients: heart failure, hemorrhage including intracranial hemorrhage, and arrhythmias including sudden death, and the FDA has also noted excess mortality in pacritinib-treated patients compared to the control arm in the PERSIST-1 clinical trial evaluating pacritinib."

5.     On this news, shares of CTI BioPharma declined $0.68 per share, or over 60% to

COMPLAINT — CLASS ACTION
No. C16-216

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

close at $0.44 on February 8, 2016, on unusually heavy volume.

6.     On February 9, 2016, the Company issued a press release announcing that the FDA had placed a full clinical hold on pacritinib. The Company stated in relevant part:

> On February 8, 2016, the U.S. Food and Drug Administration (the "FDA") notified the Company that a full clinical hold has been placed on pacritinib (IND 078406), the Company's investigational oral kinase inhibitor with specificity for JAK2, FLT3, IRAK1 and CSF1R. A full clinical hold is a suspension of the clinical work requested under an investigational new drug application. Under the full clinical hold, all patients currently on pacritinib must discontinue pacritinib immediately, and the Company may not enroll any new patients or start pacritinib as initial or crossover treatment. In its written notification, the FDA noted interim overall survival results from PERSIST-2 showing a detrimental effect on survival consistent with the results from PERSIST-1, and that deaths in PERSIST-2 in pacritinib-treated patients include intracranial hemorrhage, cardiac failure and cardiac arrest.

> The FDA made recommendations that supersede the recommendations made by the FDA in connection with the partial clinical hold imposed by the FDA on February 4, 2016. The current recommendations include conducting Phase 1 clinical trials for dose exploration of pacritinib in patients with myelofibrosis, submitting final study reports and datasets for PERSIST-1 and PERSIST-2, providing certain notifications, revising relevant statements in the related Investigator's Brochure and informed consent documents and making certain modifications to protocols. In addition, the FDA recommended that the Company request a meeting prior to submitting a response to full clinical hold.

> The Company has withdrawn its previously submitted new drug application for pacritinib until the Company has had a chance to evaluate appropriate steps for pacritinib. All clinical investigators worldwide have been delivered a notice of the full clinical hold.

7.     On this news the Company's shares fell over 40% during intraday trading on February 10, 2016, on unusually heavy volume of over 15 million shares.

8.     Throughout the Class Period, Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements

COMPLAINT — CLASS ACTION
No. C16-216

- 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

and/or failed to disclose: (1) that pacritinib was attributed as a potential cause in the death and injuries of several patients; (2) that the Company's clinical trials showed the dangers of pacritinib usage; (3) that the Company's new drug application for pacritinib would likely be withdrawn; (4) that, as such, the Company's future revenues were impaired; (5) that the company lacked adequate internal controls; and (6) that, as a result of the foregoing, the Company's financial statements and Defendants' statements about CTI BioPharma's business, operations, and prospects, were materially false and misleading at all relevant times.

9.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

10.     The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o), and Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, Section 22 of the Securities Act (15 U.S.C. § 77v), and Section 27 of the Exchange Act (15 U.S.C. §78aa).

12.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b) and Section 27 of the Exchange Act (15 U.S.C. §78aa(c)). A significant portion of Defendants' actions, and the subsequent damages, took place in this Judicial District. Additionally, CTI BioPharma shares traded within this Judicial District.

13.     In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the

COMPLAINT — CLASS ACTION
No. C16-216

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## **PARTIES**

14.     Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased CTI BioPharma shares during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

15.     Defendant CTI BioPharma is a Washington company with offices and operations in London, United Kingdom, and Milan, Italy.

16.     Defendant James A. Bianco was, at all relevant times, President and Chief Executive Officer ("CEO") of CTI BioPharma. Bianco also signed or authorized the signing of the Company's Registration Statement as CEO.

17.     Defendant Louis A. Bianco was, at all relevant times, Executive Vice President of Finance and Administration as well as a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18.     Defendant Bruce J. Seeley ("Seeley") was, at all relevant times, Executive Vice President and Chief Commercial Officer of CTI BioPharma.

19.     Defendant Jack W. Singer ("Singer") was, at all relevant times, Executive Vice President and Chief Scientific Officer of CTI BioPharma.

20.     Defendant Phillip M. Nudelman ("Nudelman ") was a director and Chairman of CTI BioPharma, and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

21.     Defendant John H. Bauer ("Bauer") was a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

22.     Defendant Karen Ignagni ("Ignagni") was a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

23.     Defendant Richard L. Love ("Love") was a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

24.     Defendant Mary O. Mundinger ("Mundinger") was a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

25.     Defendant Frederick W. Telling ("Telling") was a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

26.     Defendant Reed V. Tuckson ("Tuckson") was a director of CTI BioPharma and signed or authorized the signing of the Company's Registration Statement filed with the SEC.

27.     Defendants James A. Bianco, Louis A. Bianco, Seeley, and Singer are collectively referred to hereinafter as the "Individual Defendants." The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of CTI BioPharma's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, i.e., the market. Each defendant was provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, each of these defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Individual Defendants.

28.     Defendants James A. Bianco, Louis A. Bianco, Seeley, Singer, Nudelman, Louis Bianco, Bauer, Ignagni, Love, Mundinger, Telling and Tuckson are collectively referred to hereinafter as the "Section 11 Individual Defendants."

29.     The Company and the Section 11 Individual Defendants are collectively referred to hereinafter as the "Section 11 Defendants."

### SUBSTANTIVE ALLEGATIONS

### Background

30.     CTI BioPharma is a biopharmaceutical company which provides medical research services, and develops clinical treatment and drugs for various cancers. One of the Company's most advanced pipeline products was pacritinib, a treatment for myleofibrosis.

31.     On September 24, 2015, CTI BioPharma priced an offering of 10,000,000 shares, at a price of $1.57 per share.

### Materially False and Misleading Statements

### Issued During the Class Period

32.     The Class Period begins on March 3, 2014. On this day the Company issued a press release, also filed with the SEC, announcing, the initiation of a Phase 3 clinical trial known as PERSIST-2 for the evaluation of pacritinib. The Company stated in relevant part:

> PERSIST-2, [ ] will evaluate pacritinib, a novel, investigational JAK2/FLT3 inhibitor, in patients with myelofibrosis whose platelet counts are less than or equal to 100,000 per microliter (uL). The trial is expected to enroll up to 300 patients in North America, Europe, Australia and New Zealand within 12 to 14 months. In October 2013, CTI reached agreement with the U.S. Food and Drug Administration (FDA) on a Special Protocol Assessment (SPA) for the PERSIST-2 trial, which is a written agreement between CTI and the FDA regarding the planned design, endpoints and statistical analysis approach of the trial to be used in support of a potential New Drug Application, or NDA, submission. PERSIST-2 is the second of two planned Phase 3 trials in the pacritinib development

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

program for myelofibrosis.

"JAK2 inhibitors have revolutionized the treatment of myelofibrosis by providing patients with an effective way to manage their disease," said Srdan Verstovsek, MD, PhD, principal investigator of PERSIST-2 and Professor, Leukemia Department, Division of Cancer Medicine, Chief, Section for Myeloproliferative Neoplasms, Leukemia Department, and Director, Clinical Research Center for MPNs, at The University of Texas MD Anderson Cancer Center. "However, I believe there remains a significant unmet medical need for new therapies, particularly for patients who present with or develop thrombocytopenia while on treatment. We are pleased to have the PERSIST-2 trial underway to evaluate the ability of pacritinib to address this issue."

33.    On March 4, 2014, CTI BioPharma filed its Annual Report with the SEC on Form 10-K for the year ended December 31, 2013. The Form 10-K also contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis Bianco, who certified:

1.    I have reviewed this annual report on Form 10-K of Cell Therapeutics, Inc.;

2.    Based on my knowledge, this report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this report;

3.    Based on my knowledge, the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this report;

4.    The registrant's other certifying officer(s) and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:

a)    Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision; to ensure that material information relating to the registrant, including its consolidated subsidiaries is made known to us by others within those entities, particularly during the period in which this report is being prepared;

b)    Designed such internal control over financial reporting, or caused such internal control over financial reporting to be designed under our

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles;

c) Evaluated the effectiveness of the registrant's disclosure controls and procedures and presented in this report our conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by this report based on such evaluation; and

d) Disclosed in this report any change in the registrant's internal control over financial reporting that occurred during the registrant's most recent fiscal quarter (the registrant's fourth fiscal quarter in the case of an annual report) that has materially affected, or is reasonably likely to materially affect, the registrant's internal control over financial reporting.

5. The registrant's other certifying officers and I have disclosed, based on our most recent evaluation of internal control over financial reporting, to the registrant's independent registered public accounting firm and the audit committee of the registrant's board of directors (or persons performing the equivalent functions):

a) All significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information; and

b) Any fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal control over financial reporting.

34.  The Form 10-K filed on March 4, 2014, also reported the following regarding the clinical trials for testing of pacritinib:

In January 2013, we initiated clinical trial sites and began enrolling patients with myelofibrosis in a Phase 3 clinical trial known as the PERSIST-1, or PAC325, trial. PERSIST-1 is a multicenter, open-label, randomized, controlled Phase 3 trial evaluating the efficacy and safety of pacritinib with that of best available therapy in patients with primary myelofibrosis. A total of approximately 320 eligible patients are expected to be randomized 2:1 to receive either pacritinib 400 mg taken orally once daily or the best available therapy. Best available therapy includes any physician-selected treatment other than JAK inhibitors, and there is no exclusion by patient platelet count.

COMPLAINT — CLASS ACTION
No. C16-216

- 9 -

The primary endpoint of the PERSIST-1 trial is the percentage of patients achieving a 35 percent or greater reduction in spleen volume from baseline to Week 24 as measured by MRI or computed tomography, or CT, scan. The secondary endpoint is the percentage of patients achieving a 50 percent or greater reduction in Total Symptom Score, or TSS, from baseline to 24 weeks as measured by tracking specific symptoms on a form. At the time of initiation of the trial, PERSIST-1 utilized the original Myeloproliferative Neoplasm Symptom Assessment (MPN-SAF TSS) instrument, to measure TSS reduction. However, we have substantially concluded the process of amending the PERSIST-1 trial protocol to replace the original MPN-SAF TSS instrument with a new instrument, known as the MPN-SAF TSS 2.0, which is also being used for recording patient-reported outcomes for the PERSIST-2 trial detailed below. In connection with this amendment, we expect that enrollment in PERSIST-1 will be increased from 270 to approximately 320 patients. The trial is currently enrolling patients at clinical sites in Europe, Australia, New Zealand, Russia and the U.S. More details on the PERSIST-1 trial can be found at www.clinicaltrials.gov. We anticipate reporting topline data for PERSIST-1 in the second half of 2014.

In March 2014, we opened clinical trial sites for enrollment of patients with myelofibrosis in the second Phase 3 clinical trial known as the PERSIST-2, or PAC326, trial. PERSIST-2 is a multi-center, open-label randomized, controlled clinical trial evaluating pacritinib in up to 300 patients with myelofibrosis whose platelet counts are less than or equal to $100,000/\mu L$. The trial will evaluate pacritinib as compared to best available therapy, including approved JAK2 inhibitors that are dosed according to the product label for myelofibrosis patients with thrombocytopenia.

35.   On April 29, 2014, the Company filed its Quarterly Report with the SEC on Form 10-Q for the period ending March 31, 2014. The Company's Form 10-Q was signed by Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above. Regarding the PERSIST clinical trials the Company stated in relevant part:

Our lead development candidate, pacritinib, is an oral inhibitor of both Janus Kinase 2, or JAK2, and FMS-like tyrosine kinase (FLT3), which demonstrated meaningful clinical benefit and good tolerability in myelofibrosis patients in Phase 2 clinical trials.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Myelofibrosis is a blood-related cancer caused by the accumulation of malignant bone marrow cells that triggers an inflammatory response, scarring the bone marrow and limiting its ability to produce red blood cells prompting the spleen and liver to take over this function. Symptoms that arise from this disease include enlargement of the spleen, anemia, extreme fatigue, itching and pain. We believe pacritinib may offer an advantage over other JAK inhibitors through effective relief of symptoms with less treatment-emergent thrombocytopenia and anemia.

In collaboration with Baxter International, Inc., or Baxter, pursuant to our worldwide license agreement to develop and commercialize pacritinib, or the Baxter Agreement, we are pursuing a broad approach to advancing pacritinib for patients with myelofibrosis by conducting two Phase 3 clinical trials: one in a broad set of patients without limitations on blood platelet counts, the PERSIST-1 trial, which was initiated in January 2013; and the other in patients with low platelet counts, the PERSIST-2 trial, which opened for enrollment in March 2014. In October 2013, we reached an agreement with the U.S. Food and Drug Administration, or FDA, on a Special Protocol Assessment for PERSIST-2. The trial, together with PERSIST-1, is intended to support registration in the U.S. and the E.U. For additional information on this agreement, please see the discussion in Part I, Item 2, "License Agreements and Additional Milestone Activities – Baxter."

36.     On August 4, 2014, the Company filed its Quarterly Report with the SEC on Form 10-Q for the period ending June 30, 2014. The Company's Form 10-Q was signed by Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above. Regarding the PERSIST clinical trials, the Company stated in its quarterly report, that, "[w]e believe pacritinib may offer an advantage over other JAK inhibitors through effective relief of symptoms with less treatment-emergent thrombocytopenia and anemia," and "[i]n August 2014, we received a $20 million development milestone payment under the Baxter Agreement following completion of enrollment in PERSIST-1."

37.     On October 30, 2014, the Company filed its Quarterly Report with the SEC on Form 10-Q for the period ending September 30, 2014. The Company's Form 10-Q was signed by

COMPLAINT — CLASS ACTION
No. C16-216

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above. Regarding the PERSIST clinical trials, the Company stated in its quarterly report in relevant part:

> In October 2013, we reached an agreement with the U.S. Food and Drug Administration, or FDA, on a Special Protocol Assessment for PERSIST-2, which is actively enrolling patients. The two clinical trials are intended to support a New Drug Application, or NDA, planned regulatory submission in the U.S. in late 2015, followed by a planned Marketing Authorization Application submission in Europe in 2016. In August 2014, pacritinib was granted Fast Track designation by the FDA for the treatment of intermediate and high risk myelofibrosis, including but not limited to patients with disease-related thrombocytopenia, patients experiencing treatment-emergent thrombocytopenia on other JAK2 therapy or patients who are intolerant of, or whose symptoms are sub-optimally managed on, other JAK2 therapy. The FDA's Fast Track process is designed to facilitate the development and expedite the review of drugs to treat serious conditions and fill an unmet medical need.

38. On March 12, 2015, the Company filed its Annual Report with the SEC on Form 10-K for the period ending December 31, 2014. The Company's Form 10-K was signed by Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above. Regarding the PERSIST clinical trials, the Company stated in its annual report in relevant part:

> In August 2014, pacritinib was granted Fast Track designation by the FDA for the treatment of intermediate and high risk myelofibrosis, including, but not limited, to patients with disease-related thrombocytopenia, patients experiencing treatment-emergent thrombocytopenia on other JAK2 therapy or patients who are intolerant of, or whose symptoms are sub-optimally managed on, other JAK2 therapy. The FDA's Fast Track process is designed to facilitate the development and expedite the review of drugs to treat serious conditions and fill an unmet medical need. The PERSIST-1 and PERSIST-2 clinical trials are intended to support a potential regulatory submission to the FDA or the European

COMPLAINT — CLASS ACTION
No. C16-216

- 12 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Medicines Agency, or the EMA.

In March 2015, we reported top-line results for the primary endpoint from PERSIST-1 for the treatment of adult patients with myelofibrosis. The primary endpoint of the trial was the proportion of patients achieving a 35 percent or greater reduction in spleen volume from baseline to Week 24 as measured by magnetic resonance imaging, or MRI, or computerized tomography, or CT, when compared with physician-specified best available therapy, excluding treatment with JAK2 inhibitors. The trial met its primary endpoint in the intent-to-treat population with statistically significant activity observed in patients irrespective of their initial platelet count, including patients with very low platelet counts at study entry. For additional information concerning the top-line results, see Part I, Item 1, "Business—Development Candidates—Pacritinib—Development in Myelofibrosis".

\*\*\*

The safety profile in the trial was consistent with prior Phase 2 trials. While the most common treatment emergent adverse events were diarrhea, nausea and vomiting, the incidence of grade 3 events was lower than observed in Phase 2 trials. No grade 4 gastrointestinal adverse events were reported. Three patients discontinued therapy and nine patients required dose reduction for diarrhea. Preliminary analysis suggests that very few patients discontinued treatment while on pacritinib or required a dose reduction due to treatment-related anemia or thrombocytopenia. Additional data from ongoing analyses along with top-line results from PERSIST-1 will be submitted for presentation at a scientific meeting.

Our ongoing PERSIST-2 trial is a multi-center, open-label, randomized, controlled Phase 3 trial evaluating pacritinib in up to 300 patients with myelofibrosis whose platelet counts are less than or equal to 100,000 per microlitre. This ongoing study is evaluating pacritinib as compared to best available therapy, including the approved JAK1/JAK2 inhibitor dosed according to the product label for myelofibrosis patients with thrombocytopenia. Patients are being randomized (1:1:1) to receive 200 mg pacritinib twice daily, 400 mg pacritinib once daily or best available therapy.

In October 2013, we reached an agreement with the FDA on a SPA for the PERSIST-2 trial regarding the planned design, endpoints and statistical analysis approach of the trial to be used in support of a potential regulatory submission. Under the SPA, the agreed upon co-primary endpoints are the percentage of patients achieving a 35 percent or greater reduction in spleen volume measured by MRI or

COMPLAINT — CLASS ACTION
No. C16-216

- 13 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

CT scan from baseline to week 24 of treatment and the percentage of patients achieving a TSS reduction of 50 percent or greater using eight key symptoms as measured by the modified MPN-SAF TSS 2.0 diary from baseline to week 24.

39.     On May 6, 2015, the Company filed its Quarterly Report with the SEC on Form 10-Q for the period ending March 31, 2015. The Company's Form 10-Q was signed by Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above.

40.     Also, on May 6, 2015, the Company issued a press release, filed with the SEC, disclosing its quarterly results and providing the following guidance regarding the PERSIST clinical trials:

> "After reporting positive top-line results from the PERSIST-1 Phase 3 clinical trial of pacritinib during the quarter, we have subsequently received positive feedback from a number of treating physicians who are excited by the potential opportunity for pacritinib to meet a current unmet medical need in the treatment of patients with myelofibrosis, specifically in the portion of patients that have low-blood platelets as a result of their disease or other treatment," said James A. Bianco, M.D., CTI BioPharma's President and CEO. "We look forward to the oral presentation of data from this trial at ASCO and remain focused on completing the second pacritinib Phase 3 trial, PERSIST-2, in the second-half of this year and, with our partner Baxter, starting a planned regulatory submission late in 2015."

41.     On August 6, 2015, the Company filed its Quarterly Report with the SEC on Form 10-Q for the period ending June 30, 2015. The Company's Form 10-Q was signed by Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above.

42.     Also, on August 6, 2015, the Company issued a press release, filed with the SEC, disclosing its quarterly results and providing the following guidance regarding the PERSIST

COMPLAINT — CLASS ACTION
No. C16-216

- 14 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

clinical trials:

> "The significant interest from the oncology community generated by the Phase 3 PERSIST-1 clinical data, presented at the ASCO and EHA conferences, supports our belief that there remains a significant unmet medical need for patients with myelofibrosis and that pacritinib may play an important role in addressing the current treatment gaps for this disease," said James A. Bianco, M.D., CTI BioPharma's President and CEO. "Armed with these positive data from the PERSIST-1 trial, our efforts are now directed toward exploring potential regulatory pathways in the U.S., while our partner Baxalta expects to submit a marketing application in Europe before the end of the year. Concurrently, we remain committed to completing the second pacritinib Phase 3 trial, PERSIST-2, and to continuing investigation into the potential for pacritinib in other blood-related cancers outside of myelofibrosis."

**Second Quarter 2015 and Recent Highlights**

Clinical:

- In May, data from the PERSIST-1 Phase 3 clinical trial of pacritinib for the treatment of patients with myelofibrosis showed that, compared to best available therapy (exclusive of a JAK inhibitor), or BAT, pacritinib therapy resulted in a significantly higher proportion of patients with spleen volume reduction and control of disease-related symptoms. Treatment with pacritinib resulted in improvements in severe thrombocytopenia and severe anemia, eliminating the need for blood transfusions in a quarter of patients who were transfusion dependent at the time of enrollment. Gastrointestinal symptoms were the most common adverse events and typically lasted for approximately one week. A limited number of patients discontinued treatment due to side effects. There were no Grade 4 gastrointestinal events reported. These results were presented in a late-breaking oral session at the 51st Annual Meeting of the American Society of Clinical Oncology.

- In June, results from PERSIST-1 patient-reported outcome (PRO) and other quality of life measures presented at a late-breaking oral session at the 20th Congress of the European Hematology Association (EHA) showed significant improvements in symptom score with pacritinib therapy compared to BAT across the symptoms reported in the presentation.

- In June, data from an investigator-sponsored Phase 2 trial of tosedostat in elderly patients with either primary acute myeloid

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

leukemia (AML), or AML that has evolved from myelodysplastic syndrome (MDS) showed that the combination of tosedostat with low-dose cytarabine/Ara-C (LDAC) resulted in an overall response rate of 54 percent in elderly patients with AML, with 45 percent of patients achieving durable complete responses. These findings were also presented at the EHA congress.

43.     On September 24, 2015, the Company filed with the SEC its Prospectus Supplement pursuant to Rule 424(b)(5) to complete the offering of 10,000,000 shares of common stock offered in connection with a Registration Statement previously filed with the SEC. Under applicable SEC rules and regulations, the Registration Statement was required to disclose known trends, events or uncertainties that were having, and were reasonably likely to have, an impact on the Company's continuing operations.

44.     With respect to the PERSIST clinical trials and the future prospects of pacritinib, the Registration Statement, in relevant part, stated:

**Planned NDA Submission for Pacritinib**

On September 23, 2015, we announced our plan to submit an NDA to the FDA following a productive pre-NDA meeting for pacritinib. We expect to submit the NDA in the fourth quarter of 2015 and to request accelerated approval for the treatment of patients with intermediate and high-risk myelofibrosis with low platelet counts of less than 50,000 per microliter (<50,000/uL). The NDA will be based primarily on data from the PERSIST-1 Phase 3 trial —as well as data from Phase 1 and 2 studies of pacritinib—and additional information requested by the FDA, including a separate study report and datasets for the specific patient population with low platelet counts of less than 50,000 per microliter (<50,000/uL) for whom there are no approved drugs. Submission of an NDA after a single Phase 3 trial under accelerated approval, instead of waiting to complete two Phase 3 trials, could potentially reduce time to market by up to 14 months.

45.     On November 5, 2015, the Company filed its Quarterly Report with the SEC on Form 10-Q for the period ending September 30, 2015. The Company's Form 10-Q was signed by Defendants James A. Bianco and Louis A. Bianco and contained required Sarbanes-Oxley

COMPLAINT — CLASS ACTION
No. C16-216

- 16 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

certifications, signed by Defendants James A. Bianco and Louis A. Bianco, substantially similar to those contained in ¶33 above.

46.    Also, on November 5, 2015, the Company issued a press release, filed with the SEC, disclosing its quarterly results and providing the following guidance regarding the PERSIST clinical trials:

> *"We are focused on preparing our NDA submission for pacritinib and are on track to submit our application to the FDA this quarter," said James A. Bianco, M.D., CTI BioPharma's President and CEO. "We also remain committed to completing the second Phase 3 trial of pacritinib, PERSIST-2, which we believe could serve as a post-approval confirmatory trial in the event our NDA application is accepted and approved under accelerated approval. Additionally, we look forward to upcoming data presentations of pacritinib and tosedostat studies at the ASH Annual Meeting in December."*
>
> **Third Quarter 2015 and Recent Highlights**
>
> In September 2015, announced plans to submit a new drug application (NDA) to the U.S. Food and Drug Administration (FDA) with partner Baxalta Inc. for pacritinib, an investigational oral kinase inhibitor with specificity for JAK2, FLT3, IRAK1 and CSF1R for the treatment of patients with myelofibrosis, in the fourth quarter of 2015 and to request accelerated approval for the treatment of patients with intermediate and high-risk myelofibrosis with low platelet counts of less than 50,000 per microliter (<50,000/uL) for whom there are no approved drugs. Priority review of the application will be requested at the time of NDA submission.
>
> In September 2015, completed registered direct offering resulting in net proceeds of approximately $15.1 million and in October 2015, completed underwritten public offering resulting in net proceeds of approximately $46.5 million.
>
> In November 2015, announced the upcoming presentations of data highlighting pacritinib and tosedostat at the 57th American Society of Hematology Annual Meeting (ASH) to be held December 5-8, 2015, in Orlando, FL.

47.    The above statements contained in ¶¶32-46 were materially false and/or misleading when made because Defendants failed to disclose: (1) that pacritinib was attributed as

COMPLAINT — CLASS ACTION
No. C16-216

- 17 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

a potential cause in the death and injuries of several patients; (2) that the Company's clinical trials showed the dangers of pacritinib usage; (3) that the Company's new drug application for pacritinib would likely be withdrawn; (4) that, as such, the Company's future revenues were impaired; (5) that the company lacked adequate internal controls; and (6) that, as a result of the foregoing, the Company's financial statements and Defendants' statements about CTI BioPharma's business, operations, and prospects, were materially false and misleading at all relevant times.

### Disclosures at the End of the Class Period

48.     On February 8, 2016, CTI BioPharma issued a press release announcing that a partial clinical hold has been placed on pacritinib by the U.S. Food and Drug administration ("FDA"). Under the FDA's clinical hold, the Company, "may not enroll new patients or start pacritinib as an initial or crossover treatment, and (ii) patients on pacritinib not deriving benefit after 30-weeks of pacritinib treatment should stop pacritinib." The Company further disclosed that, "[i]n its written notification, the FDA cited the reasons for the partial clinical hold were that it identified the following fatal and life-threatening safety issues in pacritinib-treated patients: heart failure, hemorrhage including intracranial hemorrhage, and arrhythmias including sudden death, and the FDA has also noted excess mortality in pacritinib-treated patients compared to the control arm in the PERSIST-1 clinical trial evaluating pacritinib."

49.     On this news, shares of CTI BioPharma declined $0.68 per share, or over 60% to close at $0.44 on February 8, 2016, on unusually heavy volume.

50.     On February 9, 2016, the Company issued a press release announcing that the FDA had placed a full clinical hold on pacritinib. The Company stated in relevant part:

> On February 8, 2016, the U.S. Food and Drug Administration (the "FDA") notified the Company that a full clinical hold has been placed on pacritinib (IND 078406), the Company's investigational oral kinase inhibitor with specificity for JAK2, FLT3, IRAK1 and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

CSF1R. A full clinical hold is a suspension of the clinical work requested under an investigational new drug application. Under the full clinical hold, all patients currently on pacritinib must discontinue pacritinib immediately, and the Company may not enroll any new patients or start pacritinib as initial or crossover treatment. In its written notification, the FDA noted interim overall survival results from PERSIST-2 showing a detrimental effect on survival consistent with the results from PERSIST-1, and that deaths in PERSIST-2 in pacritinib-treated patients include intracranial hemorrhage, cardiac failure and cardiac arrest.

The FDA made recommendations that supersede the recommendations made by the FDA in connection with the partial clinical hold imposed by the FDA on February 4, 2016. The current recommendations include conducting Phase 1 clinical trials for dose exploration of pacritinib in patients with myelofibrosis, submitting final study reports and datasets for PERSIST-1 and PERSIST-2, providing certain notifications, revising relevant statements in the related Investigator's Brochure and informed consent documents and making certain modifications to protocols. In addition, the FDA recommended that the Company request a meeting prior to submitting a response to full clinical hold.

The Company has withdrawn its previously submitted new drug application for pacritinib until the Company has had a chance to evaluate appropriate steps for pacritinib. All clinical investigators worldwide have been delivered a notice of the full clinical hold.

51.     On this news the Company's shares fell over 40% during intraday trading on February 10, 2016, on unusually heavy volume of over 15 million shares.

## CLASS ACTION ALLEGATIONS

52.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all those who purchased or otherwise acquired CTI BioPharma securities: (1) pursuant and/or traceable to the Company's Registration Statement and Prospectus issued in connection with the Company's public offering on or about September 24, 2015; and/or (2) between March 4, 2014 and February 9, 2016, inclusive. Plaintiff seeks to pursue remedies under the Securities Act and under the Exchange Act. Excluded from the Class are Defendants, the officers and directors of the Company, at all

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1  relevant times, members of their immediate families and their legal representatives, heirs,

2  successors or assigns and any entity in which Defendants have or had a controlling interest.

3      53.    The members of the Class are so numerous that joinder of all members is

4  impracticable. Throughout the Class Period, CTI BioPharma's securities were actively traded on

5  the Nasdaq Stock Market (the "NASDAQ"). While the exact number of Class members is

6  unknown to Plaintiff at this time and can only be ascertained through appropriate discovery,

7  Plaintiff believes that there are hundreds or thousands of members in the proposed Class.

8  Millions of CTI BioPharma shares were traded publicly during the Class Period on the

9  NASDAQ. Record owners and other members of the Class may be identified from records

10  maintained by CTI BioPharma or its transfer agent and may be notified of the pendency of this

11  action by mail, using the form of notice similar to that customarily used in securities class

12  actions.

13      54.    Plaintiff' claims are typical of the claims of the members of the Class as all

14  members of the Class are similarly affected by Defendants' wrongful conduct in violation of

15  federal law that is complained of herein.

16      55.    Plaintiff will fairly and adequately protect the interests of the members of the

17  Class and has retained counsel competent and experienced in class and securities litigation.

18      56.    Common questions of law and fact exist as to all members of the Class and

19  predominate over any questions solely affecting individual members of the Class. Among the

20  questions of law and fact common to the Class are:

21          (a)    whether the federal securities laws were violated by Defendants' acts as

22  alleged herein;

23          (b)    whether statements made by Defendants to the investing public during the

24  Class Period omitted and/or misrepresented material facts about the business, operations, and

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1    prospects of CTI BioPharma; and

2              (c)    whether the members of the Class have sustained damages and, if so, what

3    is the proper measure of damages.

4         57.    A class action is superior to all other available methods for the fair and efficient

5    adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

6    the damages suffered by individual Class members may be relatively small, the expense and

7    burden of individual litigation makes it impossible for members of the Class to individually

8    redress the wrongs done to them. There will be no difficulty in the management of this action as

9    a class action.

10                       **UNDISCLOSED ADVERSE FACTS**

11        58.    The market for CTI BioPharma's securities was open, well-developed and

12   efficient at all relevant times. As a result of these materially false and/or misleading statements,

13   and/or failures to disclose, CTI BioPharma's securities traded at artificially inflated prices during

14   the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired CTI

15   BioPharma's securities relying upon the integrity of the market price of the Company's securities

16   and market information relating to CTI BioPharma, and have been damaged thereby.

17        59.    During the Class Period, Defendants materially misled the investing public,

18   thereby inflating the price of CTI BioPharma's securities, by publicly issuing false and/or

19   misleading statements and/or omitting to disclose material facts necessary to make Defendants'

20   statements, as set forth herein, not false and/or misleading. Said statements and omissions were

21   materially false and/or misleading in that they failed to disclose material adverse information

22   and/or misrepresented the truth about CTI BioPharma's business, operations, and prospects as

23   alleged herein.

24        60.    At all relevant times, the material misrepresentations and omissions particularized

COMPLAINT — CLASS ACTION
No. C16-216                                    - 21 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about CTI BioPharma's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## LOSS CAUSATION

61.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

62.     During the Class Period, Plaintiff and the Class purchased CTI BioPharma's securities at artificially inflated prices and were damaged thereby. The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

63.     As alleged herein, Defendants acted with scienter in that Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the

COMPLAINT — CLASS ACTION
No. C16-216

- 22 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

federal securities laws. As set forth elsewhere herein in detail, Defendants, by virtue of their receipt of information reflecting the true facts regarding CTI BioPharma, his/her control over, and/or receipt and/or modification of CTI BioPharma's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning CTI BioPharma, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE

## (FRAUD-ON-THE-MARKET DOCTRINE)

64.    The market for CTI BioPharma's securities was open, well-developed and efficient at all relevant times. As a result of the materially false and/or misleading statements and/or failures to disclose, CTI BioPharma's securities traded at artificially inflated prices during the Class Period. On March 12, 2014, the Company's shares closed at a Class Period high of $4.10 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of CTI BioPharma's securities and market information relating to CTI BioPharma, and have been damaged thereby.

65.    During the Class Period, the artificial inflation of CTI BioPharma's share price was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about CTI BioPharma's business, prospects, and operations. These material misstatements and/or omissions created an unrealistically positive assessment of CTI BioPharma and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company's shares. Defendants' materially false and/or misleading statements

COMPLAINT — CLASS ACTION
No. C16-216
- 23 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

66.    At all relevant times, the market for CTI BioPharma's securities was an efficient market for the following reasons, among others:

(a)    CTI BioPharma ordinary shares met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)    As a regulated issuer, CTI BioPharma filed periodic public reports with the SEC and/or the NASDAQ;

(c)    CTI BioPharma regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)    CTI BioPharma was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms. Each of these reports was publicly available and entered the public marketplace.

67.    As a result of the foregoing, the market for CTI BioPharma's securities promptly digested current information regarding CTI BioPharma from all publicly available sources and reflected such information in CTI BioPharma's share price. Under these circumstances, all purchasers of CTI BioPharma's securities during the Class Period suffered similar injury through their purchase of CTI BioPharma's securities at artificially inflated prices and a presumption of reliance applies.

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**NO SAFE HARBOR**

68.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of CTI BioPharma who knew that the statement was false when made.

**FIRST CLAIM**

**Violation of Section 11 of The Securities Act**

**(Against the Section 11 Defendants)**

69.     Plaintiff repeat and realleges each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

70.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class, against the Section 11 Defendants.

71.     The Registration Statement for the Offering was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

72.    CTI BioPharma is the registrant for the Offering. The Section 11 Defendants named herein were responsible for the contents and dissemination of the Registration Statement.

73.    As issuer of the shares, CTI BioPharma is strictly liable to Plaintiff and the Class for the misstatements and omissions.

74.    None of the Section 11 Defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading.

75.    By reasons of the conduct herein alleged, each Section 11 Defendant violated, and/or controlled a person who violated Section 11 of the Securities Act.

76.    Plaintiff acquired CTI BioPharma shares pursuant and/or traceable to the Registration Statement for the Offering.

77.    Plaintiff and the Class have sustained damages. The value of CTI BioPharma ordinary shares has declined substantially subsequent to and due to the Section 11 Defendants' violations.

## SECOND CLAIM

### Violation of Section 15 of The Securities Act

### (Against the Section 11 Individual Defendants)

78.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein, except any allegation of fraud, recklessness or intentional misconduct.

79.    This count is asserted against the Section 11 Individual Defendants and is based upon Section 15 of the Securities Act.

80.    The Section 11 Individual Defendants, by virtue of their offices, directorship, and specific acts were, at the time of the wrongs alleged herein and as set forth herein, controlling persons of CTI BioPharma within the meaning of Section 15 of the Securities Act. The Section

COMPLAINT — CLASS ACTION
No. C16-216
- 26 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

1   11 Individual Defendants had the power and influence and exercised the same to cause CTI

2   BioPharma to engage in the acts described herein.

3       81.    The Section 11 Individual Defendants' positions made them privy to and provided

4   them with actual knowledge of the material facts concealed from Plaintiff and the Class.

5       82.    By virtue of the conduct alleged herein, the Section 11 Individual Defendants are

6   liable for the aforesaid wrongful conduct and are liable to Plaintiff and the Class for damages

7   suffered.

8   ### THIRD CLAIM

9   **Violation of Section 10(b) of The Exchange Act**

10   **and Rule 10b-5 Promulgated Thereunder**

11   **(Against the Company and the Individual Defendants)**

12       83.    Plaintiff repeats and realleges each and every allegation contained above as if

13   fully set forth herein.

14       84.    During the Class Period, Defendants carried out a plan, scheme and course of

15   conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing

16   public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and

17   other members of the Class to purchase CTI BioPharma's securities at artificially inflated prices.

18   In furtherance of this unlawful scheme, plan and course of conduct, defendants, and each of

19   them, took the actions set forth herein.

20       85.    Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made

21   untrue statements of material fact and/or omitted to state material facts necessary to make the

22   statements not misleading; and (iii) engaged in acts, practices, and a course of business which

23   operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to

24   maintain artificially high market prices for CTI BioPharma's securities in violation of Section

COMPLAINT — CLASS ACTION
No. C16-216
- 27 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

86.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about CTI BioPharma's financial well-being and prospects, as specified herein.

87.     These defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of CTI BioPharma's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about CTI BioPharma and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

88.     Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and

COMPLAINT — CLASS ACTION
No. C16-216

- 28 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

89.     The defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing CTI BioPharma's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

90.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of CTI BioPharma's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class

COMPLAINT — CLASS ACTION
No. C16-216

- 29 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

acquired CTI BioPharma's securities during the Class Period at artificially high prices and were damaged thereby.

91.     At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding the problems that CTI BioPharma was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CTI BioPharma securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

92.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

93.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

## FOURTH CLAIM

### Violation of Section 20(a) of The Exchange Act

### (Against the Individual Defendants)

94.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

95.     The Individual Defendants acted as controlling persons of CTI BioPharma within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had

COMPLAINT — CLASS ACTION
No. C16-216

- 30 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

96.    In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

97.    As set forth above, CTI BioPharma and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and/or omissions as alleged in this Complaint. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## **PRAYER FOR RELIEF**

Plaintiff prays for relief and judgment, as follows:

A.    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B.    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.      Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demand a trial by jury.


Dated:   February 12, 2016                    Respectfully submitted,

                                              s/  *Cliff Cantor*
                                              By: Cliff Cantor, WSBA # 17893
                                              LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
                                              627 208th Ave. SE
                                              Sammamish, WA 98074
                                              Tel:    (425) 868-7813
                                              Fax:    (425) 732-3752
                                              Email: cliff.cantor@outlook.com

                                              POMERANTZ LLP
                                              Jeremy A. Lieberman
                                              J. Alexander Hood II
                                              Marc Gorrie
                                              600 Third Avenue, 20th Floor
                                              New York, NY 10016
                                              Tel:    (212) 661-1100
                                              Fax:    (212) 661-8665
                                              Email: jalieberman@pomlaw.com
                                                     ahood@pomlaw.com
                                                     mgorrie@pomlaw.com

                                              POMERANTZ LLP
                                              Patrick V. Dahlstrom
                                              10 South La Salle Street, Suite 3505
                                              Chicago, IL 60603
                                              Tel:    (312) 377-1181
                                              Fax:    (312) 377-1184
                                              Email: pdahlstrom@pomlaw.com

                                              *Attorneys for Plaintiff*

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

**Submission Date**

2016-02-09 17:58:05

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1. I make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.
2. I have reviewed a Complaint against of CTI BioPharma Corp. ("CTI" or the "Company") (NASDAQ: CTIC), and, authorize the filing of a comparable complaint on my behalf.
3. I did not purchase or acquire CTI BioPharma Corp. securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the Securities Act or Exchange Act.
4. I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired CTI BioPharma Corp. securities during the class period, including providing testimony at deposition and trial, if necessary. I understand that the Court has the authority to select the most adequate lead plaintiff in this action.
5. To the best of my current knowledge, the attached sheet lists all of my transactions in CTI BioPharma Corp. securities during the Class Period as specified in the Complaint.
6. During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.
7. I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.
8. I declare under penalty of perjury that the foregoing is true and correct.

## Name

**Print Name**

DARRON MCGLOTHIN

## Acquisitions

## Sales

## Documents & Message

**Upload your documentations**

DM_CTIC.xlsx

**Your Message**

I've purchased over 200,000 shares of CTIC over the last two years. I currently hold 24,646 shares as of 2/8/16,

of with I purchased 10, 690 shares on 2/5/16. Please include me and any action on CHC

**Signature**

**Full Name**

DARRON MCGLOTHIN

**CTI BIOPHARMA CORP. (CTIC)**                                        **McGlothin, Darron**

### LIST OF PURCHASES AND SALES

| DATE | PURCHASE OR SALE | NUMBER OF SHS/UTS | PRICE PER SH/UT |
|------|------------------|-------------------|-----------------|
| 06/03/2015 | Purchase | 8,838 | $2.0599 |
| 06/05/2015 | Purchase | 6,034 | $2.0700 |
| 06/30/2015 | Purchase | 4,201 | $1.9500 |
| 07/07/2015 | Purchase | 12,683 | $1.8900 |
| 07/27/2015 | Purchase | 8,022 | $1.8700 |
| 12/02/2015 | Purchase | 10,704 | $1.1700 |
| 12/03/2015 | Purchase | 4,680 | $1.1700 |
| 02/02/2016 | Purchase | 2,100 | $1.1500 |
| 02/03/2016 | Purchase | 11,946 | $1.1500 |
| 02/05/2016 | Purchase | 10,610 | $1.1300 |
| 06/08/2015 | Sale | 4,338 | $2.0400 |
| 06/08/2015 | Sale | 4,300 | $2.0401 |
| 06/08/2015 | Sale | 100 | $2.0450 |
| 06/08/2015 | Sale | 100 | $2.0425 |
| 06/09/2015 | Sale | 6,034 | $2.1000 |
| 07/14/2015 | Sale | 3,472 | $1.9700 |
| 07/23/2015 | Sale | 6,000 | $1.9800 |
| 07/30/2015 | Sale | 43 | $1.8001 |
| 08/11/2015 | Sale | 15,291 | $1.8000 |
| 08/11/2015 | Sale | 100 | $1.8001 |
| 01/05/2016 | Sale | 2,350 | $1.3100 |
| 01/05/2016 | Sale | 200 | $1.3200 |
| 01/29/2016 | Sale | 12,834 | $1.2600 |