The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARRON McGLOTHIN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CTI BIOPHARMA CORP., JAMES A. BIANCO, and LOUIS A. BIANCO,

Defendants.

No. 2:16-cv-00216-TSZ

**CLASS ACTION**

**MOTION OF DAFNA LIFESCIENCE, LP AND DAFNA LIFESCIENCE SELECT, LP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

NOTE ON MOTION CALENDAR:
April 29, 2016

ORAL ARGUMENT REQUESTED

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF
LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

I.    INTRODUCTION .................................................................................................... 1

II.   FACTUAL BACKGROUND ................................................................................... 3

III.  ARGUMENT ............................................................................................................ 5

      A.    DAFNA Should Be Appointed Lead Plaintiff .......................................... 5

            1.    DAFNA's Motion Is Timely ........................................................... 6

            2.    DAFNA Has The Largest Financial Interest In The Relief
                  Sought By The Class ....................................................................... 6

            3.    DAFNA Satisfies The Requirements Of Rule 23 ........................... 6

      B.    The Court Should Approve DAFNA's Selection Of Counsel ................... 9

IV.   CONCLUSION ........................................................................................................ 10

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                    -i-
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## TABLE OF AUTHORITIES

**CASES**                                                                    **Page(s)**

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ...............................................................................5, 7

*In re Cendant Corp. Sec. Litig.*,
    404 F.3d 173 (3d Cir. 2005)......................................................................................8

*Schonfield v. Dendreon Corp.*,
    2007 WL 2916533 (W.D. Wash. Oct. 4, 2007) .................................................7, 10

*Tanne v. Autobytel, Inc.*,
    226 F.R.D. 659 (C.D. Cal. 2005) ...............................................................................7

*Zucker v. Zoran, Corp.*,
    2006 WL 3591156 (N.D. Cal. Dec. 11, 2006)..........................................................7, 8

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 77...................................................................................................2, 6, 7

15 U.S.C. § 78............................................................................................... passim

17 C.F.R. § 240.10b-5..................................................................................................2

Federal Rules of Civil Procedure Rule 23 ....................................................1, 2, 5, 6, 7

**SECONDARY AUTHORITIES**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)..................3, 8

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                          -ii-
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

DAFNA LifeScience, LP and DAFNA LifeScience Select, LP (the "DAFNA Funds" or "DAFNA"), respectfully moves this Court, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act") and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an Order: (1) appointing DAFNA as Lead Plaintiff in the above-captioned action; (2) approving DAFNA's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel for the Class; and (3) for any such further relief as the Court may deem just and proper.  This Motion is noted on the Court's motion calendar for April 29, 2016, before the Honorable Thomas S. Zilly, located at the United States Courthouse, 700 Stewart Street, Suite 15229, Seattle, WA 98101 – 9906.

This Motion is made on the grounds that DAFNA believes that it is the "most adequate plaintiff" under the PSLRA and should therefore be appointed Lead Plaintiff.  Specifically, DAFNA believes that it has the "largest financial interest" in the relief sought by the Class in this action by virtue of, among other things, the approximately $1.39 million in losses that it suffered on its investments in CTI BioPharma Corp. securities.  DAFNA also otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of other Class members' claims and because it will fairly and adequately represent the interests of the Class.  Moreover, DAFNA is a paradigmatic Lead Plaintiff under the PSLRA because it is a sophisticated institutional investor with a substantial financial stake in the litigation, which promotes effective monitoring and supervision of counsel.

## I.   <u>INTRODUCTION</u>

The above-captioned action (the "Action") alleges that from March 4, 2014 to February 9, 2016 (the "Class Period") CTI Biopharma Corp. ("CTI" or the "Company") and certain of its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

-1-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

promulgated thereunder (17 C.F.R. § 240.10b-5).[1]  The Action also asserts claims under Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k and 77o) against the foregoing defendants, as well as the Company's directors (collectively, "Defendants").  CTI investors, including DAFNA, incurred significant losses after the U.S. Food and Drug Administration ("FDA") placed a clinical hold on the Company's principal drug, causing the Company to withdraw its New Drug Application ("NDA") with the FDA and revealing to investors that the drug was implicated in a number of serious and fatal injuries.

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

Here, DAFNA respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff.  DAFNA believes that it has the largest financial interest in this action by virtue of its substantial investments in CTI securities during the Class Period.  Specifically, DAFNA incurred losses of approximately ***$1.39 million*** from its Class Period purchases of over 5.5 million shares of CTI common and preferred stock.[2]

In addition to asserting the largest financial interest in this litigation, DAFNA also meets the applicable requirements of Rule 23 because its claims are typical of absent class members

[1] In addition to the above-captioned action, CTI investors filed a substantially identical securities class action in the U.S. District Court for the Southern District of New York (the "New York Action").  *See Ahrens v. CTI BioPharma Corp.*, No. 1:16-cv-01044 (Feb. 10, 2016).  DAFNA is concurrently filing a motion for appointment as lead plaintiff in the New York Action.

[2] DAFNA's PSLRA-required Certification is provided as Exhibit A to the Declaration of David R. Stickney in Support of DAFNA LifeScience, LP and DAFNA LifeScience Select, LP's Motion for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel ("Stickney Decl.").  In addition, charts setting forth calculations of DAFNA's losses are provided as Exhibit B to the Stickney Decl.  DAFNA purchased in three preferred stock offerings within the Class Period, on November 7, 2014, October 27, 2015, and December 4, 2015.

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                    -2-
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

and because it will fairly and adequately represent the interests of the Class. Moreover, as a sophisticated institutional investor, DAFNA is the prototypical lead plaintiff envisioned by Congress under the PSLRA, and its appointment would fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

Further, DAFNA understands the Lead Plaintiff's obligations under the PSLRA, and is willing and able to undertake the responsibilities of a Lead Plaintiff to prosecute the action. To that end, DAFNA has selected Bernstein Litowitz—a law firm with substantial experience in successfully prosecuting securities class actions—to serve as Lead Counsel for the Class. Accordingly, DAFNA requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## II.   **FACTUAL BACKGROUND**

CTI is a biopharmaceutical company incorporated in Washington with operations and offices in London and Milan. The Company specializes in the acquisition and development of clinical treatments and medications for a variety of blood-related cancers. One of the Company's most advanced medications in its late-development pipeline was pacritinib, a treatment for myelofibrosis. On September 24, 2015, CTI BioPharma priced an offering of 10,000,000 shares, at a price of $1.57 per share.

On November 7, 2014, CTI announced an underwritten public offering of 35,000 shares of its Series 21 Preferred Stock, offered to the public at a price of $1,000 per share of Series 21 Preferred Stock, each share convertible at the option of the holder, at any time, into 500 shares of common stock at a conversion price of $2.00 per share of common stock. On October 27, 2015, CTI announced an underwritten public offering of 50,000 shares of its Series N-1 Preferred Stock, offered to the public at a price of $1,000 per share of Series N-1 Preferred Stock,

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

-3-

**BRESKIN** | **JOHNSON** | **TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

convertible at the option of the holder, at any time, into 800 shares of common stock at a conversion price of $1.25 per share of common stock.  On December 4, 2015, CTI announced an underwritten public offering of 55,000 shares of its Series N-2 Preferred Stock, offered to the public at a price of $1,000 per share of Series N-2 Preferred Stock, convertible at the option of the holder, at any time subject to certain limitations, into common stock at a conversion price of $1.10 per share of common stock.

As alleged in the Action, throughout the Class Period, CTI misrepresented the safety profile of one of its most important drugs, and failed to disclose that pacritinib was attributed as a potential cause of death and injuries of several patients and that the Company's clinical trials showed the potentially dangerous side effects of the drug.  CTI also concealed from investors that, as a result of the fatal side effects associated with pacritinib, the Company would likely withdraw its NDA with the FDA, impacting future revenues.  As a result of these misrepresentations and omissions, CTI issued securities pursuant to misleading offering documents, and its securities traded at artificially inflated prices during the Class Period.

On February 8, 2016, CTI announced that the FDA had placed a partial clinical hold on pacritinib, which the Company attributed to fatal and life-threatening safety issues in pacritinib-treated patients, including heart failure, hemorrhage, and arrhythmias.  The FDA also noted excess mortality in pacritinib-treated patients compared to the control arm in the PERSIST-1 clinical trials evaluating pacritinib.  Under the partial clinical hold, the Company could not enroll new patients or start pacritinib as an initial or crossover treatment, and patients not deriving benefits after 30-weeks of pacritinib treatment should stop pacritinib.  As a result of these disclosures, shares of CTI Biopharma declined $0.68 per share to close at $0.44, a decline of over 60%.

Then, on February 9, 2016, the Company announced that the FDA had placed a full clinical hold on pacritinib, which superseded the partial clinical hold placed on the drug the prior day.  Under the full clinical hold, all patients using pacrinitib were required to discontinue use of

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

-4-

the drug immediately, and the Company was prohibited from enrolling any new patients on pacrinitib as an initial or start-over treatment.  The Company further disclosed that as a result of the FDA's full clinical hold on pacrinitib, it withdrew its NDA for pacrinitib.  These disclosures caused the price of CTI stock to decline over 40% in intraday trading.

## III.   ARGUMENT

### A.   DAFNA Should Be Appointed Lead Plaintiff

The PSLRA provides a straightforward procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) ("The [PSLRA] provides a simple . . . process for identifying the lead plaintiff pursuant to these criteria.").  Under the PSLRA a court is to consider any timely motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  Specifically, the PSLRA provides that a court: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (. . . the most adequate plaintiff)."  15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA establishes a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the largest "financial interest" in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only upon "proof" that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

DAFNA respectfully submits that it is presumptively the "most adequate plaintiff." DAFNA has complied with all of the PSLRA's procedural requirements, has the largest financial

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

-5-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

interest in the relief sought by the Class, and satisfies Rule 23's typicality and adequacy requirements.

### 1.      DAFNA's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within sixty days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  On February 12, 2016, *McGlothin v. CTI BioPharma Corp. et al*, No. 2:16-cv-00216, was filed in this District asserting claims under the Securities Act and the Exchange Act against Defendants.  That same day, GlobeNews issued a notice of the pendency of the *McGlothin* action, and alerted investors that the deadline to seek Lead Plaintiff appointment is April 11, 2016.  *See* Stickney Decl., Exhibit C.

### 2.      DAFNA Has The Largest Financial Interest In The Relief Sought By The Class

DAFNA believes that it has the "largest financial interest in the relief sought by the Class" and, as such, should be appointed Lead Plaintiff in this Action.  15 U.S.C. §§ 77z-1(a)(3)(B), 78u-4(a)(3)(B). DAFNA sustained losses of approximately $1.39 million on its Class Period purchases of over 5.5 million shares of CTI common and preferred stock.  *See* Stickney Decl., Exs. A-B.  In addition to its common stock purchases, DAFNA purchased preferred shares in three separate underwritten public offerings, which were converted to shares of common stock. *See Id.*  DAFNA's losses are the same whether calculated on a first-in, first-out ("FIFO") basis or a last-in, first-out ("LIFO") basis.  To the best of DAFNA's knowledge, no other applicant seeking Lead Plaintiff appointment has a larger financial interest in the Action than DAFNA.  Accordingly, DAFNA has the largest financial interest of any qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. §§ 77z-1(a)(3)(B)(iii), 78u-4(a)(3)(B)(iii).

### 3.      DAFNA Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation,

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                        -6-
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

DAFNA also satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion for Lead Plaintiff appointment, the "inquiry shall focus solely on the 'typicality' and 'adequacy' aspects of" Rule 23. *Schonfield v. Dendreon Corp.*, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007) (citing *Cavanaugh*, 306 F.3d at 730, n.5 and 732). Here, DAFNA undoubtedly satisfies both the typicality and adequacy requirements in this case.

DAFNA's claims are typical of the claims of other Class members. "'Typicality' in the class action context is measured by whether the applicant's claims arise from the same event or course of conduct which gave rise to the claims of the class members, and are founded on the same legal theory." *Schonfield*, 2007 WL 2916533, at *4; *see also Zucker v. Zoran, Corp.*, 2006 WL 3591156, at *3 (N.D. Cal. Dec. 11, 2006) ("The 'typicality' requirement is satisfied when the named plaintiffs have (1) suffered the same injuries as class members; (2) as a result of the same course of conduct; and (3) their claims are based on the same legal issues."). Here, DAFNA's claims and the claims of all other Class members arise from the same events and course of conduct and their claims are founded on the same legal theory. Like all other Class members, DAFNA: (1) purchased CTI securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and omissions; and (3) was damaged thereby. *See Schonfield*, 2007 WL 2916533, at *4; *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (finding typicality requirement met when the proposed lead plaintiff "submitted a sworn certification indicating that he purchased [the company's] securities and suffered losses during the class period"). As such, DAFNA is a typical Class representative.

DAFNA likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the Class." A lead plaintiff movant satisfies Rule 23's adequacy requirement by demonstrating that "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

-7-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

the litigation." *Schonfield*, 2007 WL 2916533, at *4; *see also Zucker*, 2006 WL 3591156, at *4 ("The 'adequacy' requirement is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class.").

Here, DAFNA is adequate to represent the Class because its interests are perfectly aligned with – and are not antagonistic in any way to – those of the other Class members. As an investor in securities of CTI during the Class Period, and having suffered substantial losses, DAFNA has an identity of interest with its fellow Class members. There are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between DAFNA and other Class members. In fact, DAFNA's purchases of preferred stock pursuant to CTI's public offerings allow it to assert both Securities Act and Exchange Act claims, and thereby represent the entire Class. As discussed below, DAFNA's selection of a highly experienced law firm such as Bernstein Litowitz as counsel likewise demonstrates its adequacy to oversee this action as Lead Plaintiff.

Moreover, DAFNA is the very sort of Lead Plaintiff envisioned by Congress when it enacted the PSLRA – a sophisticated institutional investor with a substantial financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig*., 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class").

Finally, DAFNA has demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                                   -8-
(Case No. 2:16-cv-00216-TSZ)

litigation effectively. Additionally, DAFNA and Bernstein Litowitz have retained qualified local counsel at Breskin Johnson & Townsend PLLC, a Seattle-based law firm with experience in complex securities and class action litigation.

**B.     The Court Should Approve DAFNA's Selection Of Counsel**

The Court should approve DAFNA's selection of Bernstein Litowitz as Lead Counsel on behalf of the Class.  Pursuant to the PSLRA, a movant shall, subject to court approval, select and retain counsel to represent the class it seeks to represent, and the court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(ii)(A).

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  *See* Bernstein Litowitz's Firm Résumé, Stickney Decl., Exhibit D.  Bernstein Litowitz served as Lead Counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the class.  Recently, Bernstein Litowitz secured a $2.43 billion recovery in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million settlement on behalf of the class in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.).

Courts in this District and throughout the Ninth Circuit have recognized Bernstein Litowitz as a proper and appropriate Lead Counsel under the PSLRA, appointing the Firm as Lead or Co-Lead Counsel in numerous complex securities class actions.  For example, in the Western District of Washington, Bernstein Litowitz served as Lead Counsel in the securities class action concerning Washington Mutual, Inc., which recovered $208.5 million for investors in a settlement negotiated after the Honorable Marsha J. Pechman issued orders sustaining in large part plaintiffs' amended complaint and certifying the plaintiff class.  *See* Stickney Decl., Exhibit E (*In re Washington Mutual Corp., Inc. Securities Litig.*, No. 08-md-1919-MJP (Order granting preliminary approval of $208.5 million settlement of claims against defendants)); *see*

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                                           -9-
(Case No. 2:16-cv-00216-TSZ)

*also Frias v. Dendreon Corp.*, 835 F. Supp. 2d 1067 (W.D. Wash. 2011) (appointing Bernstein Litowitz as Lead Counsel); *Crawford v. Onyx Software Corp.*, 2002 U.S. Dist. LEXIS 1101, at *5-6 (W.D. Wash. Jan. 10, 2002) (appointing Bernstein Litowitz as Co-Lead Counsel).   The settlement achieved in the Washington Mutual securities litigation remains among the largest settlements in a case related to the fallout of the subprime crisis and largest recoveries obtained in a securities class action in the Western District of Washington.   Bernstein Litowitz also served as Co-Lead Counsel in *In re McKesson HBOC, Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz recovered settlements totaling over $1.05 billion for the class, which included a $960 million settlement from the issuer defendant—the single largest settlement of any securities class action within the courts of the Ninth Circuit—and an additional $82 million from the defendant auditor.   Other significant securities class actions since the enactment of the PSLRA in which Bernstein Litowitz served as Lead or Co-Lead Counsel in the Ninth Circuit include: *In re New Century Securities Litigation* (C.D. Cal.); *In re Toyota Motor Corporation Securities Litigation* (C.D. Cal.);  *In re Maxim Integrated Products, Inc. Securities Litigation* (N.D. Cal.); *In re International Rectifier Corp. Securities Litigation* (C.D. Cal.); and *In re Gemstar-TV Guide Int'l Securities Litigation* (C.D. Cal.).   Finally, DAFNA and Bernstein Litowitz have retained qualified local counsel at Breskin Johnson & Townsend PLLC, a firm experienced in securities and class action litigation in the state of Washington and across the country.[3]

Accordingly, the Court should approve DAFNA's selection of Bernstein Litowitz as Lead Counsel for the Class.

## IV.   CONCLUSION

For the reasons discussed above, DAFNA respectfully requests that the Court: (1) appoint DAFNA as Lead Plaintiff pursuant to the PSLRA; (2) approve DAFNA's selection of Bernstein

---

[3] The firm resume detailing the qualifications of Breskin Johnson & Townsend PLLC is attached as Exhibit F to the Stickney Decl.

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL
(Case No. 2:16-cv-00216-TSZ)

-10-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Litowitz as Lead Counsel; and (3) grant such further relief as the Court may deem just and proper.

Dated: April 11, 2016                              Respectfully submitted,

                                                   By: */s/ Roger M. Townsend*
                                                   BRESKIN JOHNSON & TOWNSEND PLLC
                                                   ROGER M. TOWNSEND, WSBA #25525
                                                   1000 Second Avenue, Suite 3670
                                                   Seattle, WA 98104
                                                   Tel:    (206) 652-8660
                                                   Fax:    (206) 652-8290
                                                   rtownsend@bjtlegal.com

                                                   *Local Counsel for Proposed Lead Plaintiff DAFNA*


                                                   By: */s/ David R. Stickney*
                                                   David R. Stickney (*pro hac vice* application to follow)
                                                   By: */s/ Rachael Felong*
                                                   Rachel Felong (*pro hac vice* application to follow)
                                                   BERNSTEIN LITOWITZ BERGER
                                                       & GROSSMANN LLP
                                                   12481 High Bluff Drive, Suite 300
                                                   San Diego, CA 92130
                                                   Tel:    (858) 793-0070
                                                   Fax:    (858) 793-0323
                                                   davids@blbglaw.com
                                                   rachel.felong@blbglaw.com

                                                   *Counsel for Proposed Lead Plaintiff DAFNA and Proposed Lead Counsel for the Class*

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                    -11-
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the parties by operation of the Court's ECF system.

/s/ Jamie Telegin
Jamie Telegin, Legal Assistant

MOTION FOR APPOINTMENT OF LEAD
PLAINTIFF AND APPROVAL OF SELECTION
OF LEAD COUNSEL                                   -12-
(Case No. 2:16-cv-00216-TSZ)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660