The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE CTI BIOPHARMA CORP
SECURITIES LITIGATION

No. C16-216-RSL

**CLASS ACTION**

MEMORANDUM OF LAW IN
SUPPORT OF RENEWED MOTION OF
MOVANT MEDICAL OPPORTUNITIES
FUND TO BE APPOINTED LEAD
PLAINTIFF AND TO APPROVE
PROPOSED LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL

NOTING DATE: JULY 1, 2016

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   LEGAL ARGUMENT ............................................................................................... 4

      A.    Movant Should Be Appointed Lead Plaintiff ........................................... 4

            1.    Notice Was Properly Published Under The PSLRA ............................. 5

            2.    Movant Is "The Most Adequate Plaintiff" ............................................ 6

                  a.    Movant Has Moved For Appointment As Lead
                        Plaintiff Within 60 Days Of Publication Of Notice ...................... 6

                  b.    Movant Has The Largest Financial Interest In The
                        Relief Sought ................................................................................. 7

            3.    Movant Otherwise Satisfies The Requirements Of Fed. R.
                  Civ. P. 23, But DAFNA Does Not ........................................................ 9

                  a.    The Claims of Movant Are Typical Of The Claims
                        Of Other Members Of The Class ................................................. 10

                  b.    Movant Will Fairly And Adequately Represent The
                        Interests Of The Class .................................................................. 11

                  c.    DAFNA Faces Unique Defenses that Make It
                        Inadequate to Serve as Lead Plaintiff ........................................ 12

            4.    The Court Should Approve Movant's Choice Of Counsel .................... 16

III.  CONCLUSION ......................................................................................................... 16

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Beck v. Status Game Corp.*,
  No. 89 CIV. 2923 (DNE), 1995 WL 422067 (S.D.N.Y. July 14, 1995) ..........................13, 14

*Cadiz Land Co. v. Waste Mgmt., Inc.*
  230 F. 3d 1366 (9th Cir. 2000) ........................................................................................15

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ................................................................................6, 7, 11, 16

*In re Cendant Corp. Sec. Litig.*,
  404 F.3d 173 (3d Cir. 2005)...............................................................................................12

*Constance Sczesny Trust v. KPMG LLP*,
  223 F.R.D. 319 (S.D.N.Y. 2004) .......................................................................................10

*Daniels v. City of New York*,
  198 F.R.D. 409 (S.D.N.Y. 2001) .......................................................................................10

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992), *cert. dismissed sub nom., Hart Holding Co. Inc.
  v. Drexel Burnham Lambert Grp., Inc.*, 506 U.S. 1088 (1993) ...............................................10

*Eichenholtz v. Verifone Holdings, Inc.*,
  No. C07-06140MHP, 2008 WL 3925289 (N.D. Cal. Aug. 22, 2008)......................................3

*In re Genesisintermedia, Inc. Sec. Litig.*,
  232 F.R.D. 321 (D. Minn. 2005)........................................................................................13

*Greebel v. FTP Software, Inc.*,
  939 F. Supp. 57 (D. Mass. 1996) .........................................................................................5

*Isquith by Isquith v. Caremark Int'l, Inc.*,
  136 F.3d 531 (7th Cir. 1998) .............................................................................................14

*Koenig v. Benson*,
  117 F.R.D. 330 (E.D.N.Y.1987) ........................................................................................15

*Kovaleff v. Piano*,
  142 F.R.D. 406 (S.D.N.Y.1992) ........................................................................................15

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - ii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*In re Linerboard Antitrust Litig.*,
   203 F.R.D. 197 (E.D. Pa. 2001)................................................................................13

*Landry v. PWC*,
   123 F.R.D. 474 (S.D.N.Y. 1989) ...........................................................................3, 13

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997)......................................5

*In re Millennial Media, Inc. Sec. Litig.*,
   87 F. Supp. 3d 563 (S.D.N.Y. 2015).........................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ................................................................................9

*In re Pfizer Inc. Sec. Litig.*,
   233 F.R.D. 334 (S.D.N.Y. 2005) .............................................................................16

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ...............................................................................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*,
   No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. May 27, 2004) ................5

*Poptech, L.P. v. Stweardship Inv. Advisors, LLC*,
   849 F.Supp.2d 249 (D. Conn. 2012).........................................................................14

*Reimer v. Ambac Fin. Grp., Inc.*,
   2008 WL 2073931 (S.D.N.Y. May 9, 2008) ..............................................................7

*Richardson v. TVIA*,
   2007 WL 112344 (N.D. Cal. Apr. 16, 2007) ..............................................................7

*Rossini v. Ogilvy & Mather, Inc.*,
   798 F.2d 590 (2d Cir. 1986).....................................................................................10

*In re Safeguard Scientifics*,
   216 F.R.D. 577 (E.D. Pa. 2003)................................................................................12

*Schonfield v. Dendreon, Corp.*,
   2007 WL 2916533 (W.D. Wash. Oct. 4, 2007) .......................................................11

*Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008).........................................................................8

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
   216 F.R.D. 248 (S.D.N.Y. 2003) .............................................................................10

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - iii

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Xianglin Shi v. Sina Corp.*,
   2005 WL 1561438 (S.D.N.Y. July 1, 2005) ...............................................................................7

*Zenith Labs., Inc. v. Carter-Wallace, Inc.*,
   530 F.2d 508 (3d Cir. 1976)...................................................................................................13

*Zucker v. Zoran*,
   2006 WL 3591156 (N.D. Cal. Dec. 11, 2006) .........................................................................11

**Statutes**

15 U.S.C.A. 78u-4(e)(2) ...............................................................................................................8

15 U.S.C.A. § 77z-1(a)(3)................................................................................................4, 5, 6, 7

15 U.S.C.A. § 78u-4(a)(3) ................................................................................................ *passim*

**Other Authorities**

Fed. R. Civ. P. 23............................................................................................................ *passim*

H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730
   (1995)......................................................................................................................................11

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

IPConcept (Luxemburg) S.A. on behalf of apo Medical Opportunities ("Movant" or "Medical Opportunities Fund"), move the Court for an order: (1) appointing Movant Medical Opportunities Fund as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "1934 Act" or the "Exchange Act"), 15 U.S.C.A. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C.A. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) approving Movant's selection of the law firm of Federman & Sherwood as Lead Counsel; and (3) granting such other relief as the Court may deem just and proper.

This Motion was previously filed in the Southern District of New York (the "S.D. New York Action") on April 11, 2016 and was fully briefed; Movant Medical Opportunities Fund filed notices in this Court attaching its motion, response and reply filed in the S.D. New York Action. Dkt Nos. 7, 21, 23.  By Order of Judge Paul A. Engelmayer dated May 19, 2016, the S.D. New York Action was transferred to this Court and Medical Opportunities Fund's motion was denied without prejudice to its renewal before the transferee court. *See* Dkt No. 25-1. Pursuant to Judge Engelmayer's order Movant Medical Opportunities Fund submits this Renewed Motion for Appointment of Lead Plaintiff and Lead Counsel.

There is currently pending before this Court one other motion for appointment of lead plaintiff, a motion filed by DAFNA LifeScience, LP and DAFNA LifeScience Select, LP (collectively "DAFNA") on April 11, 2016. Dkt Nos. 8-9.

## I.    INTRODUCTION

This is a securities class action lawsuit on behalf of purchasers of CTI BioPharma Corp. ("CTI BioPharma" or the "Company") securities: (1) pursuant and/or traceable to the Company's

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 1

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Registration Statement and Prospectus (collectively, the "Registration Statement") issued in connection with the Company's public offering on or about September 24, 2015 (the "Offering"); and/or (2) between March 4, 2014 and February 9, 2016, inclusive (the "Class Period").

The complaint accuses the defendants of violations of the Securities Exchange Act and the Securities Act by virtue of the defendants' false and/or misleading statements about the Company's business, operations, and prospects.  Specifically, defendants are alleged to have made false and/or misleading statements and/or failed to disclose: (1) that pacritinib was attributed as a potential cause in the death and injuries of several patients; (2) that the Company's clinical trials showed the dangers of pacritinib usage; (3) that the Company's new drug application for pacritinib would likely be withdrawn; (4) that, as such, the Company's future revenues were impaired; (5) that the company lacked adequate internal controls; and (6) that, as a result of the foregoing, the Company's financial statements and defendants' statements about CTI BioPharma's business, operations, and prospects, were materially false and misleading at all relevant times.  According to the complaint, following the Company's February 8, 2016 announcement that a partial clinical hold has been placed on pacritinib by the U.S. Food and Drug Administration ("FDA") due to "fatal and life-threatening safety issues in pacritinib-treated patients," the value of CTI BioPharma stock declined over 60% in one day.

Movant Medical Opportunities Fund is a suitable Lead Plaintiff in this action.  Movant, an institutional investor, has the largest losses of any single individual or entity seeking lead plaintiff appointment (as opposed to movants that are an aggregation of entities or individuals with smaller losses).  Movant purchased 890,400 shares of CTI BioPharma stock during the Class Period, retains all of those shares, and suffered losses of $1,007,829 as a result of its

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

transactions in CTI BioPharma securities during the Class Period.[1]  *See* Exhibits A and B to the Federman Declaration.  Second, Movant satisfies the requirements of Fed. R. Civ. P. 23(a).  Movant's claims are typical of those of the class.  Movant will also adequately represent the class.  Movant will actively participate in and vigorously pursue this case and has selected and retained Federman & Sherwood to serve as Lead Counsel.

While competing lead plaintiff movant DAFNA claims larger losses than Medical Opportunities Fund, when the two DAFNA funds are separated, DAFNA LifeScience, LP has claimed losses of $830,737 and DAFNA Lifescience Select, LP has claimed losses of $560,622, smaller losses than those of Medical Opportunities Fund.  Moreover, as further explained below, DAFNA faces potential unique defenses due to the nature of its CTI stock acquisitions.  In particular, the overwhelming majority of DAFNA's claimed losses result from common stock acquired through the conversion of preferred stock at other than market prices, making DAFNA susceptible to unique arguments that it did not "purchase" such shares as defined by the securities laws or that it did not rely on the allegedly fraudulent representations.  *See Eichenholtz v. Verifone Holdings, Inc.,* No. C07-06140MHP, 2008 WL 3925289, at *5 (N.D. Cal. Aug. 22, 2008) ("[S]ince the Lipman shares were converted into Verifone shares through an acquisition, it is unclear to the court whether a 'purchase' or 'sale' of Verifone shares, as defined by United States securities laws, occurred with respect to the converted shares."); *Landry v. PWC,* 123 F.R.D. 474 (S.D.N.Y. 1989) (declining to appoint as lead plaintiff a movant who was subject to

---

[1] An investor certification and spreadsheet setting forth Movant's transactions in CTI BioPharma stock, and losses therefrom, are attached as Exhibits A and B to the Declaration of William B. Federman in Support of Renewed Motion of Movant Medical Opportunities Fund to be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Lead Counsel ("Federman Declaration"), attached hereto as Exhibit 1.

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 3

unique defenses and explaining that "whether these defenses will be successful is of no matter"). Given the alternative of Medical Opportunities Fund, an institutional investor with very large losses, indeed the largest losses of any single individual or entity seeking lead plaintiff appointment (as opposed to movants that are an aggregation of entities or individuals with smaller losses), there is no need to subject the prospective class to the unique defenses potentially facing DAFNA.

In short, Medical Opportunities Fund has the largest loss of any lead plaintiff movant that otherwise satisfies Rule 23(a) and should be appointed Lead Plaintiff.

## II.    LEGAL ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C.A. § 78u-4(a)(3) and 15 U.S.C.A. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C.A. § 78u-4(a)(3)(A)(i) and 15 U.S.C.A. § 77z-1(a)(3)(A)(i). The PSLRA further provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published…." 15 U.S.C.A. § 78u-4(a)(3)(A)(ii) (emphasis added).

Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff. 15 U.S.C.A. § 78u-4(a)(3)(A) and (B) and 15 U.S.C.A. § 77z-1(a)(3)(A) and (B).

MEMORANDUM IN SUPPORT OF RENEWED MOTION (C16-216-RSL) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members. 15 U.S.C.A. § 78u-4(a)(3)(B)(i) and 15 U.S.C.A. § 77z-1(a)(3)(B)(i).

The PSLRA further provides: "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination required…until after the decision on the motion to consolidate is rendered." 15 U.S.C.A. § 78u-4(a)(3)(B)(ii). The S.D. New York action was consolidated with this action on June 13, 2016. Dkt No. 31.

**1.    Notice Was Properly Published Under The PSLRA**

The complaint in the S.D. New York action was filed on February 10, 2016, two days before this action was filed, and notice of the commencement of the first filed securities class action was published on *Business Wire* by Glancy Prongay & Murray LLP on February 10, 2016, advising putative members of the proposed class of their right to move the court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit C to the Federman Declaration. The notice is sufficient and satisfies the requirements of the PSLRA.[2] 15 U.S.C.A. § 78u-4(a)(3)(A)(i); 15 U.S.C.A. § 77z-1(a)(3)(A)(i). In accordance with the PSLRA, Medical

---

[2] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *2 (N.D. Ill. Aug. 11, 1997).

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 5

Opportunities Fund filed its motion to be appointed lead plaintiff in the S.D. New York Action prior to the expiration of the 60-day, April 11, 2016 deadline.  *See* Dkt Nos. 7, 7-1.

### 2. Movant Is "The Most Adequate Plaintiff"

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person that:

(aa)  has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];

(bb)  in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class; and

(cc)  otherwise satisfies the requirements of Fed. R. Civ. P. 23.

15 U.S.C.A. § 78u-4(a)(3)(B)(iii)(I); 15 U.S.C.A. § 77z-1(a)(3)(B)(iii)(I).  Thus, the moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff.  *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004).  As discussed below, Movant satisfies each of the criteria set forth above and is the presumed lead plaintiff.

### a. Movant Has Moved For Appointment As Lead Plaintiff Within 60 Days Of Publication Of Notice

As set forth above, Movant moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit.  Movant's Renewed Motion (as well as the original motion in the S.D. New York) contains the required certification setting forth, *inter alia*, Movant's transactions in CTI BioPharma securities during the Class Period, and indicates that Movant has reviewed the Complaint filed in this action and is willing to serve as the representative party on behalf of the class.  *See* Exhibit A to Federman Declaration.  Accordingly, Movant has satisfied this prong of the PSLRA's lead plaintiff criteria.

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 6

**b.      Movant Has The Largest Financial Interest In The Relief Sought**

Pursuant to 15 U.S.C.A. § 78u-4(a)(3)(B)(iii) and 15 U.S.C.A. § 77z-1(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant who has "the largest financial interest in the relief sought by the class." §15 U.S.C.A. 78u-4(a)(3)(I)(bb). "[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff' – and hence the presumptive lead plaintiff – the one who has the largest financial interest in the relief sought by the class' . . . ." *In re Cavanaugh*, 306 F.3d at 729-30. "In so doing, the court may select accounting methods that are both rational and consistent." *Id.* at 730, n.4. Most courts have determined that the financial loss is the most significant factor in determining the movant with the largest financial interest in the relief sought. *See Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007) (citing cases); *In re Millennial Media, Inc. Sec. Litig.*, 87 F. Supp. 3d 563, 569 (S.D.N.Y. 2015) ("courts have consistently held that…the magnitude of the loss suffered, is the most significant [factor]"); *see, e.g. Reimer v. Ambac Fin. Grp., Inc.*, 2008 WL 2073931, at *3 (S.D.N.Y. May 9, 2008); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438, at *2 (S.D.N.Y. July 1, 2005). Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be limited as follows:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 7

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

§15 U.S.C.A. 78u-4(e)(2).  If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements, his losses are limited as follows:

> [T]he difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C.A. § 78u-4(e)(1).

Under the above calculation, Movant Medical Opportunities Fund has suffered net losses of $1,007,829 from its purchases of CTI BioPharma stock during the Class Period.  *See* Exhibits A and B to the Federman Declaration.

Again, while competing lead plaintiff movant DAFNA claims larger losses than Medical Opportunities Fund, when the two DAFNA funds are separated, each of these funds' respective losses are smaller.  DAFNA is a group of two separate investment funds.  DAFNA has provided no information as to DAFNA, has provided little explanation of the relationship between the two funds, the management structure for the two funds, the investment objectives of the two funds and how they potentially differ, and/or why the funds can be appropriately combined as a lead plaintiff group.  A court should deny a proposed group's motion if it has "not provided a sufficient evidentiary basis for aggregation or if the court otherwise is persuaded that the proposed group has been assembled as a makeshift by attorneys for the purpose of amassing an aggregation of investors purported to have the greatest financial interest in the action."  *Varghese v. China Shenghuo Pharmaceutical Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008).  Accordingly, the Court should examine the DAFNA funds separately.  When the DAFNA group is disaggregated, DAFNA LifeScience, LP has claimed losses of $830,737 and DAFNA

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 8

Lifescience Select, LP has claimed losses of $560,622.  Neither DAFNA LifeScience, LP nor DAFNA Lifescience Select, LP's claimed losses are as great as Medical Opportunities' losses of $1,007,829.

Accordingly, Movant Medical Opportunities Fund has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.

**3.      Movant Otherwise Satisfies The Requirements Of Fed. R. Civ. P. 23, But DAFNA Does Not**

According to 15 U.S.C.A. § 78u-4(a)(3)(B) and 15 U.S.C.A. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 (a), Fed. R. Civ. P., which provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)   the class is so numerous that joinder of all members is impracticable;
>
> (2)   there are questions of law or fact common to the class;
>
> (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two — typicality and adequacy — directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, courts should limit their inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); s*ee also, Constance*

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 9

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), thereby justifying his appointment as Lead Plaintiff in this action.

### a.    The Claims of Movant Are Typical Of The Claims Of Other Members Of The Class

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class.  The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical.  *See Daniels v. City of New York*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)).

Movant's claims are typical of, if not identical to, the claims of the other members of the class.  Here, Movant: (1) purchased CTI BioPharma stock during the Class Period at prices alleged to have been artificially inflated by the false and misleading statements issued by defendants; and (2) was damaged by the alleged fraud.  Thus, Movant's claims meet the typicality requirement, since questions of liability are common to all class members.  *See In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (holding that the typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 10

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

liability") (citations omitted), *cert. dismissed sub nom., Hart Holding Co. Inc. v. Drexel Burnham Lambert Grp., Inc.*, 506 U.S. 1088 (1993).

#### b.    Movant Will Fairly And Adequately Represent The Interests Of The Class

The adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  A lead plaintiff movant satisfies Rule 23's adequacy requirement by demonstrating that "(1) the proposed lead plaintiff's interests are in common with, and not antagonistic to, those of the class; and (2) proposed lead plaintiff's counsel are qualified, experienced and generally able to conduct the litigation." *Schonfield v. Dendreon, Corp.,* 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007); *see also Zucker v. Zoran,* 2006 WL 3591156, at *4 (N.D. Cal. Dec. 11, 2006) ("The 'adequacy' requirement is satisfied when the proposed lead plaintiff does not have interests antagonistic to the proposed class.").  Once the presumption is triggered, the only remaining question is whether anyone can prove that the presumptive lead plaintiff will not fairly and adequately represent the interests of the class. *In re Cavanaugh*, 306 F.3d at 732 and n.10.  Movant will fairly and adequately represent the class.

First, Medical Opportunities Fund is an institutional investor, "an open-end investment fund incorporated in Luxembourg.  The Fund's objective is long-term capital appreciation.  The Fund invests primarily in equities and other assets of companies from the health care sector." Declaration of IPConcepts (Luxembourg) S.A. ("Decl. IPConcept") at ¶4, attached to the Federman Declaration as Exhibit E.  As an institutional investor, it is the sort of Lead Plaintiff envisioned by Congress when it enacted the PSLRA – a sophisticated institutional investor with a substantial financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 11

institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Cendant Corp. Sec. Litig.,* 404 F.3d 173, 180 (3d Cir. 2005) (holding that the PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the case, usually a large and sophisticated institution, is accorded the status of lead plaintiff and assigned the right to appoint and duty to monitor lead counsel for the class").

Second, counsel for the class is well-qualified.  Movant has retained counsel with considerable experience in the prosecution of class action and federal securities law claims.  *See* Federman & Sherwood resume attached as Exhibit D to the Federman Declaration.

Third, there are no potential conflicts between Movant and the interests of the absent class members.  Movant's claims are typical of the claims of the rest of the class.  All investors are aligned in the common interest of recovering their damages from defendants.  Movant has pledged to protect the interests of the class, as reflected in its investor certifications.  *See* Exhibit A to Federman Declaration.  Moreover, having suffered large financial losses, Movant has a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movant would adequately represent the putative class.  Consequently, Movant meets the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

### c.  DAFNA Faces Unique Defenses that Make It Inadequate to Serve as Lead Plaintiff

Unique defenses applicable to a proposed lead plaintiff such as DAFNA have consistently been the basis for rejecting the applicant as a lead plaintiff, since the court in its role as a fiduciary for the class must proactively protect the interests of absent shareholders.  *See, e.g., In re Safeguard Scientifics*, 216 F.R.D. 577, 581-83 (E.D. Pa. 2003) (denying class

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 12

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

certification in part because lead plaintiff was subject to unique defenses).  If such an applicant were given a leadership role, its "unique defenses . . . [would] threaten to become the focus of the litigation."  *Zenith Labs., Inc. v. Carter-Wallace, Inc.*, 530 F.2d 508, 512 (3d Cir. 1976) (a "representative plaintiff should not be permitted to impose such a disadvantage on the class"); *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 211 (E.D. Pa. 2001).

In fact, the Court need not even consider the merits of the possible unique defenses; their mere *possibility* is determinative.  For example, in *Landry v. PWC*, the court viewed the "mere specter of antagonistic interest" to be sufficient to find a lead plaintiff movant atypical and inadequate.  123 F.R.D. at 476.  The court specifically held that, "***whether these defenses will be successful is of no matter***.  The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members."  *Id.* at 476 (emphasis added).  *See also In re Genesisintermedia, Inc. Sec. Litig.*, 232 F.R.D. 321, 329 (D. Minn. 2005) ("the presence of even an arguable defense peculiar to the proposed representative may destroy typicality of the class"); *Beck v. Status Game Corp.*, No. 89 CIV. 2923 (DNE), 1995 WL 422067, at *4 (S.D.N.Y. July 14, 1995) ("it does not matter whether a unique defense ultimately will prove meritorious because the fact remains that Goldberg will 'be required to devote considerable time to rebut' the unique defense").

DAFNA is subject to unique defenses based on its acquisition of the vast majority of its CTI Biopharma shares through conversions of its CTI Biopharma preferred stock to common stock at set prices not even established by market prices of CTI Biopharma common stock.  In particular, DAFNA purchased convertible preferred stock at $1,000 per share in three public offerings on November 7, 2014, October 27, 2015 and December 4, 2015, respectively.  Motion of DAFNA Lifescience, LP and DAFNA Lifescience Select, LP for Appointment as Lead

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 13

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Plaintiff and Approval of its Selection of Lead Counsel ("DAFNA Motion") at 3-4, 7-8 (Dkt No. 8); Declaration of David R. Stickney in Support of the Motion of DAFNA Lifescience, LP and DAFNA Lifescience Select, LP for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel ("Stickney Decl.") at Exhibit A (Dkt No. 9).  DAFNA then converted these preferred shares into 4,693,181 common shares, not at market prices, but at the predetermined prices of $2.00, $1.25 and $1.10 per share. *Id.*  Of the $4,892,427.37 in Class Period common stock acquired by DAFNA Lifesciences, LP $4,097,000 was from preferred stock conversions. *Id.*  Of the $3,208,083.90 in Class Period stock acquired by DAFNA Lifesciences Select, LP $2,652,999.10 was from preferred stock conversions.  *Id.*

In other words, the vast majority of DAFNA's claimed losses result from common stock acquired through the conversion of preferred stock.[3]  This subjects DAFNA to unique defenses to the purchaser/seller and reliance requirements of Section 10(b).  *See, e.g., Poptech, L.P. v. Stweardship Inv. Advisors, LLC,* 849 F.Supp.2d 249, 272-73 (D. Conn. 2012) (where owner of Class P shares was allegedly induced to swap them for class A shares issued by same issuer, court determined, *for purposes of motion to dismiss only*, that plaintiff satisfied purchase or sale requirement for Section 10(b) claim; the court, however, recognized that "the circumstances of a case will guide a court" in determining whether a stock-for-stock transfer will constitute a purchase or sale for purposes of Section 10(b)); *Isquith by Isquith v. Caremark Int'l, Inc.,* 136 F.3d 531, 534-37 (7th Cir. 1998) (finding in case of shares issued to investors in "spinoff" "there was no forced sale, because only the form of the plaintiff's investment was changed; and anyway

---

[3] While Medical Opportunities Fund also acquired common stock through a preferred stock conversion, it only acquired 158,400 shares by this method, which is only a small portion of the 890,400 shares Medical Opportunities Fund acquired.

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

there was no reliance, no investment decision, because the plaintiff did not have a choice whether or not to accept the new stock."). Thus, in *Cadiz Land Co. v. Waste Mgmt., Inc.,* the Ninth Circuit stated:

> The second amended complaint (SAC) failed to sufficiently allege reliance on the fraudulent statements made by Waste Management, Inc. (Waste Management). In the SAC, Cadiz Land Co. (Cadiz) contends that under the "fraud on the market" theory, it is entitled to a presumption of reliance because "it relied on the integrity of the market price for its common shares in negotiating the terms of the preferred shares which it sold." But to establish a "fraud on the market" case, a plaintiff must show that he relied on the price when making the investment decision. The plaintiff must claim that "he was induced to trade stock not by any particular representations ... but by the artificial stock price set by the market." Cadiz has not alleged that it was induced to sell its preferred shares by the price of its common stock. On the contrary, Cadiz has alleged that it engaged in this sale for reasons other than the value of the stock, namely, as part of its plan to acquire Sun World. The fact that the preferred shares sold by Cadiz were convertible into shares of its common stock at prices directly related to the market price of its common shares does not show that the decision to enter into this sale was tied to the price of Cadiz's stock. It merely shows how the price was to be established. Its pleadings, taken as a whole, demonstrate that Cadiz went ahead with its plan to acquire Sun World, regardless of the price of its common stock. For these reasons, the district court was correct in dismissing Cadiz's Section 10(b) and Rule 10b-5 claim.

230 F.3d 1366 (9th Cir. 2000) (unpublished opinion).

Thus, DAFNA faces numerous potential unique defenses that could very well consume the litigation. *See, e.g., Koenig v. Benson,* 117 F.R.D. 330, 335-36 (E.D.N.Y.1987) ("There is a concern if a named plaintiff is subject to 'unique defenses' concerning his individual reliance, then attention will be diverted away from issues common to the class. This would impair his ability to act as a representative for the class. Also, questions of individual reliance may place the materiality of the alleged misrepresentations into doubt [citations omitted]."); *Kovaleff v. Piano,* 142 F.R.D. 406, 407-08 (S.D.N.Y.1992). Given the alternative of Medical Opportunities Fund, an institutional investor with very large losses, indeed the largest losses of any single individual or entity seeking lead plaintiff appointment (as opposed to movants that are an

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 15

aggregation of entities or individuals with smaller losses), there is no need to subject the prospective class to the unique defenses potentially facing DAFNA. *See In re Pfizer Inc. Sec. Litig.,* 233 F.R.D. 334, 338 (S.D.N.Y. 2005) (after removing from consideration the plaintiff with the largest purported damages, the court further declined to appoint as lead plaintiff the movant with the next largest losses by finding it and another plaintiff had "roughly equal damages" and appointing the plaintiff with slightly smaller losses based on the finding that it "is the more adequate of the two plaintiffs").

### 4.    The Court Should Approve Movant's Choice Of Counsel

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C.A. § 78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class.  The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff.  *In re Cavanaugh*, 306 F.3d at 733.  It is lead plaintiff and not the court that selects counsel.  *Id.* at 31-33.  Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id.*  Movant has selected and retained Federman & Sherwood as Lead Counsel.  Federman & Sherwood possess extensive experience in the areas of securities and other complex litigation.  *See* Exhibit D to Federman Declaration.  The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation.  Accordingly, the Court should approve Movant's selection of Lead Counsel.

### III.    CONCLUSION

For the reasons set forth above, Movant respectfully requests that the Court: (1) appoint Movant Medical Opportunities Fund as Lead Plaintiff in this action; (2) approve Movant's selection of Federman & Sherwood as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 16

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 16th day of June, 2016.

FEDERMAN & SHERWOOD

By */s/ William B. Federman*
William B. Federman, OKSB #2853
*Admitted Pro Hac Vice*
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
E: wbf@federmanlaw.com
T: (405) 235-1560
F: (405) 239-2112

Proposed Lead Counsel for Plaintiff

KELLER ROHRBACK L.L.P.

By */s/ Juli E. Farris*
Juli E. Farris, WSBA #17593
1201 Third Avenue, Suite 3200
Seattle, WA 98101
E: jfarris@kellerrohrback.com
T: (206) 623-1900
F: (206) 623-3384

Local Counsel for Plaintiff

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 17

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (ECF) and paper copies will be sent to those indicated as non-registered participants on June 16, 2016.

*/s/ Juli E. Farris*
Juli E. Farris, WSBA #17593

MEMORANDUM IN SUPPORT OF RENEWED MOTION
(C16-216-RSL) - 18

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384