The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CTI BIOPHARMA CORP. SECURITIES LITIGATION | No. 2:16-cv-00216-RSL |
| | **CLASS ACTION** |
| | **MOTION OF DAFNA LIFESCIENCE, LP AND DAFNA LIFESCIENCE SELECT, LP TO STRIKE NEW ARGUMENTS IN MEDICAL OPPORTUNITIES FUND'S REPLY, OR ALTERNATIVELY, FOR LEAVE TO FILE A SURREPLY** |
| | NOTING DATE: JULY 1, 2016 |
| | ORAL ARGUMENT REQUESTED |

MOTION TO STRIKE
Case No. 2:16-cv-00216-RSL

DAFNA LifeScience, LP and DAFNA LifeScience Select, LP (the "DAFNA Movants" or "DAFNA") move pursuant to Local Civil Rule 7(g) of the Western District of Washington to strike arguments that IPConcept (Luxemburg) S.A. on behalf of apo Medical Opportunities ("Medical Opportunities Fund") first raised in its reply brief or, in the alternative, for leave to submit the attached three-page surreply to address these assertions.

## ARGUMENT

In its opening brief, Medical Opportunities Fund principally contended that the DAFNA Movants did not suffer the "largest financial loss" under the PSLRA because they supposedly were unrelated entities whose losses could not be considered together.  ECF No. 32-2 at 8.  They also speculated that DAFNA, having suffered substantial losses from the purchase of CTI preferred shares in registered offerings, will be subject to "unique defenses" based on "the purchaser/seller and reliance requirements of Section 10(b)."  *Id.* at 14. In its opposition, DAFNA fully addressed these contentions, demonstrating how the two DAFNA Movants are closely-related entities whose losses greatly exceed all other movants and are properly combined under the PSLRA.  ECF No. 34 at 4-5.  Moreover, DAFNA's opposition explained how the conjured "unique defenses" do not defeat the presumption in favor of DAFNA, the movant with the largest financial interest in the litigation, and that DAFNA will assert claims for violations of the both Securities Act and the Exchange Act.  *Id.* at 5-9.

In its reply brief, Medical Opportunities Fund largely ignores DAFNA's response to its lead argument; instead, it attempts an entirely new (and incorrect) argument based on *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005), a 2005 Supreme Court decision that concerns the standard for alleging "loss causation" under Section 10(b) of the Exchange Act and is inapplicable to Securities Act claims.  ECF No. 38 at 2-4.  *Dura* is the centerpiece of Medical Opportunities Fund's reply: it is the basis of its first and primary argument in the reply and specifically referenced at least seven times in its reply brief.  ECF No. 38 at 2-4.  Meanwhile, *Dura* was nowhere mentioned in Medical Opportunities Fund's original motion; nowhere

MOTION TO STRIKE
Case No. 2:16-cv-00216-RSL

-1-

mentioned in its "renewed" motion for lead plaintiff appointment; and nowhere mentioned in DAFNA's opposition brief. *See* ECF Nos. 32-2, 34.

Confronted with "reply" briefs such as the one submitted by the Medical Opportunities Fund, courts in this District strike the new arguments first asserted by the movant in its reply papers. *See, e.g.*, *Carver v. Gonzales*, 2006 WL 3457222, at * 3 (W.D. Wash. Nov. 30, 2006) (granting plaintiff's request to strike new arguments first raised by defendants in their reply); *Compana, LLC v. Aetna, Inc.*, 2006 WL 1319456, at *4 (W.D. Wash. May 12, 2006) (Lasnik, J.) (striking new arguments made on reply "because [plaintiff] was deprived of an opportunity to respond to them"). As these courts explain, "[i]t is well-established that courts will not consider new arguments raised for the first time in a reply brief." *Carver*, 2006 WL 3457222, at * 3; *see also Karpenski v. Am. Gen. Life Cos., LLC*, 999 F. Supp. 2d 1218, 1226 (W.D. Wash. 2014) ("a 'movant may not raise new facts or arguments in [a] reply brief'"). Indeed, "it would be unfair to consider . . . newly-raised arguments" first raised in a reply brief. *Ramirez v. U.S.*, 2014 WL 3694274, at *5 (W.D. Wash. July 23, 2014).

Alternatively, in situations such as this one, courts in this District and elsewhere allow a party to submit a surreply to address the new arguments first raised by a movant in a reply brief. *See Fleming v. Parnell*, 2013 WL 4511494, at *2 (W.D. Wash. Aug. 23, 2013) (granting motion to file a surreply and accepting the proposed surreply attached to the party's motion); *US Bank, NA v. Recovery Servs. Nw., Inc.*, 2014 WL 1347376, at *2 (D. Nev. Apr. 4, 2014) (granting "motion for leave to file a surreply [where] reply . . . included a new argument"); *Concerned Citizens for a Safe Cmty. v. Office of Fed. Det. Tr.*, 2011 WL 5041195, at *1 (D. Nev. Oct. 24, 2011) (granting motion to file surreply to address new arguments in a reply brief).

## **CONCLUSION**

For these reasons, the Court should strike the *Dura*-based argument first raised in Medical Opportunities Fund's reply brief at pages 2-4; or, in the alternative, should permit the

MOTION TO STRIKE
Case No. 2:16-cv-00216-RSL

-2-

DAFNA Movants to file the attached three-page surreply in response to Medical Opportunities

Fund's *Dura*-based argument.

Dated: July 6, 2016                          Respectfully submitted,

                                             By: */s/David R. Stickney*
                                             David R. Stickney (*pro hac vice*)

                                             BERNSTEIN LITOWITZ BERGER
                                                & GROSSMANN LLP
                                             12481 High Bluff Drive, Suite 300
                                             San Diego, CA 92130
                                             Tel:    (858) 793-0070
                                             Fax:    (858) 793-0323
                                             davids@blbglaw.com
                                             rachel.felong@blbglaw.com

                                             *Counsel for Proposed Lead Plaintiff DAFNA and*
                                             *Proposed Lead Counsel for the Class*


                                             By: */s/ Roger M. Townsend*
                                             Roger M. Townsend

                                             BRESKIN JOHNSON & TOWNSEND PLLC
                                             ROGER M. TOWNSEND, WSBA #25525
                                             1000 Second Avenue, Suite 3670
                                             Seattle, WA 98104
                                             Tel: (206) 652-8660
                                             Fax: (206) 652-8290
                                             rtownsend@bjtlegal.com

                                             *Local Counsel for Proposed Lead Plaintiff DAFNA*

MOTION TO STRIKE
Case No. 2:16-cv-00216-RSL                          -3-

BRESKIN JOHNSON & TOWNSEND PLLC
Roger M. Townsend
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660 • Fax: (206) 652-8290

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

/s/ David R. Stickney
DAVID R. STICKNEY

MOTION TO STRIKE
Case No. 2:16-cv-00216-RSL

-4-

BRESKIN JOHNSON & TOWNSEND PLLC
Roger M. Townsend
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660 • Fax: (206) 652-8290