The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CTI BIOPHARMA CORP. SECURITIES LITIGATION | No. 2:16-cv-00216-RSL |
| | **CLASS ACTION** |
| | **[PROPOSED] SURREPLY OF DAFNA LIFESCIENCE, LP AND DAFNA LIFESCIENCE SELECT, LP RESPONDING TO NEW ARGUMENTS IN MEDICAL OPPORTUNITIES FUND'S REPLY** |
| | NOTING DATE: JULY 1, 2016 |
| | ORAL ARGUMENT REQUESTED |

[PROPOSED] SURREPLY
Case No. 2:16-cv-00216-RSL

BRESKIN JOHNSON & TOWNSEND PLLC
Roger M. Townsend
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660 • Fax: (206) 652-8290

DAFNA Lifescience, LP and DAFNA Lifescience Select, LP ("DAFNA") respectfully submit this surreply to address the new arguments asserted in the reply brief filed by IPConcept (Luxemburg) S.A. on behalf of apo Medical Opportunities ("Medical Opportunities Fund") (ECF No. 38).

### ARGUMENT

As set forth in its motion for Lead Plaintiff appointment, DAFNA has the largest financial interest of any movant and is an adequate plaintiff.  ECF No. 8.  In an effort to rebut DAFNA's showing, Medical Opportunities Fund attempts for the first time in its "reply" brief to rely upon the Supreme Court's decision in *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  Its failure to mention *Dura* in its opening brief is not surprising because *Dura* is irrelevant to the parties' motions for each of the following reasons.

First, DAFNA's calculation in its motion of its financial loss of $1.39 million is in accordance with *Dura*.  In *Dura*, the Supreme Court considered the standard for alleging loss causation for claims arising under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act").  Plaintiffs must allege a "causal connection between the material misrepresentation [or omission] and the loss" and may do so by showing that a company's "share price fell significantly after the truth became known."  *Dura*, 544 U.S. at 342, 347.  Consistent with *Dura*, DAFNA calculated its losses on the securities that it purchased during the Class Period and sold in late February 2016, after CTI made its corrective disclosures on February 8 and 9, 2016 that caused the Company's stock price to decline by 60% on February 8, 2016 and 40% on February 10, 2016.  To be conservative, DAFNA also reduced the amount of its financial loss of $2.5 million (on a FIFO basis) and $2.6 million (on a LIFO basis) on such securities by any gains from any sales made before the alleged corrective disclosures.  Based on this calculation, in accordance with *Dura*, the DAFNA Funds suffered approximately $1.39 million in losses – an amount that exceeds Medical Opportunity Fund's loss by 38%.

[PROPOSED] SURREPLY
Case No. 2:16-cv-00216-RSL

-1-

Second, nothing in *Dura* suggests that purchasers of shares that convert into common stock do not have viable claims under the federal securities laws.  Both before and after *Dura*, courts have consistently held that purchasers of convertible securities are equally harmed by companies' false statements and may seek redress under the federal securities laws.  *See, e.g., See Zelman v. JDS Uniphase Corp.*, 376 F. Supp. 2d 956, 967-68 (N.D. Cal. 2005) (citing *McEwen v. Digitran Sys., Inc.*, 160 F.R.D. 631, 637 (D. Utah 1994) ("The preferred shares were convertible into common stock.  Therefore, what an investor was willing to pay for such shares depended upon the value of the common stock plus some premium for the additional privileges granted to preferred shareholders.").  Tellingly, Medical Opportunities Fund does not cite to a single decision holding that a purchaser of convertible shares has less rights under the federal securities laws.

Third, Medical Opportunities Fund's *Dura* argument ignores that DAFNA will assert claims under both the Securities Act of 1933 (the "Securities Act") and the Exchange Act.  *Dura* concerned the pleading standards for claims brought under the Exchange Act; it did not concern claims brought under the Securities Act.  *See Dura*, 544 U.S. at 341.  For claims brought under the Securities Act, plaintiffs need not allege "loss causation" or "reliance."  *See, e.g., In re Metropolitan Sec. Litig.*, 532 F. Supp. 2d 1260, 1290 (E.D. Wash. 2007).  For this reason alone, Medical Opportunities Fund's speculation in its reply brief (ECF No. 38 at 1) that DAFNA may be subject to a unique defense "[i]f it is determined that DAFNA's converted shares were not 'purchased' or were purchased but not in reliance on the market price of CTI stock" is irrelevant to its Securities Act claims.

Fourth, Medical Opportunities Fund is wrong when it suggests that, under *Dura*, a purchaser of one security cannot represent a class that includes purchasers of other types of securities.  In truth, courts "often appoint purchasers of one type of securities to represent purchasers of other types of securities of the same issuer where the interests of those purchasers are aligned." *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 594 (N.D. Cal. 2009); *see also e.g.*, *Bruce v. Suntech Power Holdings Co.*, 2013 WL 6843610, at *8 (N.D. Cal. Dec. 26, 2013) (although the

[PROPOSED] SURREPLY
Case No. 2:16-cv-00216-RSL

-2-

plaintiff did not purchase convertible bonds, it could represent the bondholders in the class action because "plaintiffs' allegations rest on purported statements and omissions made by defendants and would appear to be common to all purported class members"). Here, purchasers of convertible shares and common stock have the same overriding interest in establishing Defendants' false and misleading statements that artificially inflated the price of CTI securities.

Finally, contrary to Medical Opportunities Fund's suggestion that conjuring a mere "specter" of a unique defense is enough, *Dura* did not alter the rule under the PSLRA that the investor with the largest financial loss is "the presumptively most adequate plaintiff," which can only be rebutted if there is definite "proof … that the presumptively most adequate plaintiff … is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (the PSLRA "provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case"). Here, there is no proof of any "unique defense" against DAFNA that disqualifies it from serving as lead plaintiff. Just like other members of the Class (including Medical Opportunities Fund), DAFNA purchased and seeks to recover for its losses on CTI securities caused by Defendants' misrepresentations, including losses on its preferred shares that converted to common stock during the Class Period. That Defendants hypothetically may argue later in the litigation that no purchaser of convertible shares has a viable claim is not a potential defense unique to DAFNA and, in any event, is not a sufficient basis to overcome the presumption that DAFNA should be appointed lead plaintiff. *See e.g.*, *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1053 (N.D. Cal. 2001) (appointing lead plaintiff with largest financial loss, even though it may be subject to a potential defense because its shares were all purchased within the last 15 days of the five-month Class Period).

## **CONCLUSION**

For these reasons, and those set forth in the record, the Court should appoint DAFNA as Lead Plaintiff.

[PROPOSED] SURREPLY
Case No. 2:16-cv-00216-RSL

-3-

BRESKIN JOHNSON & TOWNSEND PLLC
Roger M. Townsend
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660 • Fax: (206) 652-8290

Dated: July 6, 2016                         Respectfully submitted,

By: */s/David R. Stickney*
David R. Stickney (*pro hac vice*)

BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:    (858) 793-0323
davids@blbglaw.com
rachel.felong@blbglaw.com

*Counsel for Proposed Lead Plaintiff DAFNA and
Proposed Lead Counsel for the Class*

By: */s/ Roger M. Townsend*
Roger M. Townsend

BRESKIN JOHNSON & TOWNSEND PLLC
ROGER M. TOWNSEND, WSBA #25525
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660
Fax: (206) 652-8290
rtownsend@bjtlegal.com

*Local Counsel for Proposed Lead Plaintiff DAFNA*

[PROPOSED] SURREPLY
Case No. 2:16-cv-00216-RSL                    -4-

BRESKIN JOHNSON & TOWNSEND PLLC
Roger M. Townsend
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660 • Fax: (206) 652-8290

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ David R. Stickney*
DAVID R. STICKNEY

[PROPOSED] SURREPLY
Case No. 2:16-cv-00216-RSL

-5-

BRESKIN JOHNSON & TOWNSEND PLLC
Roger M. Townsend
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660 • Fax: (206) 652-8290