# EXHIBIT B

2011 WL 4048796, Fed. Sec. L. Rep. P 96,534

2011 WL 4048796
United States District Court, W.D. Washington,
at Seattle.

Jason MOOMJY, Plaintiff,

v.

HQ SUSTAINABLE MARITIME
INDUSTRIES, INC., et al., Defendants.

No. C11–0726RSL.
|
Sept. 12, 2011.

**Attorneys and Law Firms**

Karl Phillip Barth, Hagens Berman Sobol Shapiro LLP, Seattle, WA, for Plaintiff.

Benjamin J. Stone, Cozen O'Connor, Andrea Delgadillo Ostrovsky, Jeremy E. Roller, Yarmuth Wilsdon Calfo PLLC, Seattle, WA, Peter M. Ryan, Rachel Robbins, Robert W. Hayes, Cozen O'Connor, Philadelphia, PA, Marc D. Ashley, Marcelo Blackburn, Thomas J. McCormack, New York, NY, for Defendants.

ORDER REGARDING APPOINTMENT OF
LEAD PLAINTIFF AND LEAD COUNSEL

ROBERT S. LASNIK, District Judge.

## I. INTRODUCTION

 **\*1** This matter comes before the Court on the motions of six different plaintiffs to be appointed as lead plaintiff in these proceedings. This action was brought on behalf of all persons who purchased or otherwise acquired the common stock of HQ Sustainable Maritime Industries, Inc. between May 11, 2009 and April 1, 2011 (the "Class Period"), pursuant to § § 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b–5. [1]

Defendant describes itself as an "integrated aquaculture and aquatic product processing company, with operations based in the environmentally pristine island province of Hainan, in China's South Sea." The complaint alleges that defendants failed to disclose material facts about the company's true financial condition, business and

prospects. Pursuant to 15 U.S.C. § 78u–4(a)(3)(A) (i), plaintiff published a notice of pendency of the action over the *Business Wire* on April 28, 2011. The Court finds, and no party disputes, that the statutory procedural requirements have been met.

## II. DISCUSSION

### A. Lead Plaintiff.

Pursuant to 15 U.S.C. §§ 78u–4(a)(3)(A), six timely applications to be appointed lead plaintiff were filed. At this stage, the Court considers "the losses allegedly suffered by the various plaintiffs" before selecting a "presumptively most adequate plaintiff." *In re Cavanaugh,* 306 F.3d 726, 729 (9th Cir.2002). The presumptively most adequate plaintiff is the one who has "the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23." *Id.* Thereafter, the Court must "give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's adequacy and typicality requirements." *Id* . at 730. The *Cavanaugh* court explained, "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id.* at 732.

The Trigon Emerging Agri–Sector Fund (the "Trigon Fund") alleges losses of $1,476,735 million, which are undisputedly significantly greater than the losses suffered by any of the other proposed lead plaintiffs. The Trigon Fund also satisfies the adequacy and typicality requirements of Rule 23. The claims of the Trigon Fund are typical of the claims of other plaintiffs in the proposed class. It alleges that its losses occurred as a result of the same wrongful conduct alleged by other plaintiffs. Its claims are based on the same legal theories as other plaintiffs' claims.

It also appears that the Trigon Fund will fairly and adequately protect the interests of all class members. The Trigon Fund's certification shows that its representative has reviewed the complaint, adopted the allegations therein, and is willing to serve as the representative of the class. Although the fund is based in Estonia, the fund manager speaks English fluently, travels to the United States, and is willing to do so again to aid the Trigon Fund in fulfilling its fiduciary obligations to the class. Certainly,

Moomjy v. HQ Sustainable Maritime Industries, Inc., Not Reported in F.Supp.2d (2011)
2011 WL 4048796, Fed. Sec. L. Rep. P 96,534

the Trigon Fund's geographic remoteness might lead to some inconvenience in scheduling and communication, but those difficulties can be minimized through the use of modern travel and communications technology. There is no evidence that the Trigon Fund's interests are in conflict with those of other class members. Given its large loss, the Trigon Fund has a sufficient interest in the outcome of the litigation to ensure vigorous advocacy. The Trigon Fund has retained competent and adequate counsel. The Court finds that the Trigon Fund satisfies the requirements of 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). For these reasons, the Court affords the Trigon Fund a rebutable presumption that it is the most adequate plaintiff to prosecute the action. 15 U.S.C. § 78u–4(a)(3)(B) (iii)(I)(bb).

**\*2** The presumption can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff—(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Three of the proposed lead plaintiffs have endorsed the Trigon Fund as lead plaintiff. Dkt. 30, 31, 35. Only one challenges the appointment: Carl Schatz argues that the Trigon Fund should not be appointed because it is a resident of Estonia. As such, Schatz argues, it is subject to a unique defense: defendants may contest the Trigon Fund's ability to serve as lead plaintiff and its inclusion in the class because, "as a fund based in and subject to the laws of Estonia, it is extremely likely that the Trigon Fund would not be subject to *res judicata* for any judgment in favor of the Defendants in this case." Schatz's Reply at p. 2. However, unlike in some of the cases on which Schatz relies, the Trigon Fund is not subject to a defense of lack of subject matter jurisdiction because it purchased its shares on the AMEX, an American exchange. *See, e.g., Marsden v. Select Med. Corp.,* 246 F.R.D. 480, 486 (E.D.Pa.2007); *In re Royal Ahold N.V. Sec. & ERISA Litig.,* 219 F.R.D. 343, 351 (D.Md.2003) (finding that the court had subject matter jurisdiction over the claims of foreign investors who purchased the securities on a domestic exchange).

Moreover, courts "routinely appoint ... foreign investors ... as lead plaintiffs." *In re Tronox, Inc. Sec. Litig.,* 262 F.R.D. 338, 343–44 (S.D.N.Y.2009); *see also In re Molson Coors Brewing Co. Sec. Litig.,* 233 F.R.D. 147, 151 (D.Del.2005). Although Schatz argues that an Estonian court might not recognize the judgment, *res*

*judicata* concerns are "speculative" and "insufficient to rebut the presumption that [a foreign investor] is the most adequate plaintiff." *Mohanty v. Bigband Networks, Inc.,* 2008 U.S. Dist. LEXIS 32764 at \*20–24, 2008 WL 426250 (N.D.Cal. Feb. 14, 2008) (appointing a lead plaintiff from the Republic of Cypress); *Takeda v. Turbodyne Techs., Inc.,* 67 F.Supp.2d 1129, 1139 (C.D.Cal.1999) (explaining that *res judicata* is "not an issue with respect to the selection of Lead Plaintiffs, since those persons will clearly be bound by the judgment of the court."). Similarly, in this case, the Trigon Fund has filed a statement agreeing to be bound by any judgment by this Court. Declaration of Heiti Riisberg, (Dkt.# 47–2) at ¶ 9 ("The Fund also understands that, if appointed Lead Plaintiff in this action, it will be subject to the jurisdiction of the Court and will be bound by all rulings of the Court, including any judgments."). That statement binds the Trigon Fund.

In an attempt to rebut the presumption, Schatz has filed a declaration from a purported legal expert from Estonia, who opines that because Estonia does not allow class actions for these types of claims, "a class action judgment in the pending matter would most probably not be recognized in Estonia, and hence this would not prevent brining a claim in Estonia." Declaration of Liina Linsi, (Dkt.# 37) at ¶ 8. That declaration is unrebutted. However, the declarant also states that Estonia does recognize foreign judgments. *Id.* at ¶ 7. Taken together, the statements suggest that an Estonian court would recognize the judgment as to the Trigon Fund, but not as to any other Estonian investors. The failure to bind other Estonians is largely irrelevant at this point because (1) the declaration does not suggest that this Court could not craft a judgment that would at least bind the Trigon Fund in Estonia, (2) there is no evidence that other Estonian investors exist, and (3) the possible lack of preclusive effect as to other Estonian investors is an issue regardless of the identity of the lead plaintiff. Furthermore, even if the judgment would not bind the Trigon Fund in an Estonian court, the Trigon Fund has agreed to be bound by any judgment.

**\*3** Finally, Schatz notes that some courts have refused to certify classes that included foreign investors from countries that were unlikely to recognize a judgment. Those decisions, however, are based on whether a class that included foreign investors is a superior method of adjudication. *See, e.g., In re Vivendi Univ., S.A. Sec. Litig.,* 242 F.R.D. 76 (S.D.N.Y.2007) (excluding class

2011 WL 4048796, Fed. Sec. L. Rep. P 96,534

members from countries that were unlikely to recognize the judgment). Because the lead plaintiff inquiry focuses on typicality and adequacy, superiority is beyond the scope of this motion. The Court does not, however, ignore the implications of the Trigon Fund's residency, and it would not appoint a lead plaintiff who would likely be excluded from the class later, leaving the class without a representative. *See, e.g., Borochoff v. Glaxosmithkline PLC,* 246 F.R.D. 201, 205 (S.D.N.Y.2007) (declining to appoint as lead plaintiff a German institutional investor that purchased the securities on a foreign exchange because doing so would be "improvident" in light of the "substantial" arguments for its exclusion from the class). That possibility, however, is speculative and appears unlikely in this case in light of the fact that the Trigon Fund purchased its shares domestically, it has agreed to be bound, Estonia recognizes foreign judgments, and neither Schatz nor its Estonian declarant argues that the Trigon Fund could, as a practical matter, pursue its claim in Estonia.[2] *See, e.g., Marsden v. Select Med. Corp.,* 246 F.R.D. 480, 486 (E.D.Pa.2007). Accordingly, Schatz has not rebutted the presumption, and the Court appoints the Trigon Fund lead plaintiff.

#### B. Lead Counsel.

The PSLRA provides that once the lead plaintiff is selected, it "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u4(a)(3)(B)(v). The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court. *See In re Milestone Scientific Sec. Litig.,* 187 F.R.D. 165, 176 (D.N.J.1999). The exercise of such discretion necessitates an inquiry into the appropriateness of the appointment of more than one law firm and an independent evaluation of, among other considerations, the effectiveness of the proposed counsel structure to ensure the protection of the class. *Vincelli v. Nat'l Home Health Care Corp.,* 112 F.Supp.2d 1309, 1315 (M.D.Fla.2000). A court should approve the lead plaintiff's choice "based solely on that counsel's competence, experience, and resources." *In re MicroStrategy Inc. Sec. Litig.,* 110 F.Supp.2d 427, 438 (E.D.Va.2000).

The Trigon Fund has selected as its lead counsel Cohen Milstein Sellers & Toll, PLLC ("Cohen Milstein") based on its "understanding that the firm has extensive

experience prosecuting securities class actions and has had success litigating against other companies with operations in China." Declaration of Heiti Riisberg, (Dkt.# 17–3) at ¶ 5. During the past few years, the Cohen Milstein firm has been appointed to serve as lead counsel in two other securities class actions in this district. *In re Washington Mutual Mortgage–Backed Sec. Litig.,* Case No. C09–0037MJP (W.D.Wash. Oct. 23, 2009); *Fouad v. Isilon Sys., Inc.,* Case No. C07–1764MJP (W.D.Wash. Feb. 4, 2008). The firm has also handled other complex matters before this Court. *See, e.g., Nouri v. Boeing,* C099–1227RSL. Based on those cases and the other evidence submitted in support of this motion, the Court finds that Cohen Milstein has previous experience litigating securities class actions and the attorneys are competent to litigate the current action.

**\*4** The Trigon Fund has also selected Keller Rohrback LLP as liaison counsel. Although there is no provision in the PSLRA for the appointment of "liaison counsel," the statute does not expressly prohibit the lead plaintiff from selecting more than one law firm to represent the class. *See* 15 U.S.C. § 78u–4(a)(3)(B)(v). Furthermore, this Court's local rules require the addition of local counsel, as Cohen Milstein lacks an office in this district. The Court finds that Keller Rohrback is experienced in this area and competent to litigate this action. No party disputes the qualifications of either firm. Accordingly, the Court approves the choice of Cohen Milstein as lead counsel and Keller Rohrback as liaison counsel.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the motion of the Trigon Fund for appointment of lead plaintiff and lead counsel (Dkt.# 16). The Court DENIES the motions for appointment of lead plaintiff and lead counsel filed by Edward Gutman (Dkt.# 14), Carl Schatz (Dkt.# 18), Maric Capital Master Fund, Ltd. (Dkt.# 20), Steve Purcell (Dkt.# 22) and Asbestos Workers, Local 14 Pension Fund (Dkt.# 25).

#### All Citations

Not Reported in F.Supp.2d, 2011 WL 4048796, Fed. Sec. L. Rep. P 96,534

**Moomjy v. HQ Sustainable Maritime Industries, Inc., Not Reported in F.Supp.2d (2011)**

2011 WL 4048796, Fed. Sec. L. Rep. P 96,534

## Footnotes

| | |
|---|---|
| 1 | Because this matter can be decided based on the parties' filings and the balance of the record, their request for oral argument is denied. |
| 2 | Schatz argues that significant resources will be diverted later in this litigation regarding whether the Trigon Fund should be excluded from the class. However, that issue might arise regardless of whether the Trigon Fund is appointed lead plaintiff. |

**End of Document**

© 2016 Thomson Reuters. No claim to original U.S. Government Works.