The Honorable Robert. S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE CTI BIOPHARMA CORP SECURITIES LITIGATION | No. C16-216-RSL |
| | **<u>CLASS ACTION</u>** |
| | MEDICAL OPPORTUNITIES FUND'S NOTICE OF ADDITIONAL AUTHORITIES |

MEDICAL OPPORTUNITIES FUND'S
NOTICE OF ADDITIONAL AUTHORITIES

(Case No.: C16-216-RSL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900

Movant IPConcept (Luxemburg) S.A. on behalf of apo Medical Opportunities ("Movant" or "Medical Opportunities Fund"), pursuant to the Court's invitation at the August 25, 2016 hearing on motions for lead plaintiff, submits this Notice of Additional Authorities that are relevant to the pending motions:

1. *In re Netflix, Inc., Sec. Litig.,* 2012 WL 1496171 (N.D. Cal. Apr. 26, 2012) (attached as Exhibit 1) (explaining that there is no requirement at the lead plaintiff appointment stage to "prove a defense, only to show a degree of likelihood that a unique defense might play a significant role" during the litigation and emphasizing that "[t]he point ... is not to adjudicate the case before it has even begun, but rather to protect the absent class members from the expense of litigating defenses applicable to lead plaintiffs but not to the class as a whole.").

2. *Steamfitters Local 449 Pension Fund v. Cent. European Distribution Corp.*, No. CIV.A. 11-6247 JBS, 2012 WL 3638629, at \*9 (D.N.J. Aug. 22, 2012) (attached as Exhibit 2), *motion for relief from judgment granted sub nom. In re Cent. European Distribution Corp. Sec. Litig.*, No. CIV.A. 11-6247 JBS-K, 2012 WL 5465799 (D.N.J. Nov. 8, 2012) ("If the presumptive lead plaintiff is subject to unique defenses that are likely to become a major focus at litigation, then the presumption is rebutted and the Court must identify another lead plaintiff.").

3. *Rabin v. John Doe Mkt. Makers,* No. CIV.A. 15-551, 2015 WL 3755298, at \*5 (E.D. Pa. June 16, 2015) (attached as Exhibit 3) (appointing Rabin lead plaintiff over competitor's adequacy objection that "Rabin attempts to restrict the class by limiting the transactions that are relevant and thereby takes an action against the class's interests. … I disagree that Rabin has taken positions that are against the class's interests. Rather, I find that Rabin, by explaining that some class members' transactions were impacted by large trades by market

1

MEDICAL OPPORTUNITIES FUND'S
NOTICE OF ADDITIONAL AUTHORITIES

(Case No.: C16-216-RSL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900

makers and some transactions were not, appropriately recognizes the boundaries of class members' claims.").

4. *Pio v. Gen. Motors Co.,* No. 2:14-CV-11191, 2014 WL 6935861, at *2 (E.D. Mich. Dec. 8, 2014) (attached as Exhibit 4) (appointing New York Teachers lead plaintiff over Menora Group's typicality and adequacy objection and stating: "[T]he Menora Group has not cited a single case where a movant's representations during the lead plaintiff appointment process have been deemed admissions that later can be used by the defendant(s) against the class. … The Court is confident that New York Teachers, as promised in its response to the Menora Group's motion, will shape the litigation moving forward so as not to abandon any Class members.").

5. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (attached as Exhibit 5)  (establishing the PSLRA process for appointing lead plaintiffs in securities class action and providing that competing lead plaintiff movants may present proof that the presumptive lead plaintiff "is subject to unique defenses that render such plaintiff incapable of adequately representing the class"); *see also In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (attached as Exhibit 6)  (setting forth the PSLRA lead plaintiff process, describing second step as determining movant with greatest financial interest and typicality and adequacy of that movant based on the movant's own submissions, and third step as accepting rebuttal evidence from competing movants).

6. *In re Forcefield Energy Inc. Sec. Litig.*, 2015 WL 4476345 (S.D.N.Y. Jul. 22, 2015) (attached as Exhibit 7) (rejecting purely "speculative" argument that the movant with the largest financial loss had relied on confidential, non-public information in making her decision to purchase securities but "present[ing] no evidence" to support that accusation while the presumptive lead plaintiff "flatly denie[d]" relying on non-public information; this starkly contrasts with the current situation, where DAFNA's own submission demonstrates

2

MEDICAL OPPORTUNITIES FUND'S
NOTICE OF ADDITIONAL AUTHORITIES

(Case No.: C16-216-RSL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900

that all of its losses result from preferred shares that were converted to common shares, thereby creating a clear unique defense that is by no means "speculative").

Dated: August 29, 2016                    Respectfully submitted,


                                          By: /s/ William B. Federman
                                          William B. Federman, *Admitted Pro Hac Vice*
                                          FEDERMAN & SHERWOOD
                                          10205 North Pennsylvania Avenue
                                          Oklahoma City, OK 73120
                                          Telephone: (405) 235-1560
                                          Facsimile:  (405) 239-2112
                                          -and-
                                          2916 Maple Ave., Ste. 200
                                          Dallas, TX 75201
                                          Telephone:  (214) 696-1100
                                          wbf@federmanlaw.com

                                          *Counsel for Movant Medical Opportunities Fund*
                                          *and Proposed Lead Counsel for Plaintiffs*

                                          By:  */s/ Juli E. Farris*
                                          Juli E. Farris, WSBA #17593
                                          Keller Rohrback L.L.P.
                                          1201 Third Avenue, Suite 3200
                                          Seattle, WA 98101
                                          E: jfarris@kellerrohrback.com
                                          T: (206) 623-1900
                                          F: (206) 623-3384

                                          *Local Counsel for Movant Medical Opportunities*
                                          *Fund and Proposed Liaison Counsel for Plaintiffs*

3

MEDICAL OPPORTUNITIES FUND'S
NOTICE OF ADDITIONAL AUTHORITIES

(Case No.: C16-216-RSL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (ECF) and paper copies will be sent to those indicated as non-registered participants on August 29, 2016.

*/s/ Sarah Skaggs*
Sarah Skaggs

4

MEDICAL OPPORTUNITIES FUND'S
NOTICE OF ADDITIONAL AUTHORITIES

(Case No.: C16-216-RSL)

KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Telephone: (206) 623-1900