# EXHIBIT 4

WESTLAW    © 2016 Thomson Reuters. No claim to original U.S. Government Works.    1

EXHIBIT 4

2014 WL 6935861
Only the Westlaw citation is currently available.
United States District Court,
E.D. Michigan,
Southern Division.

George PIO, Individually and on Behalf of All Other Persons Similarly Situated, Plaintiff,
v.
GENERAL MOTORS COMPANY, Mary T. Barra, Daniel Ammann, Alan S. Batey, James B. Deluca, and Daniel F. Akerson, Defendants.

Civil Case No. 2:14–cv–11191.
|
Signed Dec. 8, 2014.

**Attorneys and Law Firms**

Patrick E. Cafferty, Cafferty Clobes Meriwether & Sprengel LLP, Ann Arbor, MI, Nancy V. Savageau, Benner, Bilicki, Farmington Hills, MI, for Plaintiffs.

Robert J. Kopecky, Timothy A. Duffy, Kirkland & Ellis, Chicago, IL, for Defendant.

**OPINION AND ORDER DENYING THE MENORA GROUP'S MOTION FOR RECONSIDERATION, FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B), AND TO STAY PROCEEDINGS**

LINDA V. PARKER, District Judge.

**\*1** On October 24, 2014, this Court issued an opinion and order appointing New York State Teachers' Retirement System ("New York Teachers") as lead plaintiff and Bernstein Litowitz Berger & Grossman LLP as lead counsel in this matter, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (ECF No. 44.) Presently before the Court is a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1, filed by other movants for the lead counsel position: Menora Mivtachim Insurance Limited and Menora Mivtachim Pensions and Gemel Limited (collectively the "Menora Group"). If the Court denies its motion, the Menora Group requests certification for interlocutory appeal. The Menora Group also asks the Court to stay all proceedings until the Court rules on its motion and any appeal therefrom.

### I. Request for Reconsideration

#### A. Standard of Review

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec,* 181 F.Supp.2d 731, 734 (E.D.Mich.2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia,* 724 F.Supp.2d 759, 780 (E.D.Mich.2010). "[A] motion for

reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.,* 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998)).

### B. Analysis

The Menora Group asserts that the Court committed three palpable defects when deciding the competing motions for lead plaintiff status: (1) "adoption of New York Teachers' misstated *Eichonholtz* [1] analysis" which the Menora Group asserts "violates the plain language of the PSLRA"; (2) "elevating the first three *Lax* factors over losses"; and (3) failing to conclude that "New York Teachers' rejection of March 12 and 13 price declines renders it inadequate [to represent the class] and atypical [of class members]". (*See* ECF No. 46 at Pg ID 1331, capitalization omitted.) Menora Group's arguments re-hash arguments previously asserted in support of its motion for lead counsel status or in response to New York Teachers' motion. This reason alone would support denial of its motion for reconsideration. Moreover, for the reasons set forth in the Court's October 24, 2014 decision and below, the Court finds no palpable error in that decision.

[1] *Eichenholtz v. Verifone Holdings, Inc.,* No. C 07–06140, 2008 WL 3925289 (N.D.Cal. Aug.22, 2008).

**\*2** First, the Court rejects the Menora Group's argument that by adopting New York Teachers' *Eichenholtz* analysis, it violated the plain language of the PSLRA. The statute creates a rebuttable presumption that the most adequate plaintiff to serve as lead plaintiff is inter alia the class member with "the largest financial interest." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb). As noted in the Court's October 24 decision, the statute does not dictate or even suggest a methodology for determining which class member has the largest financial interest in the litigation. (*See* ECF No. 46 at 5.) Nothing in the PSLRA suggests that this term equates to the damages recoverable under the act. And while courts consider "losses suffered" to be *a* factor relevant to identifying the class member with the largest financial interest, it is clear that the choice of which method to use to calculate losses suffered falls within each court's discretion *and* that only an *approximation* is required. *See Lax v. First Merchants Acceptance Corp.,* No. 97–cv–02715, 1997 WL 461036, at \*5 (N.D.Ill. Aug.11, 1997); *In re Regions Morgan Keegan Closed–End Fund Litig. .,* No. 07–02830, 2010 WL 5173851, at \*4 (W.D.Tenn. Dec.5, 2010) (citing cases).

Second, even if the Court committed error in evaluating this last *Lax* factor, the remaining three factors undisputedly favor the appointment of New York Teachers as lead plaintiff. This Court already has responded to the Menora Group's arguments that only the last factor should control the lead plaintiff determination and that the first three factors cannot be dispositive. The Court also has explained why it placed significant weight on the first three factors.[2] In its discretionary determination of which movant for lead plaintiff has the largest financial interest, the Court does not believe that it committed a palpable defect in this regard.

[2] Thus the Court finds it unnecessary to address here the Menora Group's second palpable defect argument.

In any event, and finally with respect to the Menora Group's first asserted palpable defect, the Court does not believe that it applied the *Eichenholtz* methodology incorrectly or contrary to the plain language of that decision. (*See* ECF No. 44 at 13 n. 5; *see also Eichenholtz,* 2008 WL 2095767, at \*3 n. 7 (N.D.Cal. May 14, 2008).) The Court spent a significant amount of time analyzing the calculations provided by the parties in their briefs and in their experts' reports. As emphasized in the Court's initial decision, delaying the litigation to spend more time picking apart and debating the parties' calculations at this stage of the litigation runs counter to the legislature's direction that the appointment of a lead plaintiff should be done expeditiously.

The Menora Group also challenges the Court's determination that New York Teachers satisfies Rule 23's adequacy and typicality requirements. In response, the Court returns to its statement that application of the *Lax* factors for the lead plaintiff inquiry requires only an approximate loss analysis. As such, there is no expectation that the movants are proffering precise

calculations of actual damages or that they are bound to either their calculation methods or the facts used to make those calculations. The Court finds it doubtful that when ultimately attempting to demonstrate damages, New York Teachers will not use an analysis that maximizes the entire Class' potential recovery. Further, the Menora Group has not cited a single case where a movant's representations during the lead plaintiff appointment process have been deemed admissions that later can be used by the defendant(s) against the class. Notably in his report, New York Teachers' expert, Steven Feinstein, expressly "reserved the right ... to make any corrections or changes to [his] methodology, as appropriate, should [he] be asked to opine on any aspect of the above referenced matter at any later stage of the litigation process." (ECF No. 42–3 at Pg ID 1176.)

**\*3** For these reasons, the Court concludes that it did not commit a palpable defect in its lead plaintiff analysis requiring a different disposition of the competing motions for that position.

## II. Request for Certification Under 28 U.S.C. § 1292(b)

### A. Applicable Standard

A district court has the discretion to grant permission to a party to appeal a non-final order if: (1) the challenged directive "involves a controlling question of law"; (2) a "substantial ground for difference of opinion" exists regarding the correctness of the decision; and, (3) an immediate appeal "may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "[D]istrict court judges have broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.,* 574 F.Supp.2d 369, 370 (S.D.N.Y.2008) (citation omitted). When exercising this discretion, this Court must heed the Sixth Circuit Court of Appeals' warning that interlocutory review should be "granted sparingly and only in exceptional cases." *In re City of Memphis,* 293 F.3d 345, 350 (6th Cir.2002).

A decision "involves a controlling question of law" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Baker & Getty Fin. Services, Inc.,* 954 F.2d 1169, 1172 n. 8 (6th Cir.1992). Sixth Circuit law establishes that " 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.,* Nos. 04–40132, 06–12311, 2010 WL 940164, at \*3 (E.D.Mich. Mar.10, 2010) (citing *In re City of Memphis,* 293 F.3d at 350–51). District courts in this Circuit have held that this occurs where: (1) an issue is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit concerning the issue; or, (3) the circuits are split on the issue. *Id.* (citing *Gaylord Entm't. Co. v. Gilmore Entm't. Grp.,* 187 F.Supp.2d 926, 956 (M.D.Tenn.2001)). The moving party satisfies the third requirement where the resolution of a controlling legal question would avoid trial, as well as when it would "otherwise substantially shorten the litigation." *The Clark Constr. Group, Inc. v. Allglass Sys., Inc.,* No. Civ. A. DKC 2002–1590, 2005 WL 736606, at \*4 (D.Md. Mar.30, 2005) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 432 (2nd ed.1996)). In other words, "[a]n interlocutory appeal materially advances litigation when it 'saves judicial resources and litigant expense.' " *Newsome v. Young Supply Co.,* 873 F.Supp.2d 872, 878 (E.D.Mich.2012) (quoting *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis,* 138 F.Supp.2d 1015, 1026 (W.D.Tenn.2000)).

### B. Analysis

The Menora Group asks the Court to certify three issues for interlocutory appeal:

> **\*4** (1) whether approximate losses suffered is the dispositive factor in the financial interest analysis; (2) whether the utilization of a loss methodology that posts an arbitrary and artificial price per share instead of the actual purchase price paid is a valid method for determining a plaintiff's financial interest under the PSLRA; and (3) whether a lead plaintiff movant that denies the validity of alleged price declines in the only operative complaint is adequate to represent the Class and/or has claims that are not typical of the Class pursuant to the requirements of 15 U.S.C. 78–(a) 3(b)(iii)(ccc) and Rule 23 of the Federal Rules of Civil Procedure.

(ECF No. 46 at Pg ID 1356–57.)

The Menora Group's request for certification could be denied solely because an immediate appeal would not materially advance the ultimate termination of this litigation. An immediate appeal of the Court's lead counsel determination would neither avoid trial, shorten the litigation, nor save judicial resources or litigant expense. Instead, it would hijack the class action to focus on an issue peripheral to the claims against Defendants.

For just that reason, courts have declined to certify lead plaintiff decisions for interlocutory appeal. *See, e.g., In re Oxford Health Plans, Inc.,* 182 F.R.D. 51, 53 (S.D.N.Y.1998); *Peters v. Jinkosolar Holding Co., Ltd.,* No. 11 Civ. 7133, 2012 WL 946875, at *13 (S.D.N.Y. Mar.19, 2012); *In re Central European Distrib. Corp. Sec. Litig.,* No. 11–6247, 2012 WL 5511711, at *2 (D.N.J. Nov.14, 2012); *In re Spectranetics Corp. Sec. Litig.,* No. 08–cv–02048, 2009 WL 4268291, at *4 (D.Colo. Nov.19, 2009). As the District Court for the District of Colorado recently explained:

> [A]n interlocutory resolution of the lead plaintiff issue by the United States Court of Appeals for the Tenth Circuit will not cause any of the parties to abandon any of their claims and defenses, reach a settlement of any or all of the plaintiffs' claims more quickly, or otherwise cause the ultimate resolution of the plaintiffs' claims to occur more quickly than it would otherwise. In other words, resolution of the claims at issue in this case are not dependent on who is designated as the lead plaintiff.

*In re Spectranetics Corp. Sec. Litig.,* 2012 WL 5511711, at *2. The District Court for the Southern District of New York similarly reasoned in *Oxford Health Plans:*

> This Court has already determined which plaintiffs will control the litigation and the case is ready to proceed under that structure. The time required to conclude the litigation is solely a function of the number and extent of the contested issues of fact and law arising out of the underlying merits of the claims and defenses; these do not change with the identity of the lead plaintiffs. It appears to the Court that rather than advancing the litigation, certification would substantially delay it in this case.

182 F.R.D. at 53.

The Menora Group's threat to file a separate class action as proof that an immediate appeal will "materially advance the ultimate termination of the litigation" does not warrant a response from the Court.[3] (ECF No. 46 at Pg ID 1360.) In any event, as indicated earlier, the Court does not believe that New York Teachers' calculations for purposes of assessing the fourth *Lax* factor may be used defensively to limit Class members' damages. The Court is confident that New York Teachers, as promised in its response to the Menora Group's motion, will shape the litigation moving forward so as not to abandon any Class members. (ECF No. 51 at Pg ID 1399 ("[T]he Court can be reassured that New York Teachers takes its responsibility as lead plaintiff very seriously ... and is preparing and will file a consolidated complaint that will allege all actionable disclosures of the fraud and assert the strongest possible facts supporting the claims of the class.".)

[3]
> The Menora Group asserts in its motion:
> > [A]bsent reconsideration or interlocutory appeal, Menora will need to pursue a separate class action on behalf of Class members that New York Teachers has abandoned in its denial of loss causation and damages associated with the price declines in the Complaint for March 12 and 13. Requiring Menora to file a separate action will unnecessarily prolong the litigation and multiply the expense and complexity of the case.
> (ECF No. 46 at Pg ID 1360.)

**\*5** The Court additionally concludes that an interlocutory appeal would not resolve "a controlling question of law[.]" The Menora Group fails to elaborate on how a resolution of the issues presented would materially affect the outcome of this litigation. In any event, the choice of a lead plaintiff fell within this Court's discretion and the Sixth Circuit has held that "[a]

legal question of the type envisioned in § 1292(b) ... generally does not include matters within the discretion of the trial court." *In re City of Memphis,* 293 F.3d at 351 (citing *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994)).

For these reasons, the Court concludes that the decision appointing New York Teachers as lead plaintiff should not be certified for interlocutory appeal.

### III. Request for a Stay

In its pending motion, the Menora Group asks the Court to stay the proceedings through the determination of the motion for reconsideration or, alternatively, determination of an interlocutory appeal. As the Court is addressing the Menora Group's request for reconsideration and declining to certify the matter for interlocutory appeal, there is no need for a stay.[4]

[4] The Court understands that the parties may want to adjust the previously stipulated deadlines reflected in the Court's November 4, 2014 Scheduling Order (*See* ECF No. 48) as a result of any delay in the Court's adjudication of the Menora Group's motion. If that is the case, the parties should submit a stipulated proposed revised scheduling order within seven (7) days of this Opinion and Order.

### IV. Conclusion

For the reasons stated, the Court finds no palpable defect in its decision appointing New York Teachers as lead plaintiff in this litigation. That decision does not present the "exceptional case" where interlocutory review pursuant to 28 U.S.C. § 1292(b) is warranted. Having denied the Menora Group's request for reconsideration and interlocutory appeal, the Court finds no need for a stay.

Accordingly,

**IT IS ORDERED,** that the Menora Group's "Motion for Reconsideration of Order Denying Motion for Appointment as Lead Plaintiff or Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), Together with a Motion to Stay All Proceedings Until the Determination of these Motions and Any Appeal Therefrom" (ECF No. 46) is **DENIED.**

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 693586