EXHIBIT 5

KeyCite Yellow Flag - Negative Treatment
Proposed Legislation
United States Code Annotated
  Title 15. Commerce and Trade
    Chapter 2B. Securities Exchanges (Refs & Annos)

15 U.S.C.A. § 78u-4

§ 78u-4. Private securities litigation

Effective: July 22, 2010

Currentness

**(a) Private class actions**

**(1) In general**

The provisions of this subsection shall apply in each private action arising under this chapter that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.

**(2) Certification filed with complaint**

**(A) In general**

Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that--

**(i)** states that the plaintiff has reviewed the complaint and authorized its filing;

**(ii)** states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;

**(iii)** states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

**(iv)** sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

**(v)** identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

**(vi)** states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

**(B) Nonwaiver of attorney-client privilege**

The certification filed pursuant to subparagraph (A) shall not be construed to be a waiver of the attorney-client privilege.

**(3) Appointment of lead plaintiff**

**(A) Early notice to class members**

**(i) In general**

Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--

**(I)** of the pendency of the action, the claims asserted therein, and the purported class period; and

**(II)** that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

**(ii) Multiple actions**

If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter

is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).

### (iii) Additional notices may be required under Federal rules

Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure.

### (B) Appointment of lead plaintiff

#### (i) In general

Not later than 90 days after the date on which a notice is published under subparagraph (A)(i), the court shall consider any motion made by a purported class member in response to the notice, including any motion by a class member who is not individually named as a plaintiff in the complaint or complaints, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

#### (ii) Consolidated actions

If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination required by clause (i) until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph.

#### (iii) Rebuttable presumption

##### (I) In general

Subject to subclause (II), for purposes of clause (i), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--

(aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);

**(bb)** in the determination of the court, has the largest financial interest in the relief sought by the class; and

**(cc)** otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**(II) Rebuttal evidence**

The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--

**(aa)** will not fairly and adequately protect the interests of the class; or

**(bb)** is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

**(iv) Discovery**

For purposes of this subparagraph, discovery relating to whether a member or members of the purported plaintiff class is the most adequate plaintiff may be conducted by a plaintiff only if the plaintiff first demonstrates a reasonable basis for a finding that the presumptively most adequate plaintiff is incapable of adequately representing the class.

**(v) Selection of lead counsel**

The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.

**(vi) Restrictions on professional plaintiffs**

Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.