The Honorable Robert S. Lasnik

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN RE CTI BIOPHARMA CORP.
SECURITIES LITIGATION

Case No. 2:16-cv-00216-RSL

STIPULATED MOTION FOR
(I) PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT;
(II) CERTIFICATION OF THE
SETTLEMENT CLASS; AND
(III) APPROVAL OF NOTICE TO
THE SETTLEMENT CLASS

**NOTE ON MOTION CALENDAR:**
September 1, 2017

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

BRESKIN │ JOHNSON │ TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ................................................................................. iii

MOTION ............................................................................................................ 1

I.    PRELIMINARY STATEMENT ................................................... 2

II.   HISTORY OF THE LITIGATION ............................................... 3

      A.    Selection Of Lead Plaintiff, Preparation Of The Complaint, And Opposition To Defendants' Motion To Dismiss .................................... 3

      B.    Settlement Negotiations ............................................................. 5

III.  THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL .................. 6

      A.    The Settlement Is The Result Of Good Faith, Arm's-Length Negotiations By Well-Informed And Experienced Counsel ................................. 9

      B.    The Substantial Benefits For The Settlement Class, Weighed Against the Litigation Risks, Support Approval ........................................ 10

      C.    Lead Plaintiff's Understanding Of The Strengths And Weaknesses Of Its Claims Supports Preliminary Approval ......................................... 12

IV.  CERTIFICATION OF THE SETTLEMENT CLASS FOR PURPOSES OF THE SETTLEMENT IS APPROPRIATE .................................................. 13

      A.    The Requirements Of Rule 23(a) Are Met ............................................ 14

          1.    Numerosity Is Established ................................................. 14

          2.    Commonality Is Established ............................................. 14

          3.    Typicality Is Established .................................................. 15

          4.    Adequacy Is Established .................................................. 16

      B.    The Requirements Of Rule 23(b)(3) Are Met ........................................ 16

          1.    Common Questions Predominate ................................... 17

          2.    A Class Action Is A Superior Method Of Adjudicating Plaintiffs' Claims ................................................. 17

V.    NOTICE TO THE SETTLEMENT CLASS IS WARRANTED .................... 18

VI.  PROPOSED SCHEDULE OF SETTLEMENT EVENTS ................................ 19

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT        -i-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Case 2:16-cv-00216-RSL   Document 103   Filed 09/01/17   Page 3 of 28

VII.    CONCLUSION ................................................................................................ 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -ii-
(Case No. 2:16-cv-00216-RSL)

BRESKIN ǀ JOHNSON ǀ TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

# TABLE OF AUTHORITIES

**CASES**                                                                 **PAGE(S)**

*Blackie v. Barrack,*
   524 F.2d 891 (9th Cir. 1975) ...................................................................17

*In re Bridgepoint Educ., Inc. Sec. Litig.*,
   2015 WL 224631 (S.D. Cal. Jan. 15, 2015)............................................15

*Brown v. China Integrated Energy Inc.*,
   2015 WL 12712081 (C.D. Cal. Aug. 19, 2015).......................................12

*Ching v. Siemens Indus., Inc.*,
   2014 WL 2926210 (N.D. Cal. June 27, 2014) ..........................................6

*Churchill Vill., L.L.C. v. Gen. Elec.*,
   361 F.3d 566 (9th Cir. 2004) .....................................................................8

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ................................................................6, 7

*Crossen v. CV Therapeutics*,
   2005 WL 1910928 (N.D. Cal. Aug. 10, 2005) .......................................15

*Dyer v. Wells Fargo Bank, N.A.*,
   303 F.R.D. 326 (N.D. Cal. 2014)............................................................10

*Ellis v. Naval Air Rework Facility*,
   87 F.R.D. 15 (N.D. Cal. 1980), *aff'd*, 661 F.2d 939 (9th Cir. 1981) ........8

*Glass v. UBS Fin. Servs., Inc.*,
   2007 WL 221862 (N.D. Cal. Jan. 26, 2007), *aff'd*, 331 Fed. Appx. 452 (9th
   Cir. 2009) .................................................................................................13

*Goodwin v. Winn Mgmt. Grp. LLC*,
   2017 WL 3173006 (E.D. Cal. July 26, 2017) ...........................................8

*Gragg v. Orange CAB Co., Inc.*,
   2017 WL 785170 (W.D. Wash. Mar. 1, 2017) ..........................................7

*Grannan v. Alliant Law Grp., P.C.*,
   2012 WL 216522 (N.D. Cal. Jan. 24, 2012)...........................................12

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   134 S. Ct. 2398 (2014)............................................................................17

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT     -iii-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ...................................................................14, 16

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ...........................................................................15

*Hatamian v. Advanced Micro Devices, Inc.*,
  2016 WL 1042502 (N.D. Cal. Mar. 16, 2016)...............................................15, 16

*In re Heritage Bond Litig.*,
  2005 WL 1594403 (C.D. Cal. June 10, 2005) ....................................................9

*Hicks v. Morgan Stanley & Co.*,
  2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) .....................................................9

*In re High-Tech Emp. Antitrust Litig.*,
  2013 WL 6328811 (N.D. Cal. Oct. 30, 2013)......................................................9

*Horn v. Bank of Am., N.A.*,
  2014 WL 1455917 (S.D. Cal. Apr. 14, 2014) ....................................................13

*Hughes v. Microsoft Corp.*,
  2001 WL 34089697 (W.D. Wash. Mar. 26, 2001) ...............................................7

*In re Immune Response Sec. Litig.*,
  497 F. Supp. 2d 1166 (S.D. Cal. 2007)...............................................................19

*In re Juniper Networks, Inc. Sec. Litig.*,
  264 F.R.D. 584 (N.D. Cal. 2009).........................................................13, 14, 17

*Linney v. Cellular Alas. P'ship*,
  151 F.3d 1234 (9th Cir. 1998) ...........................................................................6

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .............................................................................8

*Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .......................................................................7

*Nguyen v. Radient Pharms. Corp.*,
  287 F.R.D. 563 (C.D. Cal. 2012) ......................................................................15

*Officers for Justice v. Civil Service Comm'n of City and Cty. of San Francisco*,
  688 F.2d 615 (9th Cir. 1982) .............................................................................6

*Pierce v. Novastar Mortg., Inc.*,
  2007 WL 1847216 (W.D. Wash. June 27, 2007)..................................................7

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

-iv-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ................................................................8, 18

*Syed v. M-I, L.L.C.*,
  2017 WL 3190341 (E.D. Cal. July 27, 2017) ...........................................7

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ..................................................................6

*In re Tableware Antitrust Litig.*,
  484 F. Supp. 2d 1078 (N.D. Cal. 2007) ....................................................9

*In re THQ Sec. Litig.*,
  2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) .........................................14

*In re VeriSign Inc., Sec. Litig.*,
  2005 WL 7877645 (N.D. Cal. Jan. 13, 2005) ..........................................14

*In re Veritas Software Corp. Sec. Litig.*,
  496 F.3d 962 (9th Cir. 2007) ..................................................................18

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
  2017 WL 672820 (N.D. Cal. Feb. 16, 2017) .............................................9

*Williams v. Costco Wholesale Corp.*,
  2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ...............................................7

*In re Wireless Facilities, Inc. Sec. Litig. II*,
  253 F.R.D. 607 (S.D. Cal. 2008) .......................................................13, 18

**STATUTES, RULES AND OTHER AUTHORITIES**

15 U.S.C. § 78u-4(a)(7) ...............................................................................18

28 U.S.C. § 1715(b), (d) ...............................................................................19

Fed. R. Civ. P. 23 ................................................................................ *passim*

ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 22:16 (4th
  ed. 2002) ...............................................................................................14

Cornerstone Research, *Securities Class Action Settlements*, 2016 Review and
  Analysis (2017)......................................................................................11

Stefan Boettrich & Svetlana Starykh, NERA Economic Consulting, *Recent
  Trends in Securities Class Action Litigation: 2016 Full-Year Review* (2017) .......11

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -v-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## MOTION

Pursuant to the Stipulation and Agreement of Settlement dated September 1, 2017 (the "Stipulation") entered into between the Parties and filed herewith, Lead Plaintiff, DAFNA LifeScience, LP and DAFNA LifeScience Select, LP ("DAFNA" or "Lead Plaintiff"), moves pursuant to Fed. R. Civ. P. 23 for entry of the Parties' agreed-upon proposed order preliminarily approving the Settlement and providing for notice (the "Preliminary Approval Order"), attached hereto as Exhibit 1.  If entered, the Preliminary Approval Order will:

(1)     preliminarily approve the proposed Settlement to resolve this Action in exchange for a cash payment of $20,000,000.00;

(2)     certify the Settlement Class for purposes of the Settlement;

(3)     approve the form, content and manner of providing notice to Settlement Class Members; and

(4)     schedule a hearing, and certain deadlines related thereto, concerning final approval of the Settlement, approval of the proposed plan of allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

The specific provisions of the proposed Settlement and its defined terms are set forth in the Stipulation.[1]  The relief sought in this motion has been agreed to by Defendants pursuant to the Stipulation and Lead Plaintiff is aware of no opposition to this Motion.[2]

---

[1] All capitalized terms not otherwise defined herein have the same meaning ascribed to them in the Stipulation, attached hereto as Exhibit 2.  The Settlement Class includes all persons and entities who purchased or otherwise acquired any shares of (i) CTI common stock; (ii) CTI Series N-1 Preferred Stock; and/or (iii) CTI Series N-2 Preferred Stock other than shares of such securities that traded on an exchange outside the United States during the period from March 9, 2015 through February 9, 2016, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are Defendants and certain related parties, as well as any putative Settlement Class Members that exclude themselves by submitting a request for exclusion in accordance with requirements set forth in the Notice that is accepted by the Court.

[2] Accordingly, this unopposed motion is captioned as a "stipulated motion," and is submitted pursuant to the Parties' Stipulation and with the Parties' agreed-upon form of proposed Preliminary Approval Order.  Defendants have stipulated to the relief, but have not adopted the contents of the motion.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                                    -1-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## MEMORANDUM OF LAW

### I.      PRELIMINARY STATEMENT

The Parties reached a proposed resolution of this securities class action in exchange for a cash payment of $20,000,000.00 for the benefit of the Settlement Class.  Lead Plaintiff now requests that the Court preliminarily approve the proposed Settlement.  As set forth below, the Parties reached the Settlement only after more than a year and half of litigation and good-faith, arm's-length negotiations between sophisticated parties and experienced counsel, including extensive mediation conducted by an experienced mediator, Jed D. Melnick, Esq. of JAMS ADR.  Lead Plaintiff respectfully submits that the proposed Settlement is a very favorable outcome for the Settlement Class.  If approved, the Settlement represents a substantial recovery that falls well within the range of possible approval and avoids myriad litigation risks.

Entry of the Parties' agreed-upon proposed Preliminary Approval Order will begin the process of the Court's consideration of the proposed Settlement and will authorize notice to be sent to the Settlement Class describing the Settlement's terms and conditions.  A final approval hearing (the "Settlement Hearing") will then be conducted to enable the Court to make a final determination as to whether the Settlement is fair, reasonable, and adequate.

If the Court grants preliminary approval of the proposed Settlement, notice will be given to members of the Settlement Class informing them of their right to object or opt out of the Settlement Class and the date for the final Settlement Hearing.  In advance of the final Settlement Hearing, Lead Plaintiff will submit comprehensive final approval papers that describe Lead Plaintiff's and Lead Counsel's basis for approving the Settlement.  These papers will include Lead Plaintiff's motion for final approval of the proposed Settlement and Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, along with detailed supporting declarations.

Lead Plaintiff respectfully proposes the schedule set forth below at pages 19-20 for events related to Notice, Lead Plaintiff's motion for final approval and the Settlement Hearing.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -2-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## II.  HISTORY OF THE LITIGATION

### A.  Selection Of Lead Plaintiff, Preparation Of The Complaint, And Opposition To Defendants' Motion To Dismiss

On August 25, 2016, the Court held a hearing to select the lead plaintiff and lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  On September 2, 2016, the Court appointed DAFNA as Lead Plaintiff and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel.  ECF No. 50.

Lead Counsel undertook extensive research and investigation to prepare the Consolidated Class Action Complaint (the "Complaint").  ECF No. 65.  That investigation included, among other things, identifying and speaking with over 45 potential witnesses, including former CTI employees and representatives from other drug development companies.  Lead Counsel also consulted relevant experts, including Richard Guarino, M.D., an expert on the FDA's standards and regulations for the drug approval process with over 40 years of experience in the pharmaceutical industry; and Bjorn Steinholt, a financial economist at Caliber Advisors who frequently serves as an expert in complex securities litigations on damages and loss causation issues.  Lead Counsel's investigation also included a comprehensive review and analysis of: (i) CTI's public filings with the SEC; (ii) research reports by securities and financial analysts; (iii) transcripts of CTI's earnings conference calls and presentations; (iv) CTI's press releases; (v) relevant medical literature; (vi) news and media reports concerning the Company; and (vii) data reflecting the trading and pricing of CTI Securities.  In addition, Lead Counsel reviewed documents that it obtained through its filing of a Freedom of Information Act ("FOIA") request to the FDA.

On November 8, 2016, Lead Plaintiff and additional plaintiff, Michael Li (together with Lead Plaintiff, "the Plaintiffs"), filed and served the Complaint.  The Complaint asserts claims under Section 11 of the Securities Act of 1933 (the "Securities Act") against CTI, the Individual Defendants and the Underwriter Defendants; claims under Section 12(a)(2) of the Securities Act

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -3-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

against the Underwriter Defendants; and claims under Section 15 of the Securities Act against Defendant James A. Bianco.   The Complaint also asserts claims under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against CTI and James Bianco, and claims under Section 20(a) of the Exchange Act against James Bianco.

The Complaint alleges that the Offering Materials issued by Defendants in connection with the October 2015 offering of CTI Series N-1 Preferred Stock and the December 2015 offering of CTI Series N-2 Preferred Stock contained materially false statements and misleading omissions concerning CTI's drug candidate, pacritinib, and the results of a Phase III trial of that drug.   The Complaint alleges that CTI and James Bianco made additional misstatements and omissions concerning pacritinib during investor conferences and in press releases.   The Complaint further alleges that the truth concealed by the alleged misstatements and omissions was revealed on February 8 and 9, 2016, when CTI disclosed that the FDA placed a hold on clinical trials for pacritinib.

On January 9, 2017, Defendants filed and served their motions to dismiss the Complaint. ECF Nos. 85, 87.   On February 6, 2017, Plaintiffs filed and served their opposition to Defendants' motions (ECF No. 91) and, on February 22, 2017, Defendants filed and served their reply papers.   ECF Nos. 92-94.   On June 15, 2017, Plaintiffs filed a Notice of Supplemental Authority in further support of their Opposition to Defendants' motions.   ECF No. 100.

During the pendency of Defendants' motions to dismiss, Lead Plaintiff and Lead Counsel continued to investigate the claims and monitor CTI's financial condition.   CTI's financial condition deteriorated markedly since the underlying events at issue, and Lead Plaintiff and Lead Counsel were aware that the Individual Defendants' available insurance continued to deplete. According to the Company's SEC filings, the Company's auditor has "substantial doubt about [CTI's] ability to continue as a going concern," and the Company has a deficit of approximately $2.2 billion and expects to continue to incur net losses.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                -4-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

B.    **Settlement Negotiations**

On February 13, 2017, Lead Plaintiff and the CTI Defendants engaged Mr. Melnick to serve as the mediator.  Mr. Melnick is a nationally-regarded mediator who has mediated over 1,000 disputes, including securities class action disputes involving Adelphia, Enron, Lehman Brothers Directors and other major NYSE and NASDAQ corporations.

The Parties participated in two in-person mediation sessions before Mr. Melnick. The first session occurred on March 29, 2017 in New York.  In advance of the first mediation session, Lead Plaintiff and the CTI Defendants exchanged and submitted detailed confidential mediation statements. The mediation statements contained the Parties' respective views on liability, damages and CTI's financial condition. As part of the mediation process, CTI provided Lead Plaintiff with core internal documents relevant to the Parties' dispute.  Despite the Parties' good faith negotiations, the first mediation session ended with the Parties far apart and without any agreement being reached.

Following the March 29, 2017 mediation session, Lead Plaintiff and the CTI Defendants continued to exchange information and remain in contact with the assistance of Mr. Melnick.  On June 26, 2017, Lead Plaintiff and the CTI Defendants convened for a second mediation session in New York after exchanging supplemental mediation briefs to address developments since the first mediation.  This second mediation session again ended with the Parties at an impasse and without reaching agreement.

The mediator continued to work with the parties to break the impasse. With the process ongoing, Lead Plaintiff made a non-negotiable demand of $20 million in cash to resolve the case, subject to a deadline, Court approval and customary conditions.  On August 3, 2017, the Parties reached an agreement in principle to settle the Action, which was memorialized in a term sheet executed that day (the "Term Sheet").  The Term Sheet sets forth the Parties' agreement to settle the Action in exchange for a cash payment of $20 million for the benefit of the Settlement Class,

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -5-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

subject to certain terms and conditions and the execution of a stipulation and agreement of settlement and related papers.

On August 4, 2017, the Parties notified the Court that they had reached an agreement to settle the Action and executed a confidential term sheet.  ECF No. 101.  The Parties then negotiated and prepared the Stipulation of Settlement, attached hereto as Exhibit 2, which sets forth the full terms of the Settlement.[3]

As discussed further below, Lead Plaintiff submits that the Settlement warrants preliminary approval, in light of the substantial benefit achieved for the Settlement Class through the Settlement, the significant costs and risks of continued litigation, and the fact that the proposed Settlement is the result of arm's-length negotiations by sophisticated parties and experienced counsel overseen by a well-respected mediator.  It is further submitted that preliminary certification of the Settlement Class for purposes of the Settlement is warranted.

**III.**     **THE PROPOSED SETTLEMENT MERITS PRELIMINARY APPROVAL**

The Ninth Circuit has long recognized a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."  *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008).[4]  Generally, "unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results."  *Ching v. Siemens Indus., Inc.*, 2014 WL 2926210, at *4 (N.D. Cal. June 27, 2014) (citation omitted).

---

[3] As detailed in the Notice, the Stipulation provides that the CTI Defendants (provided they unanimously agree) have the right to terminate the Settlement if valid requests for exclusion from persons or entities entitled to be members of the Settlement Class exceed an amount agreed to by Lead Plaintiff and the CTI Defendants, as set forth in the confidential Supplemental Agreement.  The Supplemental Agreement is available for the Court's *in camera* review upon request.

[4] *See also Linney v. Cellular Alas. P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998); *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *Officers for Justice v. Civil Service Comm'n of City and Cty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution.").

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                                    -6-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Federal Rule of Civil Procedure 23(e) requires court approval of any proposed settlement of a class action to determine whether it is "fair, reasonable and adequate." Fed. R. Civ. P 23(e)(2); *Class Plaintiffs*, 955 F.2d at 1276. Judicial review of a proposed class action settlement consists of a two-step process: (i) preliminary approval, and (ii) a subsequent settlement fairness hearing. *See, e.g.*, *Syed v. M-I, L.L.C.*, 2017 WL 3190341, at *2 (E.D. Cal. July 27, 2017); *Williams v. Costco Wholesale Corp.*, 2010 WL 761122, at *5-6 (S.D. Cal. Mar. 4, 2010); *Pierce v. Novastar Mortg., Inc.*, 2007 WL 1847216, at *3 (W.D. Wash. June 27, 2007); *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004) ("Approval under 23(e) involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted.").

In the first step, the Court makes a preliminary evaluation of the fairness of the settlement. If the proposed settlement falls within the range of what could be found "fair, adequate, and reasonable," preliminary approval is appropriate, notice may be given to the proposed class, and a hearing for final approval can be scheduled.[5] "Given that some . . . factors cannot be fully assessed until the Court conducts the Final Approval Hearing, 'a full fairness analysis is unnecessary at this stage.'" *Williams*, 2010 WL 761122, at *5 (citation omitted). Instead, at this preliminary stage, "the Court need only determine whether the proposed settlement appears on its face to be fair" and "falls within the range of possible [judicial] approval." *Id.* at *5-6. In making this preliminary determination, the fact that the settlement was reached through vigorous arm's-length negotiations by experienced counsel is entitled to considerable weight.[6] Preliminary approval is granted where, as here, the settlement "appears to

---

[5] *Williams*, 2010 WL 761122, at *5-6; *Class Plaintiffs*, 955 F.2d at 1276.

[6] *See, e.g.*, *Gragg v. Orange CAB Co., Inc.*, 2017 WL 785170, at *1 (W.D. Wash. Mar. 1, 2017) (Lasnik, J.) (preliminarily approving settlement that "resulted from extensive arm's-length negotiations, with participation of an experienced mediator"); *Hughes v. Microsoft Corp.*, 2001 WL 34089697, at *7 (W.D. Wash. Mar. 26, 2001) ("counsel's opinion is accorded considerable

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -7-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does

2    not improperly grant preferential treatment to class representatives or segments of the class, and

3    falls with the range of possible approval." *Goodwin v. Winn Mgmt. Grp. LLC*, 2017 WL

4    3173006, at *3 (E.D. Cal. July 26, 2017).

5         When the Court makes the ultimate determination at a later point following the final

6    Settlement Hearing as to whether the Settlement is fair, reasonable, and adequate, the Court will

7    be asked to review the following factors:  (i) the strength of Lead Plaintiff's case; (ii) the risk,

8    expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class

9    action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of

10   discovery completed and the stage of the proceedings; (vi) the experience and views of counsel;

11   and (vii) the reaction of Settlement Class Members to the proposed settlement.[7]

12        At this point, the Court need not resolve the ultimate question of whether the Settlement

13   is fair, reasonable, and adequate.  Instead, Lead Plaintiff requests at this time that the Court take

14   the first step in the settlement approval process and grant preliminary approval of the Settlement,

15   such that notice of the Settlement may be sent to the Settlement Class.  As will be detailed

16   further in Lead Plaintiff's subsequent motion for final approval of the Settlement supported by

17   detailed declarations, and as summarized below, the factors considered by courts in granting

18   final approval of class action settlements also show that this Settlement is fair, reasonable,

19   adequate, and well within the range of approval.

---

22   weight" in reviewing "the fairness and adequacy of the proposed settlement"); *Ellis v. Naval Air
23   Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("the fact that experienced counsel involved
24   in the case approved the settlement after hard-fought negotiations is entitled to considerable
     weight"), *aff'd*, 661 F.2d 939 (9th Cir. 1981).

25   [7] *See Rodriguez v. West Publ'g Corp.,* 563 F.3d 948, 963 (9th Cir. 2009); *In re Mego Fin. Corp.
26   Sec. Litig.,* 213 F.3d 454, 458 (9th Cir. 2000); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566,
     575 (9th Cir. 2004).

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1
2

**A.     The Settlement Is The Result Of Good Faith, Arm's-Length**
**<u>Negotiations By Well-Informed And Experienced Counsel</u>**

3

4           In assessing the adequacy of a settlement, courts accord considerable weight to the

5    opinion of experienced and informed counsel in evaluating a proposed class action settlement, as

6    counsel is "most closely acquainted with the facts of the underlying litigation." *In re Heritage*

7    *Bond Litig.*, 2005 WL 1594403, at *9 (C.D. Cal. June 10, 2005) (citations omitted).   The

8    settlement is entitled to "an initial presumption of fairness" where it is "the result of arm's-length

9    negotiations among experienced counsel." *In re High-Tech Emp. Antitrust Litig.*, 2013 WL

10   6328811, at *1 (N.D. Cal. Oct. 30, 2013); *accord In re Volkswagen "Clean Diesel" Mktg., Sales*

     *Practices, & Prods. Liab. Litig.*, 2017 WL 672820, at *10 (N.D. Cal. Feb. 16, 2017).

11          Here, Lead Counsel has decades of experience prosecuting securities class actions, and

12   Lead Plaintiff is a sophisticated institutional investor who actively participated throughout the

13   litigation and during the Settlement negotiations.   The Settlement was achieved only after two

14   separate mediations, followed by extensive additional arm's-length negotiations overseen by Mr.

15   Melnick, a highly respected and experienced mediator.   As part of those negotiations, Lead

16   Counsel and counsel for Defendants prepared and exchanged multiple confidential statements

17   concerning, among other things, the merits of Lead Plaintiff's claims, Defendants' defenses,

18   issues relating to damages, and the CTI Defendants' ability to pay a judgment.   After intense

19   back-and-forth negotiations, the Parties reached an agreement in principle to settle the Action

20   and executed the Term Sheet. *See, e.g.*, *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078,

21   1079 (N.D. Cal. 2007) (A "proposed settlement [that] appears to be the product of serious,

22   informed, non-collusive negotiations" should be given effect); *Hicks v. Morgan Stanley & Co.*,

23   2005 WL 2757792, at *5 (S.D.N.Y. Oct. 24, 2005) ("A breakdown in settlement negotiations can

24   tend to display the negotiation's arms-length and non-collusive nature.") (citation omitted).

25          The Parties and their counsel were knowledgeable about the strengths and weaknesses of

26   the case prior to reaching the agreement to settle.   Lead Counsel conducted an extensive

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                              -9-
(Case No. 2:16-cv-00216-RSL)

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   investigation prior to drafting and filing the complaint, which included contacting dozens of

2   witnesses, consulting with experts, and analyzing documents in the public domain and material

3   obtained from the FDA through a FOIA request.  Lead Plaintiff and Lead Counsel gained further

4   insight during the course of the litigation and mediation sessions, including through the receipt of

5   core internal CTI documents.  As a result, Lead Plaintiff and Lead Counsel had a solid basis for

6   understanding the strengths and weaknesses of the claims and defenses in this Action when they

7   entered into the Settlement.

8       **B.      The Substantial Benefits For The Settlement Class,
            <u>Weighed Against the Litigation Risks, Support Approval</u>**

9

10          Defendants have agreed to settle this Action for $20 million in cash. This substantial

11   recovery is a significant benefit to the Settlement Class, especially in light of CTI's deteriorating

12   financial condition, the potential provable damages at trial and the meaningful risks posed by

13   continued litigation.  Although Lead Plaintiff was prepared to continue litigating, further

14   litigation and trial are always risky propositions.  *See Dyer v. Wells Fargo Bank, N.A.*, 303

15   F.R.D. 326, 331 (N.D. Cal. 2014) ("without a settlement, Plaintiffs would risk recovering

16   nothing after a lengthy and costly litigation").

17          Lead Plaintiff and Lead Counsel acknowledge that Defendants advanced several

18   substantial arguments disputing liability and damages.  Among other things, Defendants argued

19   that the alleged false statements were non-actionable puffery and vague.  The Exchange Act

20   Defendants further argued that they did not act with scienter; they asserted that CTI and

21   Defendant James Bianco, in reality, believed their statements about the PERSIST studies and the

22   safety of pacritinib.  ECF No. 85.  As Defendants noted in their motions to dismiss, shortly after

23   Lead Plaintiff's filing of this action, the FDA removed its hold on certain clinical trials of

24   pacritinib.

25          Even if Lead Plaintiff established Defendants' liability, the Parties would dispute

26   damages.  Defendants would continue to argue that Lead Plaintiff has not adequately shown that

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -10-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

investors relied on CTI's and Bianco's alleged misrepresentations and omissions, contending that (i) the *Affiliated Ute* and efficient-market reliance presumptions do not apply; and (ii) investors could not have relied on any misrepresentations or omissions concerning CTI's Independent Data Monitoring Committee ("IDMC") prior to September 23, 2015 because no IDMC-related statements were made before that date. Defendants would also continue to argue that Lead Plaintiff could not establish loss causation because no facts purportedly show that CTI's and Bianco's alleged conduct caused investors' losses.

If successful in defeating Defendants' pending motions to dismiss, Lead Plaintiff would still need to prevail at class certification, on summary judgment, in pretrial motions, at trial, and on subsequent appeals – a process that could extend for years and not result in a collectable judgment. As described in CTI's recent SEC filings, the Company's condition has deteriorated since the filing of this Action, and its resources are limited. According to the Company's most-recent SEC filings, the Company's auditor has "substantial doubt about [CTI's] ability to continue as a going concern," as CTI has accumulated a deficit of $2.2 billion and expects to continue to incur net losses. Meanwhile, available insurance for CTI's officers and directors is a wasting asset that would be depleted through continued litigation and the ongoing SEC investigation.

Despite these risks, Lead Plaintiff achieved a recovery of $20 million in cash for the benefit of the Settlement Class. To put this recovery into context, this Settlement represents *more than five times* the median recovery of securities cases with losses at comparable levels. *See* Stefan Boettrich & Svetlana Starykh, NERA Economic Consulting, *Recent Trends in Securities Class Action Litigation: 2016 Full-Year Review* at 36 (2017). The $20 million settlement is also more than twice the amount of the median settlement in all securities class actions from 1996 through 2016, as well as twice the median amount of securities class action settlements in the Ninth Circuit between 2007 through 2016. *See* Cornerstone Research, *Securities Class Action Settlements*, 2016 Review and Analysis at 22, 23 (2017)

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -11-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

Lead Plaintiff and Lead Counsel respectfully submit that the Settlement balances the benefits, costs and risks of continued litigation, and the $20 million Settlement represents a very favorable recovery for the Settlement Class.

### C.   Lead Plaintiff's Understanding Of The Strengths And Weaknesses Of Its Claims Supports Preliminary Approval

Lead Plaintiff's decision to enter into the Settlement was based on its thorough understanding of the strengths and weaknesses of its claims and Defendants' defenses.  This understanding was founded on, among other things,  Lead Counsel's (i) extensive factual investigation, including identifying and contacting percipient witnesses with knowledge of the facts; (ii) consultation with relevant experts, including Dr. Guarino and Mr. Steinholt; (iii) preparing the Complaint to meet the heightened pleading standards of the PSLRA; (iv) opposing Defendants' motions to dismiss; (v) preparing for and participating in two mediation sessions before Mr. Melnick; and (vi) analyzing available documents.  At the time the Settlement was reached, Lead Plaintiff and its counsel had a clear view of the strengths and weaknesses of the claims and defenses, which supports approval of the Settlement.

As a result of its thorough investigation and the efforts of Lead Counsel, Lead Plaintiff was able to achieve a prompt resolution of this Action.  This prompt resolution was in the best interests of the Settlement Class here, particularly in light of the Company's deteriorating financial condition and the limited insurance available, which continued to be depleted as CTI incurred legal fees and expenses.  Courts in this Circuit have recognized that the prompt resolution of a matter is in the best interest of the class, particularly in circumstances such as this one.  *See Brown v. China Integrated Energy Inc.*, 2015 WL 12712081, at *6 (C.D. Cal. Aug. 19, 2015) (approving settlement where the risks and costs of continued litigation would be significant and Defendant's "limited and wasting insurance policy represent[ed] the only real assets available to pay any recovery"); *Grannan v. Alliant Law Grp., P.C.*, 2012 WL 216522, at *6 (N.D. Cal. Jan. 24, 2012) (approving settlement where "further litigation . . . . would be time

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

-12-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

consuming, complex, and expensive" and "threatens to deplete plaintiffs' only source of recovery funds, [Defendant's] insurance policy, and risks leaving plaintiffs with less to recover, or nothing at all"); *Glass v. UBS Fin. Servs., Inc.*, 2007 WL 221862, at *15 (N.D. Cal. Jan. 26, 2007) ("Class counsel achieved an excellent result for the class members by settling the instant action promptly."), *aff'd*, 331 Fed. Appx. 452, 457 (9th Cir. 2009); *Horn v. Bank of Am., N.A.*, 2014 WL 1455917, at *4 (S.D. Cal. Apr. 14, 2014) (approving settlement reached while motion to dismiss was pending and before discovery commenced).

*   *   *

In sum, Lead Plaintiff respectfully submits that the Settlement is fair, reasonable, and adequate, especially since Lead Plaintiff still faced significant hurdles in the prosecution of this Action.  The Settlement's $20 million cash recovery is well within the range of reasonableness, compares very favorably against other securities class action settlements, and achieves the certainty of a substantial recovery for the Settlement Class.  Thus, preliminary approval is warranted.

## IV.   CERTIFICATION OF THE SETTLEMENT CLASS FOR PURPOSES OF THE SETTLEMENT IS APPROPRIATE

"Parties may settle a class action before class certification and stipulate that a defined class be conditionally certified for settlement purposes."  *In re Wireless Facilities, Inc. Sec. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008).  Under the terms of the Stipulation, Defendants agreed, for the sole purpose of settlement and without adjudication of the merits, to certification of the Settlement Class.

A settlement class, like other certified classes, must satisfy all of the requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation, and one of the three requirements of Rule 23(b).  *In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 587-88 (N.D. Cal. 2009).  Each of these requirements is satisfied here.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -13-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

A.      **The Requirements Of Rule 23(a) Are Met**

1.      **Numerosity Is Established**

The "numerosity" requirement of Rule 23(a)(1) considers whether the number and location of putative class members is such that it is impracticable to join all of the Settlement Class Members in one lawsuit.   Fed. R. Civ. P. 23(a)(2).   "Impracticable does not mean impossible, only that it would be difficult or inconvenient to join all members of the class."   *See Juniper*, 264 F.R.D. at 588 (citation omitted).   "In cases involving securities traded on national stock exchanges, numerosity is practically a given."   *In re VeriSign Inc., Sec. Litig.*, 2005 WL 7877645, at *4 (N.D. Cal. Jan. 13, 2005) (quoting ALBA CONTE & HERBERT NEWBERG, NEWBERG ON CLASS ACTIONS § 22:16 (4th ed. 2002)).

Here, the numerosity requirement is readily satisfied.   CTI's common stock traded continuously on the NASDAQ stock exchange under the ticker symbol "CTIC."   As of October 31, 2016, there were over 280 million shares of CTI common stock outstanding.   Joinder of the thousands of geographically dispersed members of the Settlement Class would be difficult, if not impossible.   Accordingly, the members of the Settlement Class are so numerous that their joinder would be impracticable.   *See In re THQ Sec. Litig.*, 2002 WL 1832145, at *3 (C.D. Cal. Mar. 22, 2002) ("given the number of shares of [the company] traded during the Class Period . . . common sense dictates that the proposed class is surely sufficiently large to make joinder impracticable").

2.      **Commonality Is Established**

Rule 23(a)(2) provides that a suit may be maintained as a class action if "there are questions of law or fact common to the class."   Fed. R. Civ. P. 23(a)(2).   All questions of fact and law need not be common to satisfy the rule.   Rather, "[t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *see also THQ*, 2002 WL 1832145, at *3 (noting that "courts have found that a single issue common to the proposed class satisfies Rule 23(a)(2)").   Courts routinely recognize that

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                          -14-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   securities fraud actions alleging a common course of conduct based on a "fraud on the market"

2   satisfy commonality.[8]

3          Here, there are numerous questions of law and fact common to the Settlement Class.

4   These questions include: (1) whether Defendants violated the federal securities laws; (2) whether

5   Defendants made false statements and/or omissions of material facts; (3) whether Defendants

6   knew or deliberately disregarded that their statements were allegedly false and misleading; (4)

7   whether the price of CTI Securities was artificially inflated; and (5) whether Defendants' false

8   statements and omissions caused Settlement Class Members to suffer economic losses.

9   Accordingly, the commonality requirement is met.

10                    **3.**   **Typicality Is Established**

11         Rule 23(a)(3) requires that the proposed representatives' claims are "typical" of the

12  claims of the class.  "[T]ypical claims need only be 'reasonably co-extensive with those of absent

13  class members; they need not be substantially identical.'"  *Crossen v. CV Therapeutics*, 2005

14  WL 1910928, at *4 (N.D. Cal. Aug. 10, 2005) (citation omitted).  Plaintiffs' claims are "typical"

15  of other settlement class members' claims if they arise out of the same alleged conduct.  *See*

16  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

17         Plaintiffs' claims in this case are typical because, like other members of the Settlement

18  Class, they purchased CTI Securities at artificially inflated prices due to the alleged

19  misstatements and omissions regarding pacritinib, and were damaged when the truth emerged.

20  The claims of all members of the Settlement Class, including Plaintiffs, relate to the veracity of

21  Defendants' public statements and rely on the same facts and legal theories to establish liability.

22  Accordingly, the typicality requirement is met.  *See Hatamian v. Advanced Micro Devices, Inc.*,

23
24  [8] *See, e.g., In re Bridgepoint Educ., Inc. Sec. Litig.*, 2015 WL 224631, at *6 (S.D. Cal. Jan. 15, 2015); *Nguyen v. Radient Pharms. Corp.*, 287 F.R.D. 563, 574-75 (C.D. Cal. 2012).  Of note,
25  varying damages between investors – that arise as a result of buying and selling at different times during the Settlement Class Period – do not defeat commonality.  *See, e.g., Radient*, 287 F.R.D.
26  at 569.  Indeed, in this Settlement such variations are addressed by the Plan of Allocation for disseminating the Net Settlement Fund.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -15-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    2016 WL 1042502, at *5 (N.D. Cal. Mar. 16, 2016) ("typicality is met here because Plaintiffs,

2    like [other] class members, were all similarly injured by Defendants' public misrepresentations

3    and omissions").

4                  4.    **Adequacy Is Established**

5           The "adequacy" requirement of Rule 23(a)(4) is satisfied when "the representative parties

6    will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).   A

7    representative is adequate where (a) there is no conflict of interest between the representative and

8    its counsel and absent class members, and (b) the representative and its counsel will prosecute

9    the action vigorously on behalf of the class.  *Hanlon*, 150 F.3d at 1020 (citation omitted).

10          Here, Plaintiffs' interests are co-extensive with the Settlement Class Members – no

11   conflict exists.  Just like the other members of the Settlement Class, Plaintiffs sustained losses as

12   a result of the alleged material misrepresentations and omissions.   Accordingly, Plaintiffs'

13   interests are directly aligned with the interests of other Settlement Class Members, who were

14   injured by the same allegedly false and misleading statements.

15          As further evidence of its adequacy, Lead Plaintiff retained experienced counsel, received

16   regular litigation updates, and actively participated throughout the case.   Lead Counsel is

17   experienced, capable of vigorously prosecuting this Action, and satisfies the requirements of

18   Rule 23(g).  By the time the Settlement was reached, Lead Counsel was informed of the

19   strengths and weaknesses of the claims and was able to use this knowledge to engage in a

20   rigorous negotiation process.  Lead Counsel's skill and experience enabled it to develop a

21   compelling record and convince Defendants and their insurers to settle on terms favorable to the

22   Settlement Class.  Thus, the adequacy requirement is also satisfied.

23          **B.    The Requirements Of Rule 23(b)(3) Are Met**

24          A party seeking class certification must also satisfy one of the three subparts of Rule

25   23(b).  Pursuant to Rule 23(b)(3), the Court must consider: (i) whether questions of law or fact

26   common to class members predominate over questions affecting only individual members; and

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -16-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1   (ii) whether a class action is superior to other available methods for the fair and efficient

2   adjudication of the controversy.

3                   **1.**       <u>Common Questions Predominate</u>

4           The predominance inquiry of Rule 23(b)(3) asks whether "questions of law or fact

5   common to class members predominate over any questions affecting only individual members."

6   Fed. R. Civ. P. 23(b)(3).   In determining whether this standard is met, courts in this Circuit

7   emphasize that common questions of law and fact predominate where, as in this case, the

8   Complaint alleges a "common course of conduct" that affects all Settlement Class Members in

9   the same manner.  *See Blackie v. Barrack,* 524 F.2d 891, 902-03 (9th Cir. 1975).   Moreover,

10  "[t]hat the defendant might attempt to pick off the occasional class member here or there through

11  individualized rebuttal does not cause individual questions to predominate."  *Halliburton Co. v.*

12  *Erica P. John Fund, Inc*., 134 S. Ct. 2398, 2412 (2014).

13          As discussed above, there are numerous questions of law and fact common to the claims

14  of the Settlement Class.   *See infra* at Part IV.A.2.  Meanwhile, there are no significant – let alone

15  predominant – individual questions.  If Plaintiffs and each Settlement Class Member were to

16  bring individual actions, they would each be required to prove the same wrongdoing by

17  Defendants in order to establish liability.

18                  **2.**       <u>A Class Action Is A Superior</u>

19                        <u>Method Of Adjudicating Plaintiffs' Claims</u>

20          Courts have long recognized that the class action device is properly used in securities

21  actions, and, in fact, the only feasible method to fairly and efficiently adjudicate claims involving

22  a large number of purchasers of publicly-traded securities.  *See Juniper,* 264 F.R.D. at 592

23  ("Where thousands of identical complaints would have to be filed, it is superior to concentrate

24  claims through a class action in a single forum"); *see also Blackie*, 524 F.2d at 901 n.18 (Rule

25  23(b)(3) is also satisfied because a class resolution is "superior to other available methods for the

26  fair and efficient adjudication of the controversy.").

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

-17-

BRESKIN | JOHNSON | TOWNSEND <sup>PLLC</sup>
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Here, certification of the Settlement Class is the superior method for resolving the claims

2    of Plaintiffs and the Settlement Class.  Certification of the class for settlement purposes will

3    allow the Settlement to be administered in an organized and efficient manner, and prevent

4    duplicative and individual litigation.

5                                        *        *        *

6    In light of the foregoing, all of the requirements of Rule 23 are satisfied, and thus,

7    certification of the Settlement Class for purposes of the Settlement is appropriate.

8    **V.      NOTICE TO THE SETTLEMENT CLASS IS WARRANTED**

9    Upon preliminary approval of the proposed Settlement, notice must be given to class

10   members describing the terms of the settlement in sufficient detail.  *See* Fed. R. Civ. P.

11   23(c)(2)(B).  "Notice is satisfactory if it 'generally describes the terms of the settlement in

12   sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be

13   heard.'"  *Rodriguez*, 563 F.3d at 962 (citations omitted).  In addition, pursuant to the PSLRA,

14   "every settlement notice must include a statement explaining a plaintiff's recovery[.]"  *Wireless*,

15   253 F.R.D. at 636 (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 969 (9th Cir.

16   2007)).   The manner of providing notice must be the best notice practicable under the

17   circumstances, including individual notice by mail to all class members who can be reasonably

18   identified.  *See* Fed. R. Civ. P. 23(c)(2)(B).

19   Here, Lead Plaintiff's proposed form and manner of providing notice to the Settlement

20   Class satisfy the requirements of due process, Rule 23, and the PSLRA, 15 U.S.C. § 78u-4(a)(7).

21   As outlined in the agreed-upon proposed Preliminary Approval Order, Lead Counsel will cause

22   the Claims Administrator to notify Settlement Class Members of the Settlement by mailing the

23   Notice and Claim Form to all Settlement Class Members who can be identified with reasonable

24   effort.  The Notice will advise Settlement Class Members of: (i) the pendency of the class action;

25   (ii) the essential terms of the Settlement; and (iii) information regarding Lead Counsel's motion

26   for attorneys' fees and reimbursement of Litigation Expenses.  The Notice will also provide

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                        -18-
(Case No. 2:16-cv-00216-RSL)

**BRESKIN** | **JOHNSON** | **TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

specifics on the date, time and place of the Settlement Hearing and set forth the procedures, as well as deadlines, for opting out of the Settlement Class, for objecting to the Settlement, the proposed Plan of Allocation and/or the motion for attorneys' fees and reimbursement of Litigation Expenses, and for submitting a Claim Form.  The proposed Preliminary Approval Order also requires Lead Counsel to cause the Summary Notice to be published once in *Investor's Business Daily* and to be transmitted over the *PR Newswire*.  Lead Counsel will also cause a copy of the Notice and Claim Form to be readily available on the Settlement website created specifically for this Settlement.

Courts routinely find that comparable notice procedures to those outlined in the agreed-upon proposed Preliminary Approval Order meet the requirements of due process, Rule 23, and the PSLRA.  *See, e.g.*, *In re Dendreon Corp. Class Action Litig.*, No. C11-01291-JLR, ECF No. 90 (W.D. Wash. Apr. 24, 2013); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1170 (S.D. Cal. 2007).

## VI.   PROPOSED SCHEDULE OF SETTLEMENT EVENTS

Lead Plaintiff respectfully submits the following procedural schedule for the Court's review and approval, which summarizes the deadlines in the proposed Preliminary Approval Order.  Under the proposed Preliminary Approval Order, the deadlines for settlement events are based on the date the Court enters the Preliminary Approval Order and the date selected for the final approval hearing, which should be at least 100 days after entry of the Order (*see* Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), (d)), or at the Court's earliest convenience thereafter.  The dates set forth in the right-hand column below are the potential dates that would apply in the event that preliminary approval is granted on September 6, 2017 and the Settlement Hearing is scheduled for December 15, 2017.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

-19-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

| Event | Proposed Deadline | Potential Date |
|---|---|---|
| Deadline for mailing the Notice and Claim Form to potential Settlement Class Members, which date shall be the "Notice Date" (*See* Preliminary Approval Order ¶ 7(b)) | Not later than 12 business days after entry of Preliminary Approval Order | Sept. 22, 2017 |
| Deadline for publishing the Summary Notice (*See* Preliminary Approval Order ¶ 7(d)) | Not later than 10 business days after the Notice Date | Oct. 6, 2017 |
| Deadline for filing of papers in support of final approval of the Settlement, Plan of Allocation, and Lead Counsel's application for attorneys' fees and expenses (*See* Preliminary Approval Order ¶ 26) | 35 calendar days prior to the Settlement Hearing | Nov. 10, 2017 |
| Deadline for receipt of exclusion requests or Objections  (*See* Preliminary Approval Order ¶¶ 13, 17) | 21 calendar days prior to the Settlement Hearing | Nov. 22, 2017 |
| Deadline for submission of reply papers in support of final approval and attorneys' fees and expenses (*See* Preliminary Approval Order ¶ 26) | 7 calendar days prior to the Settlement Hearing | Dec. 8, 2017 |
| Settlement Hearing (*See* Preliminary Approval Order ¶ 5) | At least 100 days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter | Dec. 15, 2017 |
| Deadline for Submitting Claim Forms (*See* Preliminary Approval Order ¶ 10) | 100 calendar days after the Notice Date | Jan. 2, 2018 |

## VII.  CONCLUSION

For the foregoing reasons, Lead Plaintiff respectfully requests that the Court enter the Parties' agreed-upon form of proposed Preliminary Approval Order, attached hereto as Exhibit 1, which would preliminarily approve the proposed Settlement; certify the Settlement Class for purposes of the Settlement; approve the form, content and manner of providing notice to Settlement Class Members; and schedule a hearing and related deadlines for final approval of the Settlement, approval of the proposed Plan of Allocation, and consideration of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT                    -20-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

| | |
|---|---|
| 1 | Dated: September 1, 2017 |

Respectfully submitted,

By: */s/ Roger M. Townsend*

Roger M. Townsend, WSBA #25525
BRESKIN JOHNSON & TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, WA 98104
Tel: (206) 652-8660
Fax: (206) 652-8290
rtownsend@bjtlegal.com

*Local Counsel for Lead Plaintiff and the Settlement Class*

By: */s/ David R. Stickney*
David R. Stickney (*pro hac vice*)
By: */s/ Jonathan D. Uslaner*
Jonathan D. Uslaner (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
davids@blbglaw.com
jonathanu@blbglaw.com

*Counsel for Lead Plaintiff DAFNA and Additional Plaintiff Michael Li and Lead Counsel for the Settlement Class*

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

-21-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Roger M. Townsend*
ROGER M. TOWNSEND

STIPULATED MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
(Case No. 2:16-cv-00216-RSL)

-22-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660