The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CTI BIOPHARMA CORP. SECURITIES LITIGATION | Case No. 2:16-cv-00216-RSL<br><br>Hon. Robert S. Lasnik<br><br>**CLASS ACTION** |

**ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated class action is pending in this Court entitled *In re CTI BioPharma Corp. Securities Litigation*, Case No. 2:16-cv-00216-RSL (the "Action");

WHEREAS, (a) DAFNA LifeScience, LP and DAFNA LifeScience Select, LP ("DAFNA" or "Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); (b) defendant CTI BioPharma Corp. ("CTI" or the "Company"); (c) defendants James A. Bianco, Louis A. Bianco, Jack W. Singer, Frederick W. Telling, Reed V. Tuckson, Phillip M. Nudelman, John H. Bauer, Karen Ignagni, Richard L. Love, and Mary O. Mundinger (collectively, the "Individual Defendants" and, together with CTI, the "CTI Defendants"); and (d) defendants Piper Jaffray & Co., Landenburg Thalmann & Co. Inc., Roth Capital Partners, LLC, and National Securities Corporation (collectively, the "Underwriter Defendants," and, together with the CTI Defendants, the "Defendants"), collectively, the "Parties," have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 1, 2017 (the "Stipulation") subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **<u>Class Certification for Settlement Purposes</u>** – Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating

PRELIMINARY APPROVAL ORDER
(Case No. 2:16-cv-00216-RSL)

-1-

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1. the proposed Settlement, a Settlement Class consisting of all persons and entities who purchased or otherwise acquired CTI Securities during the period from March 9, 2015 through February 9, 2016, inclusive (the "Class Period"), and were damaged thereby.[1] Excluded from the Settlement Class are (a) Defendants; (b) the Officers and directors of CTI during the Class Period (the "Excluded Officers and Directors"); (c) the Immediate Family Members of the Individual Defendants and Excluded Officers and Directors; (d) any entity in which any Defendant, any Excluded Officer or Director, or any of their respective Immediate Family Members had during the Class Period and/or has a controlling interest; (e) Defendants' liability insurance carriers; (f) any affiliates, parents, or subsidiaries of CTI; (g) all CTI plans that are covered by ERISA; and (h) the legal representatives, heirs, agents, affiliates, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – Solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court hereby finds and concludes that pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff DAFNA

---

[1] "CTI Securities" means (i) CTI common stock; (ii) CTI Series N-1 Preferred Stock; and/or (iii) CTI Series N-2 Preferred Stock, but does not include any securities that traded on an exchange outside the United States.

and additional named plaintiff Michael Li (collectively, "Plaintiffs") are adequate class representatives and certifies them as Class Representatives for the Settlement Class. The Court also appoints Lead Counsel as Class Counsel for the Settlement Class, pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on **February 1, 2018, at 8:30 a.m.** in Courtroom 15106 of the United States Courthouse, 700 Stewart Street, Seattle, WA 98101, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Garden City Group, LLC (the "Claims Administrator") to

1  supervise and administer the notice procedure in connection with the proposed Settlement as
2  well as the processing of Claims as more fully set forth below. Notice of the Settlement and the
3  Settlement Hearing shall be given by Lead Counsel as follows:

4        (a) within five (5) business days of the date of entry of this Order (at no cost
5  to the Settlement Fund, Lead Counsel or the Claims Administrator), (a) CTI shall provide or
6  cause to be provided to the Claims Administrator, in electronic format, Depository Trust
7  Company ("DTC") position reports covering dates on a monthly basis during the Class Period
8  that CTI maintains in the regular course of business or has access to; and (b) the Underwriter
9  Defendants shall provide or cause to be provided to the Claims Administrator, in electronic
10 format, lists (consisting of names and addresses) of the beneficial owners on whose behalf they
11 purchased CTI Securities during the Class Period and the persons and entities who purchased
12 CTI Series N-1 Preferred Stock and CTI Series N-2 Preferred Stock in the offerings of those
13 securities;

14       (b) not later than twelve (12) business days after the date of entry of this
15 Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the
16 Claim Form, substantially in the forms attached to the proposed order (Dkt. # 103-1 at 17-50)
17 ~~hereto as Exhibits 1 and 2, respectively,~~ **with alterations made to reflect the Court's changes**
18 **herein[2]** (the "Notice Packet"), to be mailed by first-class mail to potential Settlement Class
19 Members at the addresses set forth in the records provided by CTI and the Underwriter
20 Defendants or in the records which CTI or the Underwriter Defendants caused to be provided, or
21 who otherwise may be identified through further reasonable effort;

22       (c) contemporaneously with the mailing of the Notice Packet, the Claims
23 Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to

---

[2] In particular, the deadline for submitting a request for exclusion, objections, and/or notice of intent to appear at hearing must reflect the last mailing/delivery date rather than a "received by" date, a person requesting exclusion from the class need not provide details regarding number, price, and dates of shares owned, and that the Court retains discretion to allow late or procedurally improper objections.

1 be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e) not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended, and all other applicable law and rules. The date and time of

the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9. **<u>Nominee Procedures</u>** – Brokers and other nominees who purchased or otherwise acquired CTI Securities during the Class Period for the benefit of another person or entity shall (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names and addresses of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **<u>Participation in the Settlement</u>** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred (100) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 10 above.

13. **<u>Exclusion from the Settlement Class</u>** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall

provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered ~~such that it is received~~ no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *In re CTI BioPharma Corp. Securities Litigation*, EXCLUSIONS, c/o GCG, P.O. Box 35100, Seattle, WA 98124-1100, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re CTI BioPharma Corp. Securities Litigation*, Case No. 2:16-cv-00216"; ~~(iii) state the number of shares of each CTI Security that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale, and the number of shares of CTI common stock held as of the beginning of the Class Period;~~ and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

14. Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action and shall not receive any payment out of the Net Settlement Fund.

15. Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other related proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders and judgments in the Action, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable

to the Settlement Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

16. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 17 below, such that it is ~~received~~ mailed or delivered no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

17. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are ~~received~~ mailed or delivered no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>David R. Stickney, Esq.<br>12481 High Bluff Drive, Suite 300<br>San Diego, CA 92130 | O'Melveny & Myers LLP<br>Ross B. Galin, Esq.<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036<br><br>and<br><br>Dorsey & Whitney LLP<br>Thomas P. Swigert, Esq.<br>50 South Sixth Street, Suite 1500<br>Minneapolis, MN 55402-1498 |

18. Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of each CTI Security that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale and the number of shares of CTI common stock held as of the beginning of the Class Period. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

19. Any Settlement Class Member that does not make his, her or its objection in the manner provided herein ~~shall~~ may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses and shall be forever

barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

20. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

21. **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation without further order of the Court.

22. **Settlement Fund** – The contents of the Settlement Fund held by Signature Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

23. **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

24. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and

1  effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of August 3, 2017, as provided in the Stipulation.

25. **Use of this Order** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, arbitration, or proceeding, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration or civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration or civil, criminal, or administrative action or proceeding, other than such proceedings as may be

necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

26. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

27. **CAFA Notice** – As set forth in the Stipulation, and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendants shall timely serve CAFA notice.

28. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement

Dated this 24th day of October, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

PRELIMINARY APPROVAL ORDER -13-
(Case No. 2:16-cv-00216-RSL)

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660