The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

IN RE CTI BIOPHARMA CORP.
SECURITIES LITIGATION

Case No. 2:16-cv-00216-RSL

CLASS ACTION

**NOTE OF MOTION CALENDAR:**
November 30, 2018

## ~~[PROPOSED]~~ ORDER APPROVING DISTRIBUTION PLAN

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1    Lead Plaintiff, DAFNA LifeScience, LP and DAFNA LifeScience Select, LP

2 (collectively, "Lead Plaintiff"), on notice to Defendants' counsel, moved this Court for an order

3 approving the Distribution Plan for the Net Settlement Fund in the above-captioned class action

4 (the "Action"). Having reviewed and considered all the materials and arguments submitted in

5 support of the motion, including the Declaration of Tara Donohue in Support of Lead Plaintiff's

6 Motion for Approval of Distribution Plan (the "Donohue Declaration"):

7    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

8    1.    This Order incorporates by reference the definitions in the Stipulation and

9 Agreement of Settlement dated as of September 15, 2017 (ECF No. 106-2) (the "Stipulation") and

10 the Donohue Declaration, and all terms used in this Order shall have the same meanings as

11 defined in the Stipulation or in the Donohue Declaration.

12    2.    This Court has jurisdiction over the subject matter of the Action and over all

13 parties to the Action, including all Settlement Class Members.

14    3.    Lead Plaintiff's plan for distribution of the Net Settlement Fund to Authorized

15 Claimants is **APPROVED**.  Accordingly:

16    (a)    The administrative recommendations of the Court-approved Claims

17    Administrator, Garden City Group, LLC ("GCG"), to accept the Timely Eligible Claims

18    stated in Exhibit B-1 to the Donohue Declaration and the Late But Otherwise Eligible

19    Claims stated in Exhibit B-2 to the Donohue Declaration, are adopted;

20    (b)    The Claims Administrator's administrative recommendations to reject

21    Wholly Ineligible Claims, as stated in Exhibit B-3 to the Donohue Declaration, are

22    adopted;

23    (c)    GCG is directed to distribute 100% of the Net Settlement Fund, after

24    deducting all payments previously allowed and the payments approved by this Order, and

25    after deducting the payment of any estimated taxes, the costs of preparing appropriate tax

26    returns, and any escrow fees, as stated in paragraph 48(a) of the Donohue Declaration.  In

[PROPOSED] ORDER APPROVING
DISTRIBUTION PLAN
(Case No. 2:16-cv-00216-RSL)

2

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

accordance with the Court-approved Plan of Allocation, GCG will calculate each Authorized Claimant's *pro rata* share of the Net Settlement as stated in subparagraph 48(a)(1) of the Donohue Declaration. GCG will then eliminate from the distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00. These Claimants will not receive any payment from the Net Settlement Fund and will be so notified by GCG. After eliminating Claimants who would have received less than $10.00, GCG will calculate the *pro rata* shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more ("Distribution Amount");

(d)     In order to encourage Authorized Claimants to promptly cash their checks, all Distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [90 DAYS AFTER ISSUE DATE]." Lead Counsel and GCG are authorized to take appropriate action to locate and contact any Authorized Claimant who has not cashed his, her, or its check within said time as detailed in subparagraph 48(a)(4) footnote 9 of the Donohue Declaration;

(e)     Authorized Claimants who do not cash their Distribution checks within the time allotted or on the conditions stated in subparagraph 48(a)(4) footnote 9 of the Donohue Declaration will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants, if Lead Counsel, in consultation with GCG, determines that it is cost-effective to conduct a second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distribution check (should these distributions occur) within the time allotted or on the conditions set forth in subparagraph 48(a)(4) footnote 9 of the Donohue Declaration will irrevocably forfeit any further recovery from the Net Settlement Fund;

[PROPOSED] ORDER APPROVING
DISTRIBUTION PLAN
(Case No. 2:16-cv-00216-RSL)

3

**BRESKIN | JOHNSON | TOWNSEND** PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

(f)     After GCG has made reasonable and diligent efforts to have Authorized Claimants cash their Distribution checks (as set forth in subparagraph 48(a)(4) footnote 9 of the Donohue Declaration), but no earlier than nine (9) months after the Distribution, GCG will, if Lead Counsel, in consultation with GCG, determines that it is cost-effective to do so, conduct a second distribution (the "Second Distribution"), in which any amounts remaining in the Net Settlement Fund after the Distribution, after deducting GCG's fees and expenses incurred in connection with administering the Settlement for which it has not yet been paid (including the estimated costs of the Second Distribution) and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be distributed to all Authorized Claimants in the Distribution who (1) cashed their Distribution check; and (2) are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds.  Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur thereafter in six-month intervals until Lead Counsel, in consultation with GCG, determines that further distribution is not cost-effective;

(g)     When Lead Counsel, in consultation with GCG, determines that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, if sufficient funds remain to warrant the processing of Claims received after September 30, 2018, those Claims will be processed, and any otherwise valid Claims received after September 30, 2018, as well as any earlier-received Claims for which an adjustment was received after September 30, 2018 which resulted in an increased Recognized Claim, will be paid in accordance with subparagraph (h) below.  If any funds remain in the Net Settlement Fund after payment of any of these late or late-adjusted Claims, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated

[PROPOSED] ORDER APPROVING
DISTRIBUTION PLAN
(Case No. 2:16-cv-00216-RSL)

4

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1    taxes, the costs of preparing appropriate tax returns, and any escrow fees, will be

2    contributed to non-sectarian, not-for-profit 501(c)(3) organization(s), to be designated by

3    Lead Counsel and approved by the Court;

4          (h)    No new Claims may be accepted after September 30, 2018, and no further

5    adjustments to Claims received on or before September 30, 2018 that would result in an

6    increased Recognized Claim amount may be made for any reason after September 30,

7    2018, subject to the following exception.  If Claims are received or modified after

8    September 30, 2018 that would have been eligible for payment or additional payment

9    under the Plan of Allocation if timely received, then, at the time that Lead Counsel, in

10    consultation with GCG, determines that a distribution is not cost-effective as provided in

11    subparagraph (g) above, after payment of any unpaid fees or expenses incurred in

12    connection with administering the Net Settlement Fund and after deducting the payment

13    of any estimated taxes, the costs of preparing appropriate tax returns, and any escrow

14    fees, these Claimants, at the discretion of Lead Counsel, may be paid their distribution

15    amounts or additional distribution amounts on a *pro rata* basis that would bring them into

16    parity with other Authorized Claimants who have cashed all their prior distribution

17    checks to the extent possible;

18          (i)    All persons involved in the review, verification, calculation, tabulation, or

19    any other aspect of the processing of the Claims submitted, or who are otherwise

20    involved in the administration or taxation of the Settlement Fund or the Net Settlement

21    Fund, are hereby released and discharged from any and all claims arising out of that

22    involvement, and all Settlement Class Members and other Claimants, whether or not they

23    receive payment from the Net Settlement Fund, are hereby barred from making any

24    further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims

25    Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead

26    Counsel in connection with the administration or taxation of the Settlement Fund or the

[PROPOSED] ORDER APPROVING
DISTRIBUTION PLAN
(Case No. 2:16-cv-00216-RSL)

5

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1  Net Settlement Fund, or any other person released under the Settlement beyond the
2  amounts allocated to Authorized Claimants;

3          (j)    All of GCG's fees and expenses incurred in connection with the
4  administration of the Settlement and estimated to be incurred in connection with the
5  Distribution of the Net Settlement Fund as stated in the invoices, attached as Exhibit C to
6  the Donohue Declaration, are approved, and Lead Counsel is directed to pay the
7  outstanding balance of $103,880.21 to GCG from the Settlement Fund;

8          (k)    Unless otherwise ordered by the Court, one year after the Second
9  Distribution if that occurs or, if there is no Second Distribution, two years after the
10  Distribution, GCG may destroy the paper copies of the Claims and all supporting
11  documentation, and one year after all funds in the Net Settlement Fund have been
12  distributed, GCG may destroy electronic copies of the same.

13      4.    This Court retains jurisdiction to consider any further applications concerning the
14  administration of the Settlement, and any other and further relief that this Court deems
15  appropriate.

16  SO ORDERED:

17  Dated: _Dcember 11_____, 2018

18                                            _____
19                                The Honorable Robert S. Lasnik
                               United States District Judge

[PROPOSED] ORDER APPROVING
DISTRIBUTION PLAN
(Case No. 2:16-cv-00216-RSL)

6

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

1  Presented by:

2  Roger M. Townsend, WSBA #25525
   BRESKIN JOHNSON & TOWNSEND PLLC
3  1000 Second Avenue, Suite 3670
   Seattle, WA 98104
4  Tel: (206) 652-8660
   Fax: (206) 652-8290
5  rtownsend@bjtlegal.com

6
   *Local Counsel for Lead Plaintiff and*
7  *the Settlement Class*

8
   David R. Stickney (*pro hac vice*)
9  Jonathan D. Uslaner (*pro hac vice*)
   BERNSTEIN LITOWITZ BERGER
10     & GROSSMANN LLP
11 12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
12 Tel:    (858) 793-0070
13 Fax:    (858) 793-0323
   davids@blbglaw.com
14 jonathanu@blbglaw.com

15 *Counsel for Lead Plaintiff DAFNA and*
16 *Additional Plaintiff Michael Li and*
   *Lead Counsel for the Settlement Class*
17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER APPROVING          7          **BRESKIN | JOHNSON | TOWNSEND** PLLC
DISTRIBUTION PLAN                              1000 Second Avenue, Suite 3670
(Case No. 2:16-cv-00216-RSL)                   Seattle, Washington 98104  Tel: 206-652-8660